No. 25-4348

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

VISUAL SUPPLY COMPANY.,
*Plaintiff-Appellee,*

v.

ADAM KHIMJI AND DOES 1 THROUGH 20,
*Defendants-Appellants.*

**On Appeal from the United States District Court
for the Northern District of California**
No. 3:24-cv-09361-WHO
The Honorable William H. Orrick, Judge

## EMERGENCY MOTION UNDER CIRCUIT RULE 27-3
## FOR A STAY PENDING APPEAL AND FOR AN INTERIM
## ADMINISTRATIVE STAY

### RELIEF REQUESTED BY July 23, 2025

SIMON LIN
Evolink Law Group
237-4388 Still Creek Drive,
Burnaby, B.C. V5C 6C6
T: 604-620-2666
F: 778-805-9830
E: simonlin@evolinklaw.com

*Attorney for Defendant-Appellant
Adam Khimji*

July 16, 2025

# Table of Contents

**TABLE OF AUTHORITIES** ................................................................. **I**

**INTRODUCTION** ............................................................................. **1**

**BACKGROUND** ............................................................................... **2**

   **A.**  The Relevant Procedural History before the District Court ............ 2

**ARGUMENT** ................................................................................... **4**

   **A.**  Automatic Stay for Appeals under 9 U.S.C. § 16(a)(1) ............................ 4
   **B.**  Appellant Could Invoke Equitable Estoppel, if Necessary ................... 8
   **C.**  Arbitrability of the Dispute was Exclusively for the Arbitrator to Decide ........................................................................................ 9
   **D.**  The Arbitration Agreement Covers All Claims in Underlying Case 11

**CONCLUSION** .............................................................................. **14**

**CERTIFICATE OF COMPLIANCE** ............................................. **15**

i

# Table of Authorities

## <u>CASES</u>

*Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249 (11th Cir. 2004) ...................6, 7

*Bradford-Scott Data Corp. v. Physician Computer Network, Inc.,* 128 F.3d 504 (7th Cir. 1997)............................................................................................6

*Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023)......................................................passim

*Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207 (3rd Cir. 2007)................................6

*Garate v. Lincare Inc.*, Case No. 3:24-cv-0768-CAB-MSB (S.D. Cal. Nov. 14, 2024) ...........................................................................................................................4

*GE Energy Power Conversion France SAS v. Outokumpu Stainless USA, LLC*, 590 U.S. 432 (2020) ..................................................................................................8

*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 ...................................................................................................... 1, 5, 6

*Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524 (2019). ................. 10

*Holley-Gallegly v. TA Operating, LLC*, 74 F.4th 997 (9th Cir. 2023) ....................... 10

*Levin v. Alms & Assocs., Inc.*, 634 F.3d 264 (4th Cir. 2011) ...................................6, 7

*McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158 (10th Cir. 2005)...........6

*Morrison v. Yippee Entm't*, Case No. 24-cv-0797-MMA-KSC (S.D. Cal Nov. 27, 2024).........................................................................................................................4

*O'Dell v. Aya Healthcare, Inc.*, Case No: 22cv1151-CAB-MMP (S.D. Cal. Mar. 6, 2025).........................................................................................................................4

*People v. Express Scripts, Inc.* (9th Cir. 2025) 139 F.4th 763 .....................................6

*Setty v. Shrinivas Sugandhalaya LLP*, 3 F.4th 1166 (9th Cir. 2021)............................9

## <u>STATUTES</u>

Federal Arbitration Act........................................................................................passim

ii

**<u>RULES</u>**

Federal Rules of Civil Procedure, Rule 12 ................................................. 5, 6

**Ninth Circuit Rule 27-3** ........................................................................... 4

1

## EMERGENCY MOTION UNDER NINTH CIRCUIT RULE 27-3 FOR A STAY PENDING APPEAL AND AN ADMINISTRATIVE STAY

## INTRODUCTION

The District Court refused to apply the clear Supreme Court guidance in *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023) that an interlocutory appeal under 9 U.S.C. § 16(a) *automatically* stays the District Court proceedings pursuant to the *Griggs* principle that an appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225. This appeal is precisely an interlocutory appeal on arbitrability under 9 U.S.C. § 16(a) and other District Courts have consistently respected the Supreme Court guidance.

In this instance, the District Court acted beyond its jurisdiction to proceed with the proceedings below unless the Appellant first seeks a stay in this Court. The situation before this Court is a straightforward application or confirmation of the established rule in *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023) that the stay is automatic when an interlocutory appeal on arbitrability is ongoing.

If this Court is unable to rule on this motion before July 23, 2025, the Appellant respectfully requests that the Court enter an administrative stay of the proceedings before the District Court until the motion is resolved. If the Court denies the motion, the Appellant requests a 14-day administrative stay from the date of the denial to allow time to consider whether to seek further relief from either level of court.

2

## BACKGROUND

### A.   The Relevant Procedural History before the District Court

On December 23, 2024, the Plaintiff-Appellee filed the underlying Complaint in the District Court raising a battery of claims against the Defendant-Appellant and various John Does including: (a) federal trademark infringement; (b) federal unfair competition; (c) federal trademark dilution; (d) California statutory unfair competition; (e) trespass to chattels; and (f) breach of contract. On January 8, 2025, the Appellant promptly cooperated by executing a waiver of service.

On March 31, 2025, within the deadline for filing an Answer, the Appellant filed the underlying motion to dismiss and/or stay in favor of arbitration pursuant to 9 U.S.C. § 3. All objections under Fed.R.Civ.P. 12 were combined in a single motion along with the motion to stay in favor of arbitration, as a motion for a stay under 9 U.S.C. § 3 does not appear to be one of the specifically enumerated motions under Fed.R.Civ.P. 12(b) that would allow defer filing of an Answer.

On July 10, 2025, the District Court denied the aforementioned motion to dismiss and/or stay in favor of arbitration pursuant to 9 U.S.C. § 3.

On July 14, 2025, merely two business days after the District Court's ruling, the Appellant promptly filed the Notice of Appeal and, pursuant to FRAP 3(c)(6) specifically noted on the Notice of Appeal that the appeal was made pursuant to 9 U.S.C. § 16(a)(1) in respect of the denial of a stay in favor of arbitration.

3

On July 15, 2025, the parties appeared before the District Court for a case management conference that was already scheduled prior to the July 10, 2025 ruling that denied the motion to stay in favor of arbitration pursuant to 9 U.S.C. § 3. The Appellant specifically brought to the District Court's attention the Supreme Court guidance in *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023).

On July 16, 2025, the District Court issued a Minute of Proceedings denying that *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023) gives rise to an automatic stay whenever an interlocutory appeal on arbitrability is ongoing. The District Court appears to have treated the a stay as a discretionary measure rather than automatic. The District Court indicated that it would be for the Ninth Circuit to order a stay.

July 24, 2025 is Appellant's deadline for filing Answer under Fed.R.Civ.P. 12(a)(4). The District Court's refusal to issue an automatic stay places the Appellant between a rock and a hard place. If the Appellant does not file an Answer, Appellee will likely entry of default against him. But if Appellant does file an Answer, that would be inconsistent with the position advanced in this appeal. Most importantly, if an Answer is filed, the District Court could find that by filing an Answer the Appellant has conceded that the case should not be stayed or that he waived any arbitration requirement. In the event Appellant is forced to litigate the merits of the case in the District Court and concurrently appeal the arbitrability in this Court, many benefits of arbitration will be irretrievably lost.

4

## ARGUMENT

### A.    Automatic Stay for Appeals under 9 U.S.C. § 16(a)(1)

9 U.S.C. § 16(a)(1) specifically authorizes an interlocutory appeal of an order refusing a stay of any action under Section 3 of that title (the Federal Arbitration Act). It cannot be seriously contested that, on July 10, 2025, the District Court made an order refusing to stay a civil action under section 3. The July 10, 2025 order was immediately appealable under section 16(a)(1)(A) and an *automatic* stay pending resolution of the appeal on arbitrability, in accordance with the guidance in *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023) [**Coinbase**].  The Appellant promptly filed an appeal, well within the deadline for doing so.

At the CMC on July 15, 2025, in addition to *Coinbase*, the Appellant had indicated to the District Court that other courts have consistently held that *Coinbase* requires an automatic stay. See for example:[1] *Garate v. Lincare Inc.*, Case No. 3:24-cv-0768-CAB-MSB (S.D. Cal. Nov. 14, 2024) in Order entitled "Order RE: Automatic Stay"; *Morrison v. Yippee Entm't*, Case No. 24-cv-0797-MMA-KSC (S.D. Cal Nov. 27, 2024); and *O'Dell v. Aya Healthcare, Inc.*, Case No: 22cv1151-CAB-MMP (S.D. Cal. Mar. 6, 2025) in Order entitled "Automatic Stay Order" and the subsequent Order on reconsideration on March 11, 2025 confirming that the automatic stay applies to the entire case although some of the claims may not be subject to arbitration. *The* Appellant had proposed submitting

---

[1] These Orders were not available on WestLaw.

5

copies of those rulings for the District Court to consider, but was refused.

The Federal Arbitration Act allows for the immediate appeal of an order denying a motion for stay in favor or arbitration. See 9 U.S.C. § 16(a). Notably, the Supreme Court recently held that "[a]n appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'" *Coinbase* at 740 [citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).] This ruling, sometimes referred to as the *Griggs* principle in arbitration, confirmed what a majority of the federal circuits previously held, namely that an appeal under section 16(a) of the Federal Arbitration Act of an order denying a motion to compel arbitration *automatically* divests the trial court of jurisdiction.  Notable, this Court recently held that:

> In *Coinbase*, the Supreme Court held that a district court is "require[d]" to enter an "automatic stay" pending appeal when a party exercises its statutory right under 9 U.S.C. § 16(a) ("The Federal Arbitration Act" or "FAA") to an interlocutory appeal of the denial of a motion to compel arbitration. 599 U.S. at 742-44. In so ruling, the Court relied on *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56 (1982), which held that an "appeal, including an interlocutory appeal, `divests the district court of its control over those aspects of the case involved in the appeal.'" *Id.* at 740 (quoting *Griggs,* 459 U.S. at 58).[4] Because the question on appeal in the FAA context "is whether the case belongs in arbitration or instead in the district court, the entire case is essentially

6

`involved in the appeal.'" *Id.* at 741 (quoting *Griggs,* 459 U.S. at 58). Accordingly, a stay of lower court proceedings pending appeal is required when a district court denies a motion to compel arbitration. *People v. Express Scripts, Inc.* (9th Cir. 2025) 139 F.4th 763, 767 [emphasis added]

Even prior to *Coinbase*, other appellate courts have similarly held that an appeal under section 16(a) requires an *automatic* stay: *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n.6 (3rd Cir. 2007)  (section 16(a) appeal automatically deprives the trial court of jurisdiction until the appeal is fully litigated or determined to be frivolous or forfeited); *McCauley v. Halliburton Energy  Servs., Inc.*, 413 F.3d 1158, 1162-63 (10th Cir. 2005) (automatic divestiture of trial court  jurisdiction); *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1253 (11th Cir. 2004) (noting FAA allows for immediate appeal of order denying stay in favor of arbitration and finding automatic divestiture of trial court jurisdiction);  *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.,* 128 F.3d 504, 505 (7th Cir. 1997) (endorsing automatic divestiture rule); *Levin v. Alms & Assocs., Inc.*, 634 F.3d 264-65 (4th Cir. 2011) (district court is automatically divested of jurisdiction to continue litigation while the aggrieved party appeals the denial of the stay for arbitration).

The *Griggs* principle resolves this motion without any doubt. "Because the question on appeal is whether the case belongs in arbitration or instead in the district court, the entire case is essentially 'involved in the appeal.'" *Coinbase*, 599

7

U.S. 736, 741 [Citing *Griggs*, 459 U.S. at 58.] This Court should confirm that *Coinbase* requires the District Court to automatically stay proceedings pending resolution of the appeal. The Supreme Court's guidance of an automatic stay makes perfect sense as a stay will further the interests of judicial economy, avoid potentially unnecessary or duplicate proceedings, avoid the potential for contradictory rulings between the Court and the arbitrator, and allow the parties to preserve their resources and avoid potentially paying costly legal expenses in two proceedings. *Blinco v. Green Tree Servicing, LLC,* 366 F.3d 1249, 1251 (11th Cir. 2004) ("By providing a party who seeks arbitration with swift access to appellate review, Congress acknowledged that one of the principal benefits of arbitration, avoiding the high costs and time involved in judicial dispute resolution, is lost if the case proceeds in both judicial and arbitral forums."); *Levin v. Alms & Assocs., Inc.,* 634 F.3d 264-65 (4th Cir. 2011) ("allowing discovery to proceed would cut against the efficiency and cost-saving purposes of arbitration *** If we later hold that the claims were indeed subject to mandatory arbitration, the parties will not be able to un-ring any bell rung by discovery, and they will be forced to endure the consequences of litigation discovery in the arbitration process.").

The Appellant respectfully submits that the District Court exceeded its jurisdiction in ruling that there is no automatic stay and then proceeded to assess the merits of the appeal, which was not even argued at all. The Appellant will *briefly* address the points raised by District Court for the sake of completion only.

8

### B.    Appellant Could Invoke Equitable Estoppel, if Necessary

The Appellant has consistently stood by the position that he was merely a victim of identity theft and not involved in the conduct alleged in the Complaint. Assuming for the sake of argument only that the Appellant was involved in the alleged conduct, the Appellee's Complaint alleges that the Appellant agreed to the Appellee's website terms of service which included the arbitration agreement therein (Declaration of Simon Lin Exhibit A – VSCO Complaint at ¶¶ 3, 4, 22, 23, 78, and 80-86). As such, the Appellant need not even rely on equitable estoppel to invoke the arbitration agreement, and the Complaint alone firmly supports that the arbitration agreement has been triggered.

On the other hand, if the Appellant is not involved in the alleged conduct, based on the allegations there is a strong basis for invoking the doctrine of equitable estoppel. In *GE Energy Power Conversion France SAS v. Outokumpu Stainless USA, LLC*, 590 U.S. 432 (2020), the Supreme Court stated that a proposed arbitration involving foreign parties (i.e., when New York Convention applies), like here, a nonsignatory may rely on equitable estoppel to invoke the arbitration agreement that he is not a party to. "Equitable estoppel `precludes a party from claiming the benefits of a contract while simultaneously attempting to avoid the burdens that contract imposes.'" Equitable estoppel applies in cases involving "a nonsignatory seeking to compel a signatory to arbitrate its claims against [a] nonsignatory . . . the subject matter of the dispute [must be] intertwined

9

with the contract providing for arbitration." *Setty v. Shrinivas Sugandhalaya LLP*, 3 F.4th 1166, 1169 (9th Cir. 2021). The claims raised by the Appellee are clearly intertwined with the contract providing for arbitration (i.e., the Appellee's own website terms of use). The Appellee could not seriously dispute this point when their own Complaint raises a breach of contract claim based on those website terms of use <u>and</u> the forum selection clause in the website terms of use were invoked to establish personal jurisdiction (Declaration of Simon Lin Exhibit A – VSCO Complaint at ¶¶ 3, 4, 22, 23, 78, and 80-86).

The Appellant is not aware of any case involving an arbitration agreement where the party seeking arbitration must admit or prove the merits of their case upfront before the court case is stayed, and the matter referred to the arbitrator to deal with. The District Court appears to have created new law in requiring the Appellant to prove his arguments or (non)involvement in the underlying allegations before arbitration can proceed. That is putting the cart before the horse.

### C. Arbitrability of the Dispute was Exclusively for the Arbitrator to Decide

One of the primary issues on the appeal would be whether the dispute on arbitrability lies in the District Court or in the arbitrator, based on the *kompetenz-kompetenz* principle. The Appellant would be arguing on appeal that the District Court overlooked the delegation clause in the arbitration agreement:

10

**Authority of Arbitrator**. The NAM arbitrator(s) will have <u>exclusive authority</u> to: (a) <u>determine the scope and enforceability of this Arbitration Agreement</u>; and (b) <u>resolve any dispute</u> related to the <u>interpretation, applicability, enforceability,</u> or formation <u>of this Arbitration Agreement</u>. The arbitration proceeding will decide each of your and VSCO's rights and liabilities, if any. The arbitrator will have the authority to grant motions resolving any claim, to award monetary damages, and to grant any non-monetary remedy or relief available under applicable law, the arbitral forum's rules, and this Agreement, including injunctive relief. The arbitrator will issue a written award and decision describing the essential findings and conclusions underlying any award, including the calculation of any damages. The award of the arbitrator is final and binding upon both you and VSCO.

[emphasis added] (Declaration of Simon Lin Exhibit B – VSCO Terms of Use at page 46)

"When the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract. In those circumstances, a court possesses no power to decide the arbitrability issue." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019). According to the delegation clause, disputes over arbitrability must first be resolved by the arbitrator (i.e., the arbitrator decides whether the arbitration agreement is valid and its scope). See *Holley-Gallegly v. TA Operating, LLC*, 74 F.4th 997 (9th Cir. 2023). In this case,

11

the Appellee did not even raise any issues over unconscionability of the arbitration

agreement (or the delegation clause) since it is the agreement that the Appellee

drafted. It may not have been open for the District Court to rule on the issue of

arbitrability in such instance.

### D.    The Arbitration Agreement Covers All Claims in Underlying Case

Setting aside the concern that the arbitrability issue (i.e., scope and

enforceability of the arbitration agreement) is delegated to the arbitrator, there is a

serious dispute as to whether the arbitrator is deprived of jurisdiction to deal with

the Appellee's alleged intellectual property claims, as detailed further below:

> **Applicability of Arbitration Agreement.** You agree that <u>any dispute, claim,</u>
>
> <u>or request for relief relating in any way</u> to your access or use of our Services,
>
> to any products sold or distributed through our Services, or to any aspect of
>
> your relationship with us, <u>will be resolved by binding arbitration</u>, rather than
>
> in court, except that you and VSCO can seek <u>equitable relief in court for</u>
>
> infringement or other misuse of intellectual property rights (such as
>
> trademarks, trade secrets, copyrights, and patents), any illegal or intentional
>
> act affecting the accessibility, functionality, or the security of our Services, or
>
> any illegal or intentional act against your interests or VSCO's general
>
> business interests….
>
> …

12

- If a claim seeks equitable relief (including injunctive relief), the parties agree to bifurcate the proceeding and that <u>the arbitrator has the authority to rule on liability first</u>, before conducting any proceedings (including discovery) related to the appropriate relief.

…

**Authority of Arbitrator.** The NAM arbitrator(s) will have <u>exclusive authority</u> to: (a) determine the scope and enforceability of this Arbitration Agreement; and (b) resolve any dispute related to the interpretation, applicability, enforceability, or formation of this Arbitration Agreement. <u>The arbitration proceeding will decide each of your and VSCO's rights and liabilities, if any</u>. The <u>arbitrator will have the authority to grant</u> motions resolving any claim, to award monetary damages, and to grant <u>any non-monetary remedy or relief available under applicable law</u>, the arbitral forum's rules, and this Agreement, including injunctive relief.

[emphasis added] (Declaration of Simon Lin Exhibit B – VSCO Terms of Use at pages 43-46)

Firstly, the scope of the arbitration agreement is broad and provides that "any dispute, claim, or request for relief relating in any way to your access or use of our Services, to any products sold or distributed through our Services" must be arbitrated. The narrow exception therein merely states that VSCO *can* seek

13

equitable relief in court for specific types of IP claims but does not expressly deprive the arbitrator from jurisdiction to adjudicate those IP claims including equitable relief for those IP claims. In other words, there was a broad grant of jurisdiction and the exception is at best ambiguous whether the arbitrator can exercise jurisdiction to decide IP claims or not, and is an arbitrability issue that the arbitrator has *exclusive* jurisdiction to deal with first. Moreover, the "Authority of Arbitrator" section specifically provides that the arbitrator *can* grant non-monetary (i.e., equitable relief), which is further support for the Appellant's position that the arbitrator is not deprived of jurisdiction to deal with all of the claims that the Appellee has raised, including the IP claims and equitable relief thereof.

Secondly, the arbitration agreement itself expressly provides "a claim seeks equitable relief (including injunctive relief), the parties agree to bifurcate the proceeding and that the arbitrator has the authority to rule on liability first." This leaves no doubt that the arbitrator must decide and rule on liability first. As such, even assuming that equitable relief in relation to IP claims are out of the reach of the arbitrator, the District Court proceedings must still be stayed in order to allow the arbitrator to decide the issue of liability first. The District Court's approach, indirectly, rewrite the arbitration agreement.

In essence, the District Court's comments regarding the merits of the appeal and attempt to "carve out" the arbitrable issues are squarely at issue. Applying the

14

guidance in *Coinbase*, it is plain that the entire case is involved in the appeal and an automatic stay must follow. Any other approach would be a denial of the Appellant's right to arbitration and/or right to appeal the District Court's denial of the motion to stay in favor of arbitration.

## CONCLUSION

The Court should confirm that the proceedings in the District Court have been automatically stayed on July 14, 2025 pursuant to *Coinbase*. If necessary, the Court should issue an administrative stay before July 23, 2025, to preserve the status quo until the Court resolves this motion.

Dated:  July 16, 2025                    Respectfully submitted,

                                         s/ Simon Lin

                                         SIMON LIN
                                         *Attorneys for Defendant-Appellant*
                                         *Adam Khimji*

15

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing emergency motion complies with the type-volume limitation of Ninth Circuit Rules 27-1 and 32-3(2) because it consists of 3,284 words, excluding the documents listed at Federal Rules of Appellate Procedure 27(a)(2)(B) and 32(f).  This emergency motion complies with the typeface and the type style requirements of Federal Rule of Appellate Procedure 27 because it has been prepared in a proportionally spaced typeface using 14-point font.

Dated:  July 16, 2025                                          s/ Simon Lin