No. 25-4348

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

VISUAL SUPPLY COMPANY.,

*Plaintiff-Appellee,*

v.

ADAM KHIMJI AND DOES 1 THROUGH 20,

*Defendants-Appellants.*

**On Appeal from the United States District Court
for the Northern District of California**
No. 3:24-cv-09361-WHO
The Honorable William H. Orrick, Judge

## DECLARATION OF SIMON LIN IN SUPPORT OF
## EMERGENCY MOTION UNDER CIRCUIT RULE 27-3
## FOR A STAY PENDING APPEAL AND FOR AN INTERIM
## ADMINISTRATIVE STAY

SIMON LIN
Evolink Law Group
237-4388 Still Creek Drive,
Burnaby, B.C. V5C 6C6
T: 604-620-2666
F: 778-805-9830
E: simonlin@evolinklaw.com

*Attorney for Defendant-Appellant
Adam Khimji*

July 16, 2025

I, Simon Lin, do hereby declare as follows:

1. I am an attorney at law and counsel of record for the Appellant Mr. Adam Khimji.

2. I submit this declaration in support of this motion to stay pending appeal. I have personal knowledge of the facts set forth herein and if called as a witness, I could and would competently testify thereto.

**Relevant Documents from the District Court Proceedings**

3. Attached to this Declaration and marked as **Exhibit "A."** is the Complaint filed in the District Court in the underlying proceedings.

4. Attached to this Declaration and marked as **Exhibit "B."** is Visual Supply Company's Website Terms of Use which was presented to the District Court on Mr. Khimji's motion to dismiss or stay in favor of arbitration.

5. Attached to this Declaration and marked as **Exhibit "C."** is the District Court's Order filed on July 10, 2025.

6. Attached to this Declaration and marked as **Exhibit "D."** is the District Court's Minute Order after the Case Management Conference on July

15, 2025, filed on July 16, 2025.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on July 16, 2025 in the City of Coquitlam, Province of British Columbia, Canada.

_____

Simon Lin

# EXHIBIT A

Case 3:24-cv-09361    Document 1    Filed 12/23/24    Page 1 of 20

1   ZACHARY J. ALINDER (State Bar No. 209009)
    E-Mail:      *zalinder@sideman.com*
2   ANDREW M. LEVAD (State Bar No. 313610)
    E-Mail:      *alevad@sideman.com*
3   SIDEMAN & BANCROFT LLP
    One Embarcadero Center, Twenty-Second Floor
4   San Francisco, California 94111-3711
    Telephone:   (415) 392-1960
5   Facsimile:   (415) 392-0827

6

7   Attorneys for Plaintiff
    VISUAL SUPPLY COMPANY
8

9                    **UNITED STATES DISTRICT COURT**

10                  **NORTHERN DISTRICT OF CALIFORNIA**

11  VISUAL SUPPLY COMPANY, a              Case No. 3:24-cv-9361
    Delaware corporation,
12                                        **COMPLAINT FOR DAMAGES AND**
                   Plaintiff,             **INJUNCTIVE RELIEF FOR:**
13
14       v.                              1.  **FEDERAL TRADEMARK**
                                             **INFRINGEMENT**
15  ADAM KHIMJI, an individual, and DOES     (15 U.S.C. § 1114))
    1 through 20, inclusive,             2.  **FEDERAL UNFAIR COMPETITION**
16                                           (15 U.S.C. § 1125(a))
                   Defendants.           3.  **FEDERAL TRADEMARK DILUTION**
17                                           (15 U.S.C. § 1125(c)(2)(C))
                                         4.  **CALIFORNIA STATUTORY UNFAIR**
18                                           **COMPETITION**
                                             (Cal. Bus. & Prof. Code §§ 17200, *et seq.*)
19                                       5.  **TRESPASS TO CHATTELS**
                                             (California Common Law)
20                                       6.  **BREACH OF CONTRACT**
                                             (California Common Law)
21
22
                                         **JURY TRIAL DEMAND**
23
24
25
26
27
28

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

**INTRODUCTION**

1.     Plaintiff Visual Supply Company ("VSCO" or "Plaintiff") brings this action to stop the willful infringement and related unlawful conduct perpetrated by Defendants Adam Khimji ("Mr. Khimji") and DOES 1 through 20 (together with Mr. Khimji, "Defendants") in the course of Defendants' bad faith exploitation of VSCO, its platform, and its users, to generate ill-gotten and depraved profits.

2.     VSCO is a community-driven and creator-centric platform that equips photographers with the tools, community, and exposure they need to expand creatively and professionally. VSCO empowers photographers to connect with other creatives and businesses with its suite of creative tools that spans from mobile to desktop and across its global community.

3.     Each of the creatives and businesses who use VSCO must sign up with VSCO by registering a VSCO account, and in the process agree to VSCO's Terms of Use (the "TOU"). VSCO users instantly have access to the latest editing, community, and business tools to match their skills and needs. Members are also able to explore and build their creative network and a trusted community to connect with for support, inspiration, and opportunities along the way. However, anyone accessing VSCO is also bound by the TOU, which do not allow copying, scraping, or distribution of another user's content and also require agreement to jurisdiction and venue in this Court.

4.     Defendants, including specifically Mr. Khimji, have repeatedly violated the TOU and willfully infringed the VSCO Trademarks to perpetrate a depraved scheme to scrape, download, copy, aggregate, and redistribute for profit the images from VSCO users, primarily female users. Defendants, including specifically Mr. Khimji, created numerous websites that blatantly infringed the VSCO Trademarks and that were styled to appear as though VSCO had sponsored, authorized, and/or endorsed them. These websites included names like <vsco.club>, <vsco.page>, <vsco.top>, <backupvs.co>, <downloadvsco.co>, <vscolookup.com>, <novsco.co>, and <downloader.se>, among others. The content of these sites was misappropriated VSCO content, adding to the confusion and of course harm.

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

5.      Adding further to the sad and illegal conduct, Defendants, including specifically Mr. Khimji, sought to monetize this unlawful and infringing conduct, by soliciting payments and offering subscriptions to access these VSCO materials, including deleted photos and videos. Moreover, Defendant's depraved actions included the targeting of certain users to sexualize content posted to VSCO and profit off of such collections of content. Defendants claimed to have scraped, downloaded, and saved the account materials from over 10 million VSCO users and offered access to copies of the same to their "patrons" on Patreon for a fee.

6.      Defendants, including Mr. Khimji specifically, have taken extreme measures to conceal their true identities, including using various aliases. Defendants, including Mr. Khimji specifically, continued this scheme even after VSCO issued numerous takedown demands, sent cease and desist correspondence, and undertook legal proceedings including enforcement proceedings before the World Intellectual Property Organization ("WIPO"). Even after Mr. Khimji was personally identified by Patreon and Cloudflare by name, address, phone number, and credit card information, Mr. Khimji still refused to take responsibility. This further underscores Defendants' malicious intent, reprehensible character, and utter absence of remorse, requiring VSCO to bring this action to ensure that Defendants, including Mr. Khimji, never again target VSCO, its platform, or its users.

## THE PARTIES

7.      VSCO is a corporation organized under the laws of the State of Delaware. VSCO's headquarters and principal place of business is located at 548 Market St, Suite 92958, San Francisco, CA 94102.

8.      On information and belief, Mr. Khimji is a Canadian citizen whose primary residence is 1435 Prince of Wales Dr., Ottawa, ON K2C 1N5, Canada.

9.      The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1 through 20, inclusive, are unknown to VSCO who, therefore, sues said Defendants by such fictitious names. VSCO will amend this Complaint to reflect the true names and capacities of these DOE Defendants when the same shall have been fully and finally ascertained.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

11673-0001

Case No. 3:24-cv-9361

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

10.     VSCO is informed and believes, and thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible, in some manner, for the events and happenings herein referred to, and legally caused damages to VSCO as herein alleged.

11.     Numerous Reddit posts by Defendants make clear that Mr. Khimji did not act alone and that he is knowledgeable and familiar with these "DOE" co-conspirators, accomplices, partners, agents, and/or joint venturers. As such, VSCO is informed and believes, and thereon alleges, that at all times relevant to this action, each Defendant, including those fictitiously named Defendants, was the agent, servant, employee, partner, joint venturer, accomplice, conspirator, alter ego or surety of the other Defendants and was acting within the scope of that agency, employment, partnership, venture, conspiracy, or suretyship with the knowledge and consent or ratification of each of the other Defendants in doing the unlawful activities alleged in this Complaint.

## JURISDICTION AND VENUE

12.     This is an Action founded upon violations of Federal trademark laws, pursuant to 15 U.S.C. §§ 1051, *et seq.* This Court has original subject matter jurisdiction over this Action pursuant to 28 U.S.C. §§ 1331 and 1338(a)-(b), and 15 U.S.C. § 1121. This Court has supplemental jurisdiction over VSCO's state law claims for relief pursuant to 28 U.S.C. §§ 1338(b) and 1367 because the claims are so related to VSCO's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative facts.

13.     This Court has personal jurisdiction over Defendants because the Defendants accessed and used the VSCO website, which as set forth above and below requires consent to jurisdiction and venue in the state and federal courts of San Francisco County, California. Further, this Court has personal jurisdiction over Defendants because each Defendant, in participating in the scheme has willfully infringed intellectual property rights of VSCO, a known forum resident, including by infringing its trademarks and otherwise causing tortious injury to VSCO, within California, and within this District in particular. Further, Defendants have performed intentional acts expressly aimed at VSCO in this forum and thereby caused damage that they knew would be suffered by VSCO in this forum. Defendants have also misrepresented their websites and content

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    as having affiliation, authorization, endorsement, or sponsorship by "VSCO" to residents of

2    California, including within this District. Defendants further engaged in the unlawful conduct

3    alleged in this Complaint, with knowledge that VSCO is located in California.

4        14.    Venue is proper in the Northern District of California because as set forth above

5    Defendants have consented to jurisdiction and venue here. Further, venue is also proper in the

6    Northern District of California under 28 U.S.C. § 1391(b)(2) and 1391(c)(3) because a substantial

7    part of the events or omissions giving rise to the claims alleged in this Complaint occurred in this

8    judicial district. Further, this action may be assigned to any division in this district, as a case

9    involving "intellectual property rights" pursuant to the Court's Assignment Plan, General Order

10   No. 44.

### FACTUAL BACKGROUND

#### VSCO And Its Intellectual Property Rights

13       15.    VSCO is a ground-breaking creative platform that empowers individuals to express

14   themselves through photography, video, and design. Since its founding in 2011, VSCO has

15   cultivated a large and vibrant community of creators, offering innovative tools and resources to

16   elevate visual storytelling. The company is renowned for its advanced photo and video editing

17   technology, including its proprietary presets, filters, and editing tools, which have become a

18   hallmark of the VSCO brand and experience. As a result, VSCO and the VSCO trademarks have

19   become widely recognized by the general public as famous and the VSCO brand has become well-

20   known for a high quality and innovative user experience.

21       16.    As part of its mission, VSCO has established and maintained a robust intellectual

22   property portfolio, which protects its innovative software, trademarks, copyrights, and other

23   proprietary content. This intellectual property is critical to preserving VSCO's brand integrity and

24   ensuring its tools and services remain distinctive and trusted by its hundreds of millions of users

25   worldwide. In addition, VSCO maintains technological access controls to prevent unauthorized

26   third parties from downloading VSCO users' content, sharing or distributing that content, and/or

27   accessing content that was deleted from those users' VSCO accounts.

28

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

11673-0001                                      4                          Case No. 3:24-cv-9361

17.    Since VSCO's inception, VSCO has continuously used its distinctive VSCO name and trademarks comprised of or incorporating VSCO and VSCO's distinctive circular logo (hereinafter, collectively, the "VSCO Family of Marks") in United States commerce in connection with VSCO's goods and services. During this time, VSCO expended substantial resources in marketing, advertising, and promoting the VSCO Family of Marks and has derived substantial revenues from its sale of goods and services under the VSCO Family of Marks.

18.    VSCO's extensive and continuous marketing, advertising, and sale of goods and services under the VSCO Family of Marks has generated substantial fame, commercial goodwill, and consumer recognition in the VSCO Family of Marks. Today, consumers recognize the famous VSCO Family of Marks as an indicator of high-quality goods and services emanating from a single source: VSCO.

19.    The United States Patent and Trademark Office ("USPTO") has granted VSCO numerous trademark registrations in the typed word mark VSCO and VSCO's distinctive circular logo (collectively, the "VSCO Registrations"). VSCO also owns trademark applications for a separate version of VSCO's circular logo is currently pending registration, including as shown below:

| Mark | Registration Number(s) or Serial Numbers |
|---|---|
| VSCO | 4,273,434; 4,672,062; 4,262,139; 4,716,756 |
|  | 5,142,430; 5,271,667; 5,125,103 |
|  | 97/826430, 97/826434, 97/826424 (Currently pending registration) |

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

20. The VSCO Registrations constitute *prima facie* and/or conclusive evidence of VSCO's exclusive right to use the VSCO Family of Marks with the goods and services identified in the registrations, as well as the goods and services that are within the natural zone of expansion of the goods and services identified in the VSCO Registrations, and all goods and services on which VSCO uses the VSCO Family of Marks at common law.

21. As a result of VSCO's remarkable success, the VSCO Family of Marks have come to symbolize extraordinary goodwill and have achieved great fame both within the United States and around the world.

22. Further, VSCO requires anyone who accesses or uses any of VSCO's websites, mobile apps, products, or services to assent to its TOU. The TOU, among other provisions, prohibit the unauthorized access, use, or exploitation of VSCO's platform, technology, and creative assets.

23. Pursuant to the TOU, VSCO's users own the content that they post on VSCO's platform, including the copyrights in the images and other creative works that they post. However, the TOU further authorizes VSCO to enforce the intellectual property rights of its users on their behalf with respect to the content they post on VSCO's platform.

24. In order to access any content on VSCO's iOS or Android applications, users must have an active, registered account. Visitors to VSCO's website are allowed to view some VSCO content; however, that access is limited to protect the content from scraping and from bad actors. While VSCO registered users can access published content posted to the VSCO platform, not all content is accessible, for example deleted content, and engagement with user content is often limited to paying members to ensure the integrity of the platform and authentic and positive interactions among members of VSCO's community.

### Defendants' Websites And Unlawful Conduct

25. On information and belief, Mr. Khimji personally created and registered several internet domains including at least <vsco.club> and <glizzy.cafe> to enable his infringing and unlawful conduct. VSCO is informed and believes, and thereon alleges, that Mr. Khimji leveraged aliases, including "Aidan Salamon" and "Mike Hunt" to help conceal his true identity.

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

Nevertheless, Mr. Khimji was identified by Cloudflare as the registrant for these two sites, including with his name, address, phone number, and credit card information.

26.     On information and belief, Defendants, also created and registered several additional internet domains, including at least <vsco.page>, <vsco.top>, <backupvs.co>, <downloadvsco.co>, <vscolookup.com>, <downloader.se>, among others (collectively, with <vsco.club> and <glizzy.cafe>, the "Infringing Websites") to enable their infringing and unlawful conduct.

27.     On information and belief, Defendants also created several Reddit groups, including at least r/VSCOsluts, r/VSCOsluts0, r/VSCOslutss, r/VSCOslutsz2, r/VSCOsloots, and r/VSCO_Nudes, among others (collectively, the "Infringing Reddit Communities"), to enable and publicize their infringing and unlawful conduct and thereby increase the reach and monetization of their infringing and unlawful conduct.

28.     VSCO is informed and believes, and thereon alleges, that Defendants, including specifically Mr. Khimji, used technological means to circumvent VSCO's access controls to scrape, download, and aggregate images of VSCO users and related data that those users had uploaded to their VSCO accounts.

29.     The VSCO users whose images and related data Defendants targeted are primarily female users.

30.     Defendants, including specifically Mr. Khimji, published the images and related data that he had scraped from VSCO's platform on the Infringing Websites and other online forums, including at least in the Infringing Reddit Communities.

31.     Mr. Khimji also registered a Patreon account at https://www.patreon.com/vscoclub, whereby he sought to monetize his illegal conduct by collecting payment for access to these VSCO users' deleted content and advertised that he had "10+ million accounts saved."

32.     In addition, VSCO is informed and believes, and thereon alleges, that Mr. Khimji also maintained a personal repository of the images and related data that he had scraped from VSCO's platform.

**VSCO's Enforcement Efforts Against Defendants' Websites**

33.     VSCO discovered the Infringing Websites and Infringing Reddit Communities in or about May 2023.

34.     In or about May 2023, July 2023, July 2023, December 2023, January 2024, March 2024, April 2024, May 2024, July 2024, September 2024, October 2024, and November 2024, VSCO submitted trademark and copyright infringement reports to the domain registrars and web hosts for the Infringing Websites, requesting they take down or disable access to the Infringing Websites. VSCO is informed and believes, and thereon alleges, that copies of these infringement reports were provided to Defendants by the domain registrars and web hosts.

35.     In or about December 2023, January 2024, February 2024, July 2024, August 2024, September 2024, and October 2024, VSCO submitted trademark and copyright infringement reports to Reddit, requesting Reddit take down or disable access to the Infringing Reddit Communities. VSCO is informed and believes, and thereon alleges, that copies of these infringement reports were provided to Defendants by Reddit.

36.     On July 28, 2023, through counsel, VSCO sent a cease and desist demand letter to the email address listed on <vsco.club> and <glizzy.cafe>: "vscoclub@protonmail.com." VSCO is informed and believes, and thereon alleges, that Mr. Khimji created and operated the email address "vscoclub@protonmail.com," and received this demand letter. Mr. Khimji never responded to that demand letter.

37.     On August 28, 2023, VSCO filed a complaint pursuant to the Uniform Domain Name Dispute Resolution Policy ("UDRP") in the WIPO Arbitration and Mediation Center, seeking the transfer of the <vsco.page>, <vsco.club>, and <glizzy.cafe> domains from Defendants to VSCO. *See Visual Supply Company ("VSCO") v. Nice IT Services Group Inc., Customer Domain Admin and Aiden Salamon*, WIPO Case No. D2023-3616 (Oct. 20, 2023). On October 20, 2023, the WIPO panel appointed to this action determined that Defendants had violated the UDRP and ordered the transfer of <vsco.page>, <vsco.club>, and <glizzy.cafe> from Defendants to VSCO. VSCO is informed and believes, and thereon alleges, Mr. Khimji received notice and copies of all WIPO correspondence and pleadings related to this UDRP action.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

38.     On February 9, 2024, VSCO filed a complaint pursuant to UDRP in the WIPO Arbitration and Mediation Center, seeking the transfer of the <vsco.top> domain from Defendants to VSCO. *See Visual Supply Company ("VSCO") v. Nice IT Services Group Inc., Customer Domain Admin*, WIPO Case No. D2024-0621 (Apr. 3, 2024). On April 3, 2024, the WIPO panel appointed to this action determined that Defendants had violated the UDRP and ordered the transfer of <vsco.top> from Defendants to VSCO. VSCO is informed and believes, and thereon alleges, Defendants received notice and copies of all WIPO correspondence and pleadings related to this UDRP action.

**VSCO Identifies Mr. Khimji And Repeatedly Demands That He**
**Cease And Desist His Unlawful Activities, To No Avail**

39.     On June 28, 2024, VSCO initiated *In re DMCA Subpoenas to Cloudflare, Inc., et al.*, No. 24-mc-80159-SK (N.D. Cal.) pursuant to 17 U.S.C. § 512(h) of the Digital Millennium Copyright Act ("DMCA"), seeking the issuance of subpoenas ("DMCA Subpoenas") to certain service providers involved in the Infringing Websites and Mr. Khimji's scheme. In the DMCA Subpoenas, VSCO sought documents and other information necessary to ascertain Mr. Khimji's true identity.

40.     Patreon, Inc. ("Patreon") and Cloudflare, Inc. ("Cloudflare") provided documents to VSCO in response to the DMCA Subpoenas.

41.     Patreon and Cloudflare both produced the payment records and other electronic records associated with the Infringing Websites to VSCO. Both Patreon and Cloudflare's payment records display Mr. Khimji's full name; his physical address at 1435 Prince of Wales Dr., Ottawa, ON K2C 1N5, Canada; and his email address at vscoclub@protonmail.com. This further confirmed that Mr. Khimji, at a minimum, received notice and copies of all WIPO correspondence and pleadings related to the UDRP action (WIPO Case No. D2023-3616), as alleged above.

42.     On October 4, 2024, VSCO sent Mr. Khimji another letter, demanding that he cease and desist his unlawful activity and cooperate in VSCO's investigation into this matter.

43.     While Mr. Khimji retained counsel to respond and negotiate, ultimately, Mr. Khimji refused to comply with VSCO's demands and continued to deny involvement, despite

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

being presented with the records that identified him by name, address, telephone number, and credit card number. Mr. Khimji's refusal to comply with VSCO's demands and refusal to even take any accountability confirmed his bad faith, malicious intent, and complete lack of remorse, requiring VSCO to take action to protect itself, its brand, and its members.

44.    Mr. Khimji's acts as alleged herein have caused, and, unless said acts are restrained by this Court, will continue to cause VSCO to suffer irreparable injury.

45.    VSCO has no adequate remedy at law and is therefore entitled to injunctive relief.

## FIRST CAUSE OF ACTION

### (Federal Trademark Infringement – 15 U.S.C. § 1114)

46.    VSCO incorporates each of the preceding paragraphs as if fully set forth herein.

47.    VSCO owns the VSCO Family of Marks, as described above. The VSCO Family of Marks are valid and protectable. Consumers recognize the VSCO Family of Marks as designating VSCO as the source of goods and services. At all relevant times, Defendants had actual and/or statutory notice of VSCO's registrations of the VSCO Family of Marks.

48.    Defendants used in commerce without the consent of VSCO one or more of the VSCO Family of Marks in connection with the VSCO Services. Defendants' use of the VSCO Family of Marks is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of Defendants' websites and/or the services offered thereon.

49.    As a direct and proximate result of Defendants' foregoing acts, VSCO has been damaged and has suffered and will continue to suffer immediate and irreparable injury. VSCO is informed and believes that, unless said conduct is enjoined by this Court, Defendants will continue and expand those activities to the continued and irreparable injury of VSCO. This injury includes a reduction in the distinctiveness of the VSCO Family of Marks and injury to VSCO's goodwill that damages cannot remedy. VSCO has no adequate remedy at law.

50.    VSCO is entitled to a permanent injunction pursuant to 15 U.S.C. § 1116, restraining and enjoining Defendants' and their agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce the VSCO Family of Marks or any colorable imitations thereof.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

51.     As a direct and proximate result of their infringements, Defendants have realized unjust profits, gains, and advantages at the expense of VSCO. In addition, VSCO has suffered substantial loss and damages to its property and business, including significant monetary damages as a direct and proximate result of Defendants' infringements. The harm caused by Defendants' unlawful conduct entitles VSCO to recovery of all available remedies under the law, including maximum statutory damages (if elected). Further, pursuant to 15 U.S.C. § 1117, VSCO is entitled to recover (i) Defendants' profits, increased to adequately compensate VSCO; (ii) up to treble VSCO's ascertainable damages; (iii) VSCO's costs of suit; and (iv) prejudgment interest. Defendants' willful use of the VSCO Family of Marks without excuse or justification to exploit young women and girls, and other relevant factors, renders this an exceptional case and entitles VSCO to its reasonable attorneys' fees.

52.     Pursuant to 15 U.S.C. § 1118, VSCO is entitled to an order requiring that Defendants deliver up for destruction of all goods in Defendants' possession or control that bear any of the VSCO Family of Marks.

## SECOND CAUSE OF ACTION

### (Federal Unfair Competition – 15 U.S.C. § 1125(a))

53.     VSCO incorporates each of the preceding paragraphs as if fully set forth herein.

54.     As a result of VSCO extensive and continuous marketing, advertising, and sale of goods and services under the VSCO Family of Marks, the VSCO Family of Marks have become famous and VSCO has become identified in the public mind as the entity behind goods and services offered under the VSCO Family of Marks.

55.     As a result of VSCO's extensive experience and care in providing goods and services under the VSCO Family of Marks, VSCO has acquired a reputation for excellence. Moreover, the VSCO Family of Marks have become associated with VSCO and have come to symbolize the reputation for quality and excellence of VSCO goods and services. As such, the VSCO Family of Marks are distinctive and famous.

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

56. Defendants are not authorized to use the VSCO Family of Marks, any confusingly similar mark, or any mark that in any way represents or implies that Defendants, their websites, or the services offered thereon are in any way associated with VSCO.

57. Defendants' unauthorized use of the VSCO Family of Marks as alleged herein constitutes unfair competition, false association, and false designation of origin in violation of 15 U.S.C. § 1125(a). Defendants, with knowing, willful, and intentional disregard for VSCO's rights, advertised, promoted, and sold subscriptions for services bearing the likeness of the VSCO Family of Marks. Such acts are likely to cause confusion and mistake with an appreciable number of reasonable customers as to the source or sponsorship of Defendants' websites and the services offered thereon.

58. As a direct and proximate result of Defendants' actions, VSCO has suffered, and will continue to suffer, irreparable injury to its business, brand reputation, and goodwill, unless and until the Court permanently enjoins Defendants' actions. VSCO has no adequate remedy at law.

59. As a direct and proximate result of their infringements, Defendants have realized unjust profits, gains and advantages at the expense of VSCO, including as set forth above. In addition, VSCO has suffered substantial loss and damages to its property and business, including significant monetary damages as a direct and proximate result of Defendants' infringements, including as set forth above. The harm caused by Defendants' unlawful conduct entitles VSCO to recovery of all available remedies under the law, including but not limited to actual damages, infringers' profits, treble damages, statutory damages (if elected), reasonable attorney fees, costs, and prejudgment interest.

60. This is an exceptional case within the meaning of Section 35 of the Lanham Act, 15 U.S.C. § 1117, entitling VSCO to its reasonable attorneys' fees.

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 22ⁿᴰ FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

**THIRD CAUSE OF ACTION**

**(Federal Trademark Dilution – 15 U.S.C. § 1125(c)(2)(C))**

61.     VSCO incorporates each of the preceding paragraphs as if fully set forth herein.

62.     As a result of VSCO's extensive and continuous marketing, advertising, and sale of goods and services under the VSCO Family of Marks, the VSCO Family of Marks have become famous and VSCO has become identified in the public mind as the entity behind goods and services offered under the VSCO Family of Marks.

63.     The VSCO Family of Marks became famous prior to the time Defendants commenced their infringing activities described herein.

64.     Defendants have made use of the VSCO Family of Marks in commerce, including by including the VSCO Family of Marks or colorable imitations thereof, in connection with websites and online platforms that exploit VSCO and its users, including exploiting content from the accounts of young women and girls.

65.     Defendants' use of the VSCO Family of Marks is thus likely to cause or already has caused dilution by tarnishment because VSCO offers a safe, supportive online community and Defendants used the VSCO Family of Marks to create and contribute to websites and online platforms that objectify, exploit, and denigrate young women and girls; thus VSCO's reputation is tarnished by Defendants' use of the VSCO Family of Marks.

66.     Defendants' unlawful acts described herein are also likely to dilute by blurring the distinctive quality of the VSCO Family of Marks in violation of 15 U.S.C. § 1125(c).

67.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the VSCO Family of Marks and to cause dilution of the VSCO Family of Marks to the great and irreparable injury of VSCO.

68.     As a direct and proximate result of Defendants' actions, VSCO has suffered, and will continue to suffer, irreparable injury to its business, reputation, and goodwill, unless and until the Court permanently enjoins Defendants' actions. VSCO has no adequate remedy at law.

69.     As a direct and proximate result of Defendants' actions, VSCO has suffered, and will continue to suffer, monetary damages in an amount to be proven at trial.

70.     Defendants' conduct also renders this case exceptional within the meaning of Section 35 of the Lanham Act, 15 U.S.C. § 1117, entitling VSCO to its reasonable attorneys' fees.

### FOURTH CAUSE OF ACTION

**(California Statutory Unfair Competition – Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**

71.     VSCO incorporates all of the above paragraphs as though fully set forth herein.

72.     Defendants engaged in unlawful, unfair, and/or fraudulent business acts and practices within the meaning of the UCL, among other reasons, by infringing and diluting the value of VSCO's registered and common-law trademarks and violating California and Federal law as set forth herein. Further, their alleged conduct was unfair in that Defendants' actions, as alleged herein, significantly threatened and/or harmed competition through infringement, dilution, trespass, contractual breaches, and false advertising.

73.     Among other things, Defendants' unauthorized use of the VSCO Family of Marks infringes VSCO's exclusive rights to those marks, is likely to cause confusion, mistake, or deception as to the source or sponsorship of Defendants, their websites, and/or the services offered thereon, and is likely to deceive the public into believing that Defendants, their websites, and/or the services offered thereon are sponsored, endorsed, or approved by VSCO, or are otherwise associated with VSCO.

74.     As a proximate result of Defendants' actions, VSCO has suffered, and will continue to suffer, great and irreparable injury and damage to its business and goodwill, including a reduction in the distinctiveness of its VSCO Family of Marks. Unless Defendants are restrained and enjoined from engaging in said unlawful conduct, Defendants will continue to engage in the same, causing further great and irreparable injury and harm. The balance of equities and public interest both favor enjoining Defendants' wrongful conduct. Further, as a direct and proximate result of Defendants' unlawful and unfair business practices, VSCO has lost money and property, and has suffered irreparable injury to its brand, business reputation, and goodwill. As such, VSCO's remedy at law is not adequate to compensate for the injuries inflicted by Defendants. Accordingly, VSCO is entitled to temporary, preliminary, and permanent injunctive relief against Defendants, in addition to restitution in an amount to be proven at trial.

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

## FIFTH CAUSE OF ACTION

### (California Common Law Trespass to Chattels)

75.   VSCO incorporates all of the above paragraphs as though fully set forth herein.

76.   VSCO owns, possesses, and/or has the right to possess the servers and infrastructure used to run its business, as well as the documents, data, information and other materials (not including creator content) on the VSCO platform.

77.   Defendants intentionally interfered with VSCO's use and possession of its servers and infrastructure, as well as the documents, data, information and other materials (not including creator content) on the VSCO platform.

78.   Defendants' interferences, aggregating, downloading, and scraping as described above was not authorized or consented to by VSCO. Defendants were not authorized to scrape or download the documents, data, information and other materials (not including creator content) on the VSCO platform, and indeed, were prohibited from doing so by the TOU and account and product protections implemented by VSCO. Further Defendants were prohibited from using content from the VSCO platform for any commercial purpose, further harming VSCO and violating its TOU. Defendants' trespasses caused actual harm to VSCO, its platform, and its goodwill, and further threaten to cause additional significant harm and injury to the same if left unabated.

79.   As a proximate result of Defendants' actions, VSCO has suffered and will continue to suffer great and irreparable injury and damage to its business and goodwill. Unless Defendants are restrained and enjoined from engaging in said unlawful conduct, Defendants will continue to engage in the same, causing further great and irreparable injury and harm. The balance of equities and public interest both favor enjoining Defendants' wrongful conduct. Accordingly, VSCO is entitled to all available remedies under the law, including monetary damages in an amount to be proven at trial, as well as temporary, preliminary, and permanent injunctive relief as set forth below.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

**SIXTH CAUSE OF ACTION**

**(Breach of Contract)**

80.    VSCO incorporates all of the above paragraphs as though fully set forth herein.

81.    VSCO's TOU apply to anyone who accesses VSCO's websites, mobile apps, products, or services, whether as registered users or guests.

82.    Defendants accessed VSCO's websites and services in connection with the aforesaid acts. Access to the VSCO platform is controlled by account creation and registration, which requires the users, including Defendants, to agree to the TOU. As such, Defendants assented to the TOU.

83.    The TOU prohibit illegal conduct and conduct that could harm VSCO users. The TOU further prohibit the usage, copying, distribution, or exploitation of VSCO's services or any content made available through VSCO's services for any commercial purpose, including the scraping of information or content from VSCO's platform.

84.    VSCO has substantially complied with all conditions, covenants, and promises required to be performed under the TOU, and all conditions required for Defendants' performance under the TOU have occurred.

85.    Defendants have materially breached the TOU by engaging in the conduct alleged in this Complaint, including but not limited to by engaging in violations of intellectual property laws; using, copying, distributing, and exploiting VSCO's services and VSCO user content made available through VSCO's services for a commercial purpose; and scraping information and content from VSCO's platform.

86.    As a result of Defendants' breach of the TOU, VSCO has been harmed, entitling it to all remedies available under the law, including but not limited to damages in an amount to be proven at trial.

**PRAYER FOR RELIEF**

A)    Judgment in VSCO's favor and against Defendants on all causes of action alleged herein;

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

B)      Orders to temporarily, preliminarily, and permanently enjoin Defendants and each of their affiliates, officers, partners, associates, agents, servants and employees, and all others acting for, with, by, through, under, or in concert with Defendants, from:

      i.   using any of the VSCO Family of Marks or any other copy, reproduction, colorable imitation, or simulation thereof on or in connection with Defendants' websites and/or the services offered thereon;

      ii.   directly or indirectly infringing VSCO trademarks in any manner including, but not limited to, advertising, selling, and/or offering for sale; any goods or services bearing any confusingly similar imitations of any of the VSCO Family of Marks;

      iii.   promoting or facilitating any services in any manner that is likely to confuse, mislead, or deceive members of the public into believing that Defendants, or any of his agents, products, or services are associated with VSCO, are sponsored, approved, or licensed by VSCO, or are in any other way connected or affiliated with VSCO;

      iv.   further accessing the VSCO platform for any reason;

      v.   further distributing, scraping, downloading, copying, transferring, or otherwise using any content obtained from the VSCO platform;

      vi.   assisting or authorizing any third party to engage in any of the actions prohibited by subparagraphs B(i)–(v) above, inclusive; and,

      vii.   effecting assignments or transfers, forming new entities or associations or utilizing any other means or device for the purpose of circumventing or otherwise avoiding prohibitions set forth in subparagraphs B(i)–(vi), inclusive;

C)      Direct Defendants, pursuant to 15 U.S.C. § 1116(a), to file with the Court and serve upon VSCO, within thirty (30) days of the entry of the injunctions requested herein, a written report under oath or affirmed under penalty of perjury setting forth in detail the form and manner in which it has complied with the injunctions;

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

D)    Declare that Defendants' infringement and dilution of the VSCO Family of Marks and its unfair competition are and have been willful and committed with reckless disregard of VSCO's rights;

E)    Order Defendants to deliver up for destruction all merchandise in their possession or control that this Court finds to be infringing any of the VSCO Family of Marks or that constitute materials improperly scraped, downloaded, copied, or otherwise taken from the VSCO platform in any way;

F)    Order Defendants, at their own expense, to recall from any third parties all merchandise that this Court finds to be infringing any of the VSCO Family of Marks or any confusingly similar trademarks, that constitute materials improperly scraped, downloaded, copied, or otherwise taken from the VSCO platform in any way, and that Defendants deliver it up to VSCO for impoundment and eventual destruction;

G)    Damages in an amount to be further proven at trial;

H)    Maximum statutory damages to the extent elected;

I)    Punitive, enhanced, and/or exemplary damages to the fullest extent available under the law;

J)    Any profits earned by Defendants that are attributable to Defendants' infringement;

K)    Costs of suit incurred herein;

L)    Prejudgment interest;

M)    Attorneys' fees and costs to fullest extent available under the law; and,

N)    Such other and further relief as the Court may deem to be just and proper.

DATED: December 23, 2024                    Respectfully submitted,

SIDEMAN & BANCROFT LLP

By: _____
Zachary J. Alinder
Andrew M. Levad
*Attorneys for Plaintiff Visual Supply Company*

1

## JURY DEMAND

2     Pursuant to Civ. L.R. 3-6 and Fed. R. Civ. Proc. 38, Plaintiff VSCO hereby demands a trial

3 by a jury on all issues herein so triable.

4

5 DATED: December 23, 2024          Respectfully submitted,

6                                   SIDEMAN & BANCROFT LLP

7

8                         By: _____

9                                   Zachary J. Alinder
                                    Andrew M. Levad
10                                  *Attorneys for Plaintiff Visual Supply Company*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B



FEED

STUDIO ↗

CANVAS ↗

PROFILE

SEARCH

LEARN

HUB ↗

SIGN UP

LOG IN

# Terms of Use

Effective as of March 2, 2025.

## Table of Contents

1. Use of our Services
2. Your Creator Content
3. Content Moderation and Enforcement
4. Your Rights with Respect to our Services
5. Proprietary Rights
6. Paid Services
7. Product-Specific Terms
8. Third-Party Links
9. Indemnity
10. No Warranty
11. Limitation of Liability
12. Term and Termination
13. Informal Claim Resolution
14. Arbitration Agreement
15. Acknowledgment of Image Recognition Technology
16. General

We nurture creativity and turn the aspirational into the achievable. At VSCO, we believe that there's a creative spark within all of us and that everyone, at heart, is a creator. Welcome to the VSCO community!

FEED

STUDIO ↗

CANVAS ↗

PROFILE

SEARCH

LEARN

HUB ↗

These Terms of Use ("**Terms**" or "**Agreement**") between you and Visual Supply Company ("**VSCO**"), apply to your use of any of our websites, mobile apps, products, or services, including VSCO Hub and our AI Services (our "**Services**"). These Terms apply to everyone who accesses our Services, whether as registered users or guests (each a "**Creator**" or "**you**"). Additionally, if you use VSCO Hub, the VSCO Hub Agreement applies to you.

We've removed legal language where possible to make it easier for you to understand your rights and obligations regarding our Services. Since these Terms (which include our Community Guidelines) form a binding legal agreement between us, we included certain legal language where necessary. Please read these Terms carefully.

By using our Services, you agree to:

* Follow the Community Guidelines at all times while accessing or using our Services, including your use of any AI Services (defined below); and
* Our collection and use of personal data as described in our Privacy Policy.

**If you do not agree to these Terms, then you can choose to not use our Services.**

We respect and value the intellectual property rights of others and comply with the Digital Millennium Copyright Act of 1998 ("**DMCA**"). You can notify us and request removal of your copyright protected work through the form provided in our DMCA Policy, which is incorporated into these Terms.

Arbitration Notice: **These Terms describe how disputes between you and VSCO will be resolved. With limited exceptions, disputes must first be resolved through an informal claims resolution process. If disputes are not resolved through this process, they**

SIGN UP

LOG IN

Page 27



FEED

STUDIO ↗

CANVAS ↗

PROFILE

SEARCH

LEARN

HUB ↗

SIGN UP

LOG IN

will be submitted to binding and final arbitration. You may pursue claims and seek relief against us only on an individual basis and not as a representative plaintiff or class member. You also waive your right to resolve claims in court proceedings and to a jury trial, except in specific cases. You may opt out of this Arbitration Agreement as further explained in Section 13.

# 1. USE OF OUR SERVICES

There are some ground rules you must follow that are intended to protect the VSCO community.

**Service Rules**. Be reasonable and responsible. Don't do anything that is illegal or could harm our Creators, VSCO, our Services, or any user of our Services. When using our Services, you are responsible for your interactions with others. For example, don't do the following while using our Services:

- <u>Harm others</u> (including impersonating or violating another's rights or collecting anyone else's personal information; or sending spam or other unsolicited communications);
- <u>Use, copy, make derivatives of, distribute, or exploit our Services or any content available through our Services for any unauthorized purpose</u> (including "scraping" information or content; decompiling or reverse engineering our Services; framing, hotlinking, or using similar techniques to include VSCO Marks (defined below), our Services, or any other person's Content (defined below); training artificial intelligence ("**AI**") models on our content or Content without VSCO's prior written consent; uploading content you receive through our Services (including another person's Content) into any AI tools (including generative AI), bots, software, or other external applications; or otherwise hosting our Services or any other person's Content on another site, in each case, other than your own and without VSCO's prior written consent);

Terms Of Use

- FEED
- STUDIO ↗
  CANVAS ↗
- PROFILE
- SEARCH
- LEARN
- HUB ↗

SIGN UP

LOG IN

- <u>Attempt any technological attack</u> (including accessing information regarding our Services' underlying infrastructure; causing a large load on our infrastructure, such as through "robots," "spiders," and other automated systems; interfering with our Services; bypassing measures we use to restrict access to our Services; accessing or deciphering any unauthorized content or transmissions; or uploading viruses, worms, or other harmful agents); or
- <u>Use our Services for any purpose that is fraudulent or prohibited by these Terms or any laws.</u>

**Eligibility**. You must be at least 13 years old to use our Services (or an older minimum age for specific Services as we identify) and legally agree to and comply with these Terms.

**VSCO Account**. To access certain Services, you'll need to create your own VSCO account ("**Account**"). You can customize your Creator profile and your interactions with our Services on your "Account Settings" page. Your Account information should be kept up-to-date and accurate. You may not share your Account with another person or use another person's Account.

**Account Ownership**. Aside from the rights you have in your Content as described below, your Account, including any sites or URLs you create through VSCO, is owned by VSCO, which means you have no ownership or other rights in or to your Account.

**Third-Party Accounts**. You may be able to register your Account using a valid third-party account (a "**Third-Party Account**") through a social sign-on option and by providing us access to such Third-Party Account. If a Third-Party Account or associated service becomes unavailable, or our access is terminated by you or the third-party service provider, then your Account and your content in such Third-Party Account will no longer be available through our Services. We aren't responsible for any content or



FEED

STUDIO ↗

CANVAS ↗

PROFILE

SEARCH

LEARN

HUB ↗

SIGN UP

LOG IN

personal information such third-parties may provide us that is in violation of your privacy settings for such accounts.

**Interactions with Other Creators and Their Creator Content**. You are solely responsible for your interactions with other Creators and Content. We aren't liable for interactions between you and other Creators or their Content.

**Changes to Our Services.** We reserve the right to change our Services, including the availability of certain features and the pricing for our Services, at any time and at our sole discretion.

# 2. YOUR CONTENT

We are a Creator-centric platform, and we respect Creator's rights to the Content you and others create. These Terms provide us certain license rights to the Content you create, post, or distribute on our Services so that we can provide and promote our Services and business(for example, feature your Content on our website, VSCO Collection, VSCO Challenges, or share on our social channels) to you and others. You are responsible for your Content and actions on our Services. Be respectful and responsible in accordance with our Community Guidelines.

**Creator Content**. Our Services allow you to post, publish, submit, upload, share, or otherwise make available on our Services content, such as profile pictures, images, music, videos, comments, questions, messages, designs, and works of authorship, and you may also provide similar content as a part of our promotions that feature Creators (all of which we refer to as "**Creator Content**"). You own your Creator Content that you post on our platform. The ownership and licensing of your Creator Content that you create pursuant to a transaction with a VSCO Hub Customer (defined below) will be determined by your own separate agreement with any VSCO Hub Customer..

3/28/25, 2:05 PM

Terms Of Use

FEED

STUDIO ↗

CANVAS ↗

PROFILE

SEARCH

LEARN

HUB ↗

SIGN UP

LOG IN

**AI Prompts and Outputs.** Our Services may contain features that utilize AI and deep learning platforms, algorithms, tools, and models (our "**AI Services**") to generate outputs ("**Outputs**") based on the content, prompts, and other inputs you submit to it (collectively, "**Prompts**" and together with "Outputs," "**AI Content**"). As between you and VSCO, to the extent permitted by law, you own your AI Content. You are solely responsible for all Prompts that you make available through or to our AI Services and for following any applicable policies with respect to such Prompts. You represent that you own or have sufficient rights to provide us with such Prompts for use in accordance with these Terms. The AI Services we provide may include tools, services, platforms, models, or functionality provided by third parties ("**Third Party Services**" and such parties, "**Third Party Providers**"). VSCO does not have responsibility or liability for any acts or omissions of any Third Party Providers or for any Third Party Services.

**License You Grant to Us**. By using our Services, you grant us a royalty-free, sublicensable, non-exclusive, perpetual, irrevocable, worldwide license to use, reproduce, distribute, publicly perform, publicly display, and make derivative works of your Creator Content and AI Content (collectively, "**Content**"), including the name, image, voice, or likeness of any individual included in your Content, in whole or in part, and in any form, media or technology, whether now known or developed in the future. This license includes the right to use certain Content for Creator Promotion (defined below) and to develop, train, and improve AI or machine learning models as further described in our **Creator Content Standards**. By submitting your Content to any part of our Services, you consent to us identifying you by your VSCO username (which may be a pseudonym) in connection with your Content. You waive any moral or other author's rights you may have in connection with any of these uses of your Content.

**Creator Promotion**. If you participate in our programs involving the promotion or featuring of Creators (all of which, we refer to as "**Creator Promotion**"), you grant us the right and license to use the



trade names, trademarks, service marks, publicity rights, privacy rights, persona, performance, recordings, biographical information, indicia of identity, and logos associated with you, as well as any of your Creator Content, in connection with our Creator Promotion.

**License Grant to Other Creators**. You grant each Creator a non-exclusive license to access your Content through our Services and to use, reproduce, distribute, display, make derivative works of, and perform such Content as permitted by our Services and this Agreement, solely for non-commercial purposes and solely in connection with such Creator's use of our Services. You are not granted any rights to use another Creator's Content without attribution, for commercial purposes without prior written authorization or consent, or to distribute or scrape Content in violation of these Terms or our Community Guidelines.

**Anti-Piracy Enforcement.** VSCO strives to be a place where creativity flourishes. To that end, we're committed to protecting the intellectual property of VSCO and our Creators. To enable this protection, you authorize VSCO and our anti-piracy service providers (such as law firms) as your agents for the purpose of enforcing your intellectual property rights in your Content. You grant VSCO and our anti-piracy service providers authority to send or file notices on your behalf to enforce your intellectual property rights in your Content. However, you understand that we aren't obligated to take such action.

**No Storage**. We aren't obligated to store any of your Content posted to our Services and may permanently delete your Account or your Content in accordance with our general business practices.

## 3. CONTENT MODERATION AND ENFORCEMENT

**Community Guidelines**. Follow our Community Guidelines at all times. If you post, share, or distribute your Content or take any action using our Services that violates our guidelines, your Account

FEED

STUDIO ↗

CANVAS ↗

PROFILE

SEARCH

LEARN

HUB ↗

SIGN UP

LOG IN

may be suspended, or your Content may be deleted. We have the right to remove any Content that we believe, in our discretion, violates these Terms or our **Community Guidelines** or is otherwise inappropriate for our Services. In some cases, we also have an obligation to report any content or conduct that is illegal to the appropriate authorities.

**Rights and Permissions**. If you post, share, or distribute any Content, you represent and warrant that you have all necessary rights and permissions in your Content for it to be used in accordance with these Terms without violating the rights of others. All Content is subject to our **DMCA Policy**.

**Responsibility for Your Content**. You are solely responsible for your Content and any issues that may result from your posting of your Content. You acknowledge that certain Content you post on our Services is generally made public and can be seen and used by us and others, unless otherwise allowed by our Services and these Terms.

**Content Moderation**. We support the freedom of our Creators to express themselves, and as a result, do not conduct generalized monitoring of all Content. However, we may use tools to proactively detect certain content. For example, we use classifiers to proactively detect illegal content and content that violates these Terms and our **Community Guidelines**. Creators can report Content posted by other Creators. Please see our **Safety Center** for more information on our reporting and enforcement process.

**Recommender Systems**. We use recommender systems to support your creative journey and help you build your community. For example, we present Content that we think you would be inspired by, recommend presets and other editing tools for a specific piece of Content, and suggest Creators and Content for VSCO Hub Customers. This **article** on "How VSCO's Search and Recommender Systems Work" contains more details about these recommender systems.

Page 33



FEED

STUDIO ↗

CANVAS ↗

PROFILE

SEARCH

LEARN

HUB ↗

SIGN UP

LOG IN

**Suspensions**. If we suspend your Account due to a violation of these Terms, including our **Community Guidelines**, this action will be permanent, unless and until you make a successful appeal.

# 4. YOUR RIGHTS WITH RESPECT TO OUR SERVICES

You have a limited right to use our Services. From time to time, we may also give you access to Beta Services.

**VSCO Services**. Subject to these Terms, we grant you a non-exclusive, limited, non-transferable, freely revocable license to use our Services on your devices for your personal and internal use only as intended and as allowed by our Services. To use our websites or mobile apps, you must have a compatible device. We may, from time to time, require you to upgrade your version of our mobile app. In all instances, we (or our third-party partners) keep all right, title, and interest in our websites and mobile apps (including all copies).

**Beta Services**. We may offer certain Services that allow you to access and use certain features, technologies, or services that are not yet commercially released, including demonstrations and previews of pre-alpha, alpha, or beta products (collectively, our "**Beta Services**"). You have a limited license to use any Beta Services we make available to you, which will automatically terminate upon the release of a generally commercially available version of the Beta Services ("**Beta Period**"). We may revoke or modify access to any Beta Services at any time for any reason. Our Beta Services (including any information or data about or relating to them), and your feedback is our confidential information (our "**Beta Confidential Information**"). If you use any of our Beta Services, you agree: (a) to keep all Beta Confidential Information strictly confidential; (b) not to use any such information for your own use or for any purpose outside of those allowed by us; and (c) to promptly delete and destroy all such information, upon our request or upon expiration of any Beta Period.

Page 34

Terms Of Use



FEED

STUDIO ↗

CANVAS ↗

PROFILE

SEARCH

LEARN

HUB ↗

SIGN UP

LOG IN

# 5. VSCO'S PROPRIETARY RIGHTS

We own rights in and to all of our VSCO Property and VSCO Marks. Do not use these without our prior written permission. Also, if you give us ideas related to our Services or business, you grant us the right to use them, including incorporating them into our Services and business.

**VSCO Property**. Visual Supply Company, VSCO, and all related graphics, logos, service marks and trade names used on or in connection with our Services ("**VSCO Marks**") are our trademarks. Except for Content, our Services and all associated materials and intellectual property rights, including software, images, text, photos, audio, videos, music and VSCO Marks ("**VSCO Property**") are our (or our licensors') exclusive property. To be clear, other Creators own their own Content, and you own your Content. Except for the specific licenses we grant you under these Terms, we are not providing or granting you licenses to any intellectual property rights. Use of VSCO Property for any purpose not specifically allowed by these Terms is strictly prohibited.

**Feedback**. You may choose to, or we may invite you to submit feedback, comments, suggestions, or improvements about us, our Services, our Beta Services, or our other products or services ("**Feedback**"). If you choose to provide Feedback, you grant us a royalty-free, sublicensable, non-exclusive, perpetual, irrevocable worldwide license to use or otherwise legally use, modify, and distribute any Feedback as we determine without restriction.

# 6. PAID SERVICES

Certain products or services offered on or through our Services, such as presets, features, and storage of Content, may be provided for a fee or other charge, such as a VSCO membership (each a "**Paid Service**"). If you purchase a Paid Service that is a

3/28/25, 2:05 PM
Terms Of Use



FEED

STUDIO ↗

CANVAS ↗

PROFILE

SEARCH

LEARN

HUB ↗

subscription (a "**Subscription**"), it will automatically renew until you cancel it.

**Fees**. You agree to pay all fees or charges to your Account according to the billing terms in effect at the time a fee or charge is due. You may download or purchase our Services from an approved third-party mobile app store or website ("**App Marketplace**"). We may add new products and services for additional fees or change fees for existing products and services at our discretion. Any changes to our prices and billing methods will be effective immediately upon posting of a notice on our Services or by email delivery to you. Any increased fees for existing Subscriptions will apply only to future charges beginning on your next billing period.

**Payment**. You may need to provide us, our third-party payment service provider, or an App Marketplace with valid credit card information or other permitted payment method ("**Payment Information**"). You authorize us, our third-party payment service provider, or the App Marketplace to charge your Payment Information for all amounts due and payable for the products and services you purchase from us. All financial transactions processed by our third-party payment service provider or by the App Marketplace will be subject to their respective terms and conditions. We aren't responsible in any event for the actions or inactions of the App Marketplace or any third-party payment service provider. Any billing and fee disputes may require resolution between you and the App Marketplace or applicable third party directly. Upon your Subscription renewal, if we, our payment processor, or the relevant App Marketplace do not receive payment via your Payment Information, you agree to pay all amounts due on your Account upon request. We or the App Marketplace may either cancel or suspend your Subscription and continue to attempt to charge your Payment Information until payment is processed.

**Automatic Subscription Renewals**. Subscription fees will be billed by us or the App Marketplace at the start of your Subscription or at the end of any free trial period (as applicable), and your

SIGN UP

LOG IN

Terms Of Use

FEED

STUDIO ↗

CANVAS ↗

PROFILE

SEARCH

LEARN

HUB ↗

SIGN UP

LOG IN

Subscription will renew in accordance with the Subscription terms you selected at purchase. The timing of billing may change at any time. **After your initial or subsequent Subscription period, your Subscription will automatically renew on the first day following the end of such period (each a "Renewal Commencement Date") and continue for an additional similar period at our then-current price. Your Account will continue to be charged for automatic renewals (even if you terminate your Account), unless you cancel your Subscription prior to the Renewal Commencement Date.**

**Canceling Your Subscription**. You can cancel your Subscription or opt out of any auto-renewal of your Subscription at any time in the manner described at the link **here**. Cancellation of your Subscription will be effective at the end of your then-current Subscription term, and your Subscription will not be renewed after your then-current Subscription term. You will not be eligible for a refund for any prorated fees you paid for the then-current Subscription term. We do not control and are unable to provide refunds for Subscriptions purchased through App Marketplaces.

**Free Trials**. Certain Subscription offers may include a free trial prior to processing any charges. We will communicate the trial period to you via our Services. If you decide to cancel your Subscription before we attempt to charge your authorized payment method, you must cancel your Subscription before the free trial ends. If you do not cancel before this time, you are responsible for payment for the full Subscription period.

**Monetization Features**. From time to time, our Services may provide monetization products or features, including products or features that enable eligible Creators to exchange payments with others on our platform, allow Creators or third parties to engage Creators for creative services, or enable Creators to license their Creator Content to third parties. These features, their usage, and the payment and receipt of such amounts will be governed by any supplemental terms that we update or provide from time to time. Any compensation for your activities on VSCO Hub will be solely

Page 37



FEED

STUDIO ↗

CANVAS ↗

PROFILE

SEARCH

LEARN

HUB ↗

SIGN UP

LOG IN

determined between you and any VSCO Hub Customer with whom you enter into an agreement.

**Taxes**. We or the App Marketplace, may charge you, and you agree to pay, for any fees and applicable taxes related to your Account or your use of our Services. If we determine we have a legal obligation to collect applicable taxes from you, we will collect them in addition to your payment for any Paid Services. Additionally, you are solely responsible for paying all taxes that may apply to you resulting from any transactions between you and any VSCO Hub Customer.

## 7. PRODUCT-SPECIFIC TERMS

**VSCO Hub**. By participating in VSCO Hub, you will be included in our search results shared with individuals, businesses, or organizations ("**VSCO Hub Customers**") interested in hiring or commissioning a Creator or licensing Creator Content. VSCO Hub Customers may reach out to you for business opportunities. You are solely responsible for your interactions and transactions with VSCO Hub Customers, and we aren't liable for your conduct or the conduct of any VSCO Hub Customer. We do not negotiate, enforce, mediate, or otherwise participate in any agreement between you and a VSCO Hub Customer and are not responsible for any disputes between you and a VSCO Hub Customer.

**VSCO Hub Brand Challenges**. We collaborate with brand partners from time to time on certain brand challenges ("**Brand Challenges**"). Brand Challenges allow Creators to submit Creator Content in response to a prompt published by VSCO or our partners with the opportunity to be selected and receive payment from the partner for the use of Creator Content. If you are selected for a Brand Challenge, then, in order to remain eligible, you will need to sign any agreements requested by VSCO to grant a license to the participating brand for use of your Creator Content. Brand Challenges are subject to these Terms, the **Community Guidelines**, and additional rules, as applicable.

Terms Of Use



FEED

STUDIO ↗

CANVAS ↗

PROFILE

SEARCH

LEARN

HUB ↗

SIGN UP

LOG IN

**User Research Participation**. If you choose to participate in voluntary research discussions, you agree to keep all information about VSCO (such as our future product plans) that you may receive in connection with any research discussion strictly confidential and, if asked, to return or delete all such confidential information. We may record you during research discussions to save time and better understand your Feedback. You give us consent to record your image, voice, likeness and activities during research discussions through photographs, videos, audio recordings, written notes, or any other method. You agree that VSCO exclusively owns such recordings and is free to use them for research, development, or other similar purposes without restriction.

## 8. THIRD-PARTY LINKS

From time to time, we, or other Creators, may include third-party links or integrations on our Services, or provide plug-ins from third-party services that link back to our Services ("**Third-Party Links**"). We do not control and are not responsible for third-party products, services, or content made accessible via those Third-Party Links. By accessing any such Third-Party Links, you agree to be bound by such third party's terms and conditions. Find more information about our Product Partnerships here.

## 9. INDEMNITY

You are responsible for all your activities while using our Services, including what you copy, share, upload, download, attach, send, receive, and record and any harmful or unlawful content or conduct. You will also be liable for any related costs, damages, or other effects.

You agree to defend, indemnify, and hold us, our subsidiaries and other affiliated companies, and our respective subsidiaries, employees, contractors, agents, officers, and directors harmless

Page 39

3/28/25, 2:05 PM                                                          Terms Of Use



from and against any and all claims, damages, obligations, losses, liabilities, costs, and expenses (including reasonable attorney's fees) arising from: (a) your use of and access to our Services; (b) your violation of this Agreement or our Community Guidelines; (c) any damage or violation of any third-party right, including rights of publicity, privacy, or intellectual property right caused by you or your Content; (d) your violation of any applicable law, rule, or regulation; (e) your use of or access to any Third-Party Links or your dealings with such third parties; or (f) your interactions with a VSCO Hub Customer.

## 10. NO WARRANTY

Our Services (including Beta Services) are provided to you on an "as is" and "as available" basis, and they may be interrupted or unavailable at times.

**You expressly understand and agree that to the extent permitted by law, your use of our Services is at your sole risk. To the maximum extent permitted by law, we expressly disclaim all warranties of any kind, whether express or implied, including implied warranties of merchantability, fitness for a particular purpose, or non-infringement. No advice or information, whether oral or written, obtained by you from us or through our Services will create any warranty not expressly stated in these Terms.**

**Without limiting the foregoing, we (including our subsidiaries and licensors) do not warrant that any VSCO Property, our Services, or content is accurate, reliable, or correct; that our Services will meet your requirements or will be available at any particular time or location, uninterrupted or secure; that any defects or errors will be corrected; or that our Services are free of viruses or other harmful components. We do not guarantee any results from your use of the Services. You assume the risk for any content you obtain through our Services.**

Page 40

Terms Of Use



FEED

STUDIO ↗

CANVAS ↗

PROFILE

SEARCH

LEARN

HUB ↗

SIGN UP

LOG IN

Without limiting the disclaimers set forth in these terms, you acknowledge that any Outputs are based on your Prompts, and that we have no control over any such Prompts. Accordingly, all Outputs are provided "as is" and with "all faults." We make no representations or warranties of any kind or nature with respect to any Prompts or Outputs, including any warranties of accuracy, completeness, truthfulness, timeliness, or suitability. You assume the risks associated with your use of our AI Services and any Outputs and are responsible for reviewing any Outputs and exercising your judgment as to its suitability. We do not guarantee that your use of our AI Services or Output will comply with applicable laws and regulations or that future laws and regulations will not impact your use thereof. You are solely responsible for ensuring that your use of our AI Services and any Output complies with all applicable laws.

## 11. LIMITATION OF LIABILITY

We are responsible only to the limited extent specifically stated in these Terms for any damages that occur from your use of our Services.

Exclusion of Liability. In no event will we (including our affiliates, agents, directors, employees, suppliers, or licensors) be liable for any indirect, punitive, incidental, special, consequential, or exemplary damages relating to these Terms or from our Services, including damages for loss of profits, lost business opportunities, reputation, loss of data, or any theory of liability.

Limitation on Damages. In no event will we (including our affiliates, agents, directors, employees, suppliers, or licensors) be liable to you for any claims, proceedings, liabilities, obligations, damages, losses or costs in an amount exceeding amounts you paid to us during the 12 months preceding the events giving rise to the claim or US $100.00, whichever is greater.

Page 41

3/28/25, 2:05 PM    Terms Of Use



**Basis of the Bargain**. The limitations of damages set forth above are fundamental elements of the basis of the bargain between you and VSCO. This limitation of liability section applies whether the alleged liability is based on contract, tort, negligence, strict liability, or any other basis, even if we have been advised of the possibility of such damage. The foregoing limitation of liability will apply to the fullest extent permitted by law in the applicable jurisdiction.

## 12. TERM AND TERMINATION

You can terminate your Account whenever you choose. We may terminate your Account at any time for any reason. Termination of your Account does not cancel your Subscription. If your Account is terminated by you or by us, you must separately terminate your Subscription in the manner described here.

**Term**. These Terms apply beginning on the date you first used our Services or the date you accepted these Terms, whichever came first, and will continue to apply until terminated.

**Termination of Services by VSCO**. We may terminate this Agreement or your ability to access or use any or all of our Services at any time for any reason, including if payment cannot be charged to your Payment Information for any reason, if you have violated these Terms or if we are legally required to do so. You will not be entitled to a refund if we terminate your Account or your access to our Services due to your violation of these Terms.

**Termination by You**. If you want to terminate this Agreement, you can do so by deleting your Account and terminating all your Subscriptions.

**Survival**. All provisions of this Agreement that need to continue will continue following the termination of this Agreement, including ownership provisions, warranty disclaimers, arbitration and governing law, and limitations of liability.

https://www.vsco.co/about/terms-of-use    17/28

3/28/25, 2:05 PM                                    Terms Of Use



# 13. INFORMAL CLAIM RESOLUTION

**Informal Claim Resolution First**. VSCO is committed to creating a Creator-first experience. We want to work with you to resolve any disputes relating to these Terms or our Services informally. Before pursuing formal resolution of any dispute, you agree to give us an opportunity to resolve any disputes by contacting "VSCO Legal Department: Claims Resolution," by mail to 548 Market Street, Suite 92958, San Francisco, California 94104-5401, with a copy to disputes@vsco.co. You must include information about the nature of your claim, the amount involved, if any, and the remedies you are seeking. We both agree to use good faith and reasonable commercial efforts to resolve any such claims. If the dispute is not resolved within 60 days from the date we receive your notice, you may seek relief through binding arbitration.

# 14. ARBITRATION AGREEMENT

**Please read the following arbitration agreement ("Arbitration Agreement") carefully. This section provides that you and VSCO agree to resolve all disputes between us through binding arbitration and includes a class action and jury waiver. This Arbitration Agreement supersedes all prior versions.**

**Arbitration Notice and Agreement**. This Arbitration Agreement requires you to arbitrate disputes between you and VSCO, which means you will only be able to pursue claims and seek relief against us on an individual basis through arbitration. You are also waiving your right to seek relief in a court of law and to have a jury trial. This Arbitration Agreement will continue to apply even if you delete, or we suspend or terminate, your Account.

**Applicability of Arbitration Agreement**. You agree that any dispute, claim, or request for relief relating in any way to your access or use of our Services, to any products sold or distributed through our Services, or to any aspect of your relationship with us,



FEED

STUDIO ↗

CANVAS ↗

PROFILE

SEARCH

LEARN

HUB ↗

SIGN UP

LOG IN

will be resolved by binding arbitration, rather than in court, except that you and VSCO can seek equitable relief in court for infringement or other misuse of intellectual property rights (such as trademarks, trade secrets, copyrights, and patents), any illegal or intentional act affecting the accessibility, functionality, or the security of our Services, or any illegal or intentional act against your interests or VSCO's general business interests. **This Arbitration Agreement applies, without limitation, to all disputes or claims and requests for relief that originated before the effective date of this Agreement or any prior version of this Agreement. You agree to this Arbitration Agreement as a condition of your use (or continued use) of our Services every time it is changed or updated.**

**Arbitration Rules and Forum**. The Federal Arbitration Act (9 U.S.C. § 1 et seq.) ("**FAA**"), including its procedural provisions, in all respects, applies to the interpretation and enforcement of this Arbitration Agreement. The following rules and procedures shall apply to any arbitration proceeding brought under these Terms:

- Arbitrations will be administrated by NAM in accordance with their Comprehensive Dispute Resolution Rules and Procedures available at https://www.namadr.com/resources/rules-fees-forms/, except as modified by these Terms.
- The arbitration will be conducted by a professional arbitrator(s) with substantial experience in resolving commercial disputes. The arbitrator will be selected pursuant to NAM's standard process as described in NAM's Comprehensive Dispute Resolution Rules and Procedures.
- If a claim seeks equitable relief (including injunctive relief), the parties agree to bifurcate the proceeding and that the arbitrator has the authority to rule on liability first, before conducting any proceedings (including discovery) related to the appropriate relief.

Page 44



- The arbitration will occur through the submission of documents to one arbitrator. If the arbitrator determines that a hearing is necessary, the hearing will be conducted remotely by telephone or videoconference. If the arbitrator determines that an in-person hearing is necessary, the hearing will take place in a county in the U.S. where you reside or a mutually agreed upon location.

- Unless required by applicable law, the arbitration proceeding and all records pertaining to it, including but not limited to any documents prepared or produced in connection with the proceeding, the hearing, and/or the arbitration award, will be confidential and will not be disclosed to any third party, except to obtain court confirmation of any arbitration award as needed.

Any judgment not satisfied on the award rendered by the arbitrator may be entered in any court of competent jurisdiction.

**Initiating an Arbitration Claim**. To begin an arbitration proceeding after complying with the informal dispute resolutions provided above, you must send a Demand for Arbitration, including a copy of these Terms and a description of your dispute to National Arbitration and Mediation at 990 Stewart Avenue, First Floor, Garden City, NY 11530 ("**NAM**"), with copies to (a) VSCO at disputes@vsco.co, and (b) our registered agent at CT Corp, 1209 Orange Street, Wilmington, Delaware, 19801. You must also provide a certification that you have complied with the informal dispute resolution provided above, signed by you and counsel who is representing you in the matter.

**Arbitration Fees**. If VSCO is initiating an arbitration against you, VSCO will pay all costs associated with the arbitration, including the entire filing fee. If you are initiating an arbitration against VSCO, you will be responsible for the nonrefundable initial filing fee. If, however, the amount of the initial filing fee is more than you would have to pay to file a complaint in the United States District



Court for the Northern District of California (or, for cases where that court would lack original jurisdiction, the California Superior Court, County of San Francisco), VSCO will pay the difference between the initial filing fee and the amount you would have to pay to file a complaint in court. VSCO will pay both parties' administrative fee. NAM's fees are available at https://www.namadr.com/resources/rules-fees-forms/.

**Authority of Arbitrator**. The NAM arbitrator(s) will have exclusive authority to: (a) determine the scope and enforceability of this Arbitration Agreement; and (b) resolve any dispute related to the interpretation, applicability, enforceability, or formation of this Arbitration Agreement. The arbitration proceeding will decide each of your and VSCO's rights and liabilities, if any. The arbitrator will have the authority to grant motions resolving any claim, to award monetary damages, and to grant any non-monetary remedy or relief available under applicable law, the arbitral forum's rules, and this Agreement, including injunctive relief. The arbitrator will issue a written award and decision describing the essential findings and conclusions underlying any award, including the calculation of any damages. The award of the arbitrator is final and binding upon both you and VSCO.

**Waiver of Jury Trial**. You and VSCO both waive any constitutional and statutory rights to sue in court and have a trial in front of a judge or a jury, with the exceptions stated in this Arbitration Agreement. If for any reason a dispute proceeds in court rather than in arbitration, you and VSCO each waive any right to a jury trial. An arbitrator can award the same damages and relief as a court and follow our Arbitration Agreement as a court would.

**Waiver of Class or Other Non-Individualized Relief**. All disputes, claims, and requests for relief within the scope of this Arbitration Agreement must be arbitrated on an individual basis and not on a class or collective basis. Only individual relief is available. Claims of more than one Creator cannot be arbitrated or consolidated with those of another Creator. If the arbitrator issues a decision that

Terms Of Use



FEED

STUDIO ↗

CANVAS ↗

PROFILE

SEARCH

LEARN

HUB ↗

SIGN UP

LOG IN

enforcement of these provisions is not applicable to a specific dispute, claim or request for relief, then only those specific issues will be removed and brought into the state or federal courts of the State of California.

**Batch Arbitrations**. If 25 or more claimants represented by the same or similar counsel file demands for arbitration raising substantially similar disputes, then you and VSCO agree that NAM will administer them in batches of up to 50 claimants each (each a "**Batched Claim**"), unless there are less than 50 claimants in total or after batching, which will comprise a single Batched Claim. NAM will administer each Batched Claim as a single arbitration with one arbitrator, one set of administrative fees, one hearing held by videoconference or in a location decided by the arbitrator (if applicable), and one final award for each Batched Claim. If any part of this section is found to be invalid or unenforceable as to a particular claimant or Batched Claim, it will be severed and arbitrated in individual proceedings. This provision shall in no way be interpreted as authorizing a class, collective and/or mass arbitration or action of any kind, or arbitration involving joint or consolidated claims under any circumstances.

**Modification.** Notwithstanding anything contrary in these Terms, we agree that if we make any material change to this Arbitration Agreement, we will notify you. Your continued use of our Services, including the acceptance of the Services following the posting of changes to this Arbitration Agreement constitutes your acceptance of any such changes.

**30-Day Right to Opt Out**. You have the right to opt out of the provisions of this Arbitration Agreement by sending written notice of your decision to opt out to opt-out@vsco.co, within 30 days after you create your Account or continue using your Account after receiving notice of this Arbitration Agreement. Maintaining your Account requires you to read and accept these Terms and this Arbitration Agreement. Your notice must include your name and address, your VSCO username (if any), the email address used to



FEED

STUDIO ↗

CANVAS ↗

PROFILE

SEARCH

LEARN

HUB ↗

SIGN UP

LOG IN

set up your Account, and an unequivocal statement that you want to opt out of this Arbitration Agreement. Opting out of this Arbitration Agreement has no effect on any other agreements that you currently have with us, including the rest of these Terms, or may enter in the future with us.

## 15. ACKNOWLEDGMENT OF IMAGE RECOGNITION TECHNOLOGY

As a part of our Services, we may incorporate computer vision technology that is used for image tagging, enhanced editing, and for providing a more customized experience. This technology does not include, generate, or otherwise process biometric identifiers or biometric information.

## 16. GENERAL

This section provides important legal information that you should review, including your agreement to receive electronic communications from us.

**Assignment.** You may not transfer or assign this Agreement, including any rights or licenses granted to you by these Terms. We may assign or transfer this Agreement without restriction.

**Changes to the Agreement**. These terms are subject to change at any time. If we make material changes to these Terms, we will provide a copy of the updated terms on our Services. Any changes will be effective immediately for new Creators and effective for continuing Creators upon the earliest of: (a) 30 days after posting notice of such changes on our Services; (b) 30 days after dispatch of an email notice or notice delivered through an in-app modal of such changes to you; or (c) your consent to the updated Terms, if applicable.

Page 48

3/28/25, 2:05 PM                                  Terms Of Use



**FEED**

**STUDIO** ↗

**CANVAS** ↗

**PROFILE**

**SEARCH**

**LEARN**

**HUB** ↗

**SIGN UP**

**LOG IN**

**Your continued use of our Services indicates your acceptance of any changes. If you do not agree to any changes after receiving a notice, cease use of our Services, close your Account, and cancel your Subscriptions. Please regularly check our Services to view the then-current terms.**

**Electronic Communications**. By using our Services, you agree to receive communications from us or our affiliated companies, including via electronic means. Texts, calls or other messages may be generated by automatic telephone dialing systems. Standard text messaging charges applied by your cell phone carrier will apply to text messages that we send. You consent to receive communications from VSCO in an electronic form, and you agree that all terms and conditions, agreements, notices, disclosures, and other communications, such as messages delivered through in-app modals that VSCO provides to you electronically satisfy any legal requirement that we are communicating to you in writing. The foregoing does not affect your statutory rights. **If you wish to opt out of promotional emails, you can unsubscribe from our promotional email list by following the Unsubscribe options in any promotional email.**

**Limitation Period**. You and VSCO both agree that any cause of action arising out of or related to these Terms, our Services or any content must commence within one year after the cause of action accrues. Otherwise, such cause of action is permanently barred.

**Governing Law and Venue**. These Terms and any related action will be governed and interpreted by and under the laws of the State of California, consistent with the FAA, other than conflict of laws principles. To the extent you and VSCO are permitted to initiate litigation in a court, you and VSCO both agree that all claims and disputes between you and VSCO will be litigated exclusively in the state or federal courts located in San Francisco County, California.

**Language**. These Terms were originally written in English and are to be governed and interpreted in the English language. In the

3/28/25, 2:05 PM                                    Terms Of Use



event of a conflict between the English version of these Terms and a version of these Terms translated into another language, the English version will prevail.

**Notice**. If we require that you provide an email address, you must provide us with your most current email address. If the last email address you provided to us is invalid or is unable to receive our notices, our notice is effective upon dispatch. You can give us notice at the following address: 548 Market Street, Suite 92958, San Francisco, California 94104-5401, Attn: VSCO Legal Department. Notice is effective upon our receipt of delivery by a nationally recognized overnight delivery service or first-class postage prepaid mail at the above address.

**Trade Controls**. You understand and acknowledge that our Services are subject to various U.S. laws and regulations pertaining to sanctions and export controls ("**Trade Controls**"). Your activities involving our Services must be in compliance with applicable Trade Controls. Unless authorized by Trade Controls, you must not directly or indirectly provide or make our Services available to: (a) persons located in countries or territories that are subject to comprehensive sanctions (presently, Cuba, Iran, North Korea, Syria, and the Crimea, Donetsk People's Republic, and Luhansk People's Republic in Ukraine; each an "**Embargoed Region**"); (b) persons that are prohibited under Trade Controls from receiving our Services (each a "**Sanctioned Person**"); or (c) for unauthorized end-uses. You represent and warrant that you are not located in an Embargoed Region and are not a Sanctioned Person. You agree to promptly inform us if any of the foregoing representations ceases to be true. You understand and acknowledge that we have the right to terminate this Agreement, which includes suspension of your Account, effective immediately in the event that you violate these Terms, become a person we're prohibited from dealing with pursuant to Trade Controls, or as required to ensure our compliance with applicable Trade Controls.

Page 50

3/28/25, 2:05 PM                                                    Terms Of Use

FEED

STUDIO ↗

CANVAS ↗

PROFILE

SEARCH

LEARN

HUB ↗

SIGN UP

LOG IN

**Entire Agreement; Severability**. These Terms, together with any amendments and any additional agreements you may enter into with us in connection with our Services, serve as the entire agreement between you and VSCO relating to our Services. If any provision of this Agreement is deemed invalid by a court of competent jurisdiction, the remaining valid provisions will be in full force and effect.

**No Waiver**. No waiver of any term of this Agreement or failure to assert a right or provision will constitute a future or ongoing waiver of such term (or any other term) or such right or provision.

**App Stores**. If you download and access our Services through the Apple App Store (an "**App Store Sourced Software**"), you will use only the App Store Sourced Software (a) on an Apple-branded product that runs the iOS (Apple's proprietary operating system), and (b) as permitted by the "Usage Rules" set forth in the Apple Media Services Terms of Service. If you download and access our Services from the Google Play store (a "**Google Play Sourced Application**"), you may have additional license rights on a shared basis within your designated family group. The availability of our Services are dependent on the App Marketplace from which you received a software license, e.g. the Apple App Store or Google Play. You acknowledge that the applicable App Marketplace has no responsibility for furnishing any maintenance and support services with respect to our Services, nor for addressing any claims by you or any third-party relating to the Services, or your possession or use of our Services.

You agree to comply at all times with all terms required by the applicable App Marketplace when using any of our Services, including our mobile app. You acknowledge that the applicable App Marketplace (and its subsidiaries) are third-party beneficiaries of this Agreement.

Page 51

　　　　　　　　　Terms Of Use

VSCO

FEED

STUDIO ↗

CANVAS ↗

PROFILE

SEARCH

LEARN

HUB ↗

TRY FOR FREE

DOWNLOAD NOW

## COMPANY

About VSCO

Products

Plans

Careers

Press

## FEATURES

What's New

Photo Editor

Mobile App

Photo Filters

Creative Community

VSCO Hub

VSCO Canvas

SIGN UP

LOG IN

VSCO

FEED

STUDIO ↗

CANVAS ↗

PROFILE

SEARCH

LEARN

HUB ↗

SIGN UP

LOG IN

## COMMUNITY

Photographer Stories

Learn

Guidelines

Safety

Support

Forum

## GUIDES

Photography Basics

Photography Tips and Techniques

Photography Guides

Curated Photo Collections

Photography Business

Terms of Use

VSCO Hub Agreement

Privacy Policy

Cookie Settings

Copyright 2025 VSCO. All rights reserved.

# EXHIBIT C

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISUAL SUPPLY COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> ADAM KHIMJI, an individual, and DOES 1-20, inclusive, <br><br> Defendants. | Case No. 24-cv-09361-WHO <br><br> **ORDER DENYING MOTION TO DISMISS OR STAY** <br><br> Re: Dkt. No. 15 |

Defendant Adam Khimji ("Khimji") moves to dismiss or stay this case, brought by plaintiff Visual Supply Company ("VSCO"), that alleges trademark infringement and dilution and related state law claims. As discussed below, there is personal jurisdiction over Khimji in this court, he does not have standing to compel arbitration, VSCO's claims are adequately stated, and dismissal for *forum non conveniens* is not warranted. Khimji's Motion to Dismiss or Stay is DENIED.

## BACKGROUND

VSCO – a platform that connects and provides photographers with tools to create community and business connections – alleges that Khimji and unknown Does 1 -20 willfully exploited VSCO's sites and goodwill in violation of VSCO's Terms of Use ("TOU") that prohibit copying, scraping, or distribution of another user's content. Compl. ¶¶ 1, 3. It states that Khimji and others intentionally scraped, downloaded, copied, aggregated, and redistributed for profit the images from primarily female VSCO users, and created numerous websites that infringed the VSCO trademarks in that they were styled to appear as though VSCO had sponsored, authorized, or endorsed them. *Id*. ¶ 4. Those scraped images were then posted by defendants on Reddit communities and websites such as <vsco.club> and <glizzy.cafe>. Compl. ¶¶ 4, 33. VSCO also

1    alleges that defendants "targeted" "certain users to sexualize content posted to VSCO and profit

2    from such collections of content." *Id.* ¶ 5.

3         On July 28, 2023, VSCO sent a cease and demand letter to "vscoclub@protonmail.com",

4    the email address listed on the <vsco.club> and <glizzy.cafe> sites. Compl. ¶ 36.  VSCO made

5    several efforts to identify the operators of these websites and to shut down their infringing

6    activities,  including filing two complaints pursuant to the Uniform Domain Name Dispute

7    Resolution Policy ("URDP") in the WIPO Arbitration and Mediation Center. Compl. ¶¶ 34-38.

8    VSCO identified Khimji – and only Khimji – as the owner "vsco.club" webpages on third party

9    sites from subpoenas issued  to Cloudflare, Inc. ("Cloudflare"), Namesilo LLC, and Patreon, Inc.

10   ("Patreon"). *See* 24-mc-80158-SK (N.D. Cal.).  Patreon and Cloudflare produced payment records

11   listing Khimji's full name, physical address in Ottawa, Canada, and email address as

12   vscoclub@protonmail.com, the same email identified on the <vsco.club> and <glizzy.cafe> sites.

13   Compl. ¶ 41.  It then filed suit asserting claims against Khimji and Does 1-20 for violation of

14   federal trademark laws – Trademark Infringement in violation of 15 U.S.C. § 1114, Trademark

15   Dilution in violation of 15 U.S.C. § 1125(C)(2)(C), and Federal Unfair Competition in violation of

16   15 U.S.C. § 1125(A) – and related state law causes of action for Statutory Unfair Competition (in

17   violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*), trespass to chattels, and breach of contract.

18   *See* Compl. ¶¶ 2, 46-86.

19        Khimji maintains that he has never "used VSCO's website or applications in any way, and

20   [] never created any account with VSCO." *See* Declaration of Adam Khimji ("Khimji Decl.")

21   [Dkt. No. 15-1] ¶ 7.  He also argues that he first learned of the conduct alleged by VSCO when he

22   received a cease-and-desist letter in October 2024, and that the email account uncovered through

23   the subpoenas is not his. *Id.* ¶¶ 8, 9.

24                                 **DISCUSSION**

25   **I.     PERSONAL JURISDICTION**

26        Khimji contends that this court lacks personal jurisdiction over him.  There is no dispute

27   that Khimji is a Canadian citizen who resides in Ottawa, Ontario and works for the Government of

28   Canada.  *See* Khimji Decl. ¶¶ 1, 2.  He claims that he has never "used VSCO's website or

2

1 applications in any way, and ha[s] never created any account with VSCO." *Id.* ¶ 7; Mot. at 15.

2 Because of this, he argues that he cannot be bound to VSCO's TOU, which contains a venue

3 selection clause allowing disputes to be filed in this District.[1]  He also argues that specific

4 jurisdiction does not exist because he has "not travelled to the United States since 2022" and has

5 not visited "the state of California since 2017."  Khimji Decl. ¶ 4.

6          Considering the record as a whole, including the results of VSCO's third-party subpoenas,

7 VSCO has plausibly alleged conduct by Khimji that is sufficiently directed to and connected to

8 this District in three ways: first, by targeting VSCO which is a resident of this District; second, by

9 registering interactive websites with companies based in this District that contained scraped

10 images from VSCO or used VSCO's trademarks; and third, by setting up a Patreon account –

11 another company based in this District – to monetize the alleged conduct.  Compl. ¶¶ 4, 25-45; *see*

12 *also*  Khimji Decl., Ex. B ("Cease and Desist Letter"); Declaration of Andrew M. Levad [Dkt. No.

13 16-2] ¶¶ 5, 7.

14     **A.     Legal Standard**

15          The Ninth Circuit employs a three-part test for analyzing specific jurisdiction, commonly

16 known as the minimum contacts test.  *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz*

17 *Choloma, S.A.*, 972 F.3d 1101, 1107 (9th Cir. 2020); *Freestream Aircraft (Bermuda) Ltd. v. Aero*

18 *Law Grp.*, 905 F.3d 597, 603 (9th Cir. 2018).  First, the defendant must "purposefully direct" its

19 conduct towards the forum state or residents of that state.  *Schwarzenegger v. Fred Martin Motor*

20 *Co.,* 374 F.3d 797, 802 (9th Cir. 2004).  Next, the claim must "arise out of or relate to" those

21 forum-related activities.  *Id.*  Finally, the exercise of jurisdiction must comport with fair play and

22 substantial justice—in other words, it must be reasonable.  *Id.*; *see also Boschetto v. Hansing*, 539

23 F.3d 1011, 1016 (9th Cir. 2008).

24

25

26 ───────────
[1] Section 16 of VSCO's TOU provides, in relevant part, "[t]o the extent you and VSCO are
27 permitted to initiate litigation in a court, you and VSCO both agree that all claims and disputes between you and VSCO will be litigated exclusively in the state or federal courts located in San
28 Francisco County, California."  Declaration of Simon Lin [Dkt. No. 15-2], Ex. E, ECF pgs. 176-349 ("TOU").

3

### B.    Purposeful Direction

The purposeful direction or "effects" test from *Calder v. Jones*, 465 U.S. 783 (1984) requires (1) that the defendant commit an intentional act (2) expressly aimed at the forum state, (3) causing harm the defendant knows will be suffered in the forum state. *Briskin v. Shopify, Inc.,* 135 F.4th 739, 751 (9th Cir. 2025). A defendant can intentionally inflict harm aimed at the forum state without taking any physical action within its borders, including through electronic contact. *Id*. at 752. In cases involving interactive websites, the Ninth Circuit has ruled that purposeful direction exists when a webpage expressly aims its conduct toward a forum state where its victims are intentionally chosen, even if the offending platform is available across the nation. *Id.* at 758; *see also Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1129-30 (9th Cir. 2010).

There is no dispute that VSCO's plausible allegations of acts Khimji took with respect to VSCO's site and VSCO's trademarks constitute intentional acts. Khimji, however, disputes whether the express aiming and harm in California elements have been satisfied.

#### 1.    Express Aiming

In assessing the express aiming requirement, the Ninth Circuit in *Briskin* examined the interactivity of Shopify's website, its geographic scope, and whether it individually targeted California residents (also referred to as the "something more"). 135 F.4th at 754. The court held that Shopify expressly aimed its conduct at the forum state by its alleged conduct (deceiving consumers and breaking state laws when it installed software and tracked the location of California residents without consent). *Id.* at 756.[2] Therefore, even in cases involving an out-of-state defendant, the express aiming requirement may be fulfilled where a resident plaintiff alleges harm caused by copyright infringement in the forum state. *Id.*; *see also Int'l Aero Prods., LLC v. Aero Advanced Paint Tech.*, Inc., 325 F. Supp. 3d 1078, 1085 (C.D. Cal. 2018) ("all that a plaintiff needs to show is that the defendant 'willfully infringed' [the plaintiff's trademark] and that the defendant knew that the plaintiff had its principal place of business in this district.").

---

[2] *Briskin* also explicitly rejected the "differential targeting" requirement for express aiming discussed in *AMA Multimedia, LLC v. Wanat,* 970 F.3d 1201 (9th Cir. 2020) and relied on here by Khimji, reasoning that such a requirement would create a "perverse" outcome of permitting actors to target victims in all 50 states while avoiding specific jurisdiction in each. *Id.*

United States District Court
Northern District of California

1    VSCO has filed "suit in its home state against an out-of-state defendant and alleges that

2    defendant intentionally infringed its intellectual property rights knowing [the plaintiff] was located

3    in the forum state." *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 961 (N.D. Cal.

4    2015); *see also Wash. Shoe Co. v. A-Z Sporting Goods Inc.,* 704 F.3d 668, 678 (9th Cir. 2012).[3]

5    Khimji contests whether VSCO is really "at home" in California, noting that it allows employees

6    to work remotely and has not identified where its servers are located. *See* Reply at 14. VSCO

7    maintains that it has always been headquartered in San Francisco. And although the company

8    moved to remote operations during the pandemic, it has a commercial lease in San Francisco and a

9    majority of its executives work in this District. Declaration of Akaash Gupta [Dkt. No. 16-1] ¶ 4;

10   *see also* Opposition to Motion to Dismiss [Dkt. No. 16] at 9.

11   VSCO's being at home in this District is not the only allegation that helps to satisfy

12   express aiming. It additionally argues and plausibly alleges that Khimji expressly aimed his

13   conduct at California residents by posting the scraped, illicit content to Reddit, a platform based in

14   this District. Compl. ¶¶ 27, 30; Levad Decl. Ex. F, pgs. 40-51. In addition, VSCO alleges and

15   submits evidence to support its jurisdictional arguments that Khimji was responsible for

16   registering two interactive websites that used VSCO's trademarks and scraping images from

17   VSCO's site with Cloudflare, which is likewise based in this District. Compl. ¶¶ 40-41; Levad

18   Decl. Ex. D, pgs. 43-45. Finally, it alleges and points to evidence that Khimji set up an account

19   with Patreon, also based in this District, to monetize his scheme. Compl. ¶¶ 40, 41; Levad Decl.

20   Ex. E, pgs. 46-48.

21   In sum, VSCO plausibly alleged that Khimji's intentional actions harmed VSCO in this

22   District and that he took additional steps with District-based companies that further harmed

23   VSCO's marks and goodwill. This conduct satisfies the "something more" test and satisfies the

24   purposeful direction prong of the minimum contacts test. The interactive webpages that Khimji

---

[3] While the *Adobe* case held that express aiming could be satisfied by allegations that a defendant intentionally targeted the intellectual property of a resident in the forum, following *Walden v. Fiore*, 571 U.S. 277 (2014) "something more" is required. Here that something else includes Khimji's plausibly entering into contracts with companies in this District – Cloudflare, Reddit and Patreon – to set up websites and forums using VSCO's marks and scraped content to monetize his conduct.

United States District Court
Northern District of California

allegedly created on California-based platforms of Patreon, Cloudflare, and Reddit, combined with Khimji's knowledge of VSCO's headquarters in San Francisco, is sufficient to establish that he purposefully directed his alleged conduct towards this state.

### 2. Harm in California

These same allegations and the evidence in support likewise satisfy the requirement that harm be felt in California. Purposeful direction has been satisfied.

### C. VSCO's Claims Arise Out of Khimji's Plausibly Alleged Conduct

Khimji does not dispute that, if adequately alleged and supported, the claims VSCO asserts "arise out" of the conduct alleged. VSCO's claims arise from the harm caused by Khimji's alleged trademark infringement and scraping of content from VSCO's site. But for Khimji's alleged conduct, VSCO's marks would not be diluted and its reputation as a secure site for content creators would not be diminished.

### D. Reasonableness

After the plaintiff establishes the first two prongs of the minimum contacts test, the defendant has the burden of proving how the exercise of jurisdiction would be unreasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 461, 477 (1985). In evaluating reasonableness, courts within the Ninth Circuit consider: the extent of the defendant's purposeful interjection into the forum state's affairs; defendant's burdens in litigating in the forum; the extent of sovereign conflict with the defendant's state; the forum state's interest in adjudicating the dispute; the most efficient judicial resolution of the controversy; the importance of the forum to the plaintiff's interest in convenient and effective relief; and the existence of an alternative forum. *Freestream Aircraft*, 905 F.3d at 607.

Exercising personal jurisdiction over Khimji in this court is reasonable considering the extent of his alleged activities towards actors in this District and VSCO's stake in obtaining effective and efficient relief in this forum. VSCO has plausibly alleged (although disputed by Khimji) that Khimji purposefully directed his illegal and wrongful activities at VSCO, a resident of this District, utilizing the services of other companies based in this District to carry out and monetize his scheme. Khimji does not specifically address how the assertion of jurisdiction in this

court would be unreasonable and unfair, referring instead his arguments made in support for the request to dismiss this action based on *forum non conveniens* in favor of a forum in Canada. As discussed below, Khimji's *forum non conveniens* arguments fail. For the same reasons, exercise of jurisdiction over Khimji in this District is more than reasonable.

The motion to dismiss for lack of personal jurisdiction is DENIED.

## II.    ARBITRATION AGREEMENT

Khimji's second major argument in support of his motion is that VSCO should be equitably estopped from pursuing its claims in this court. Instead, it should be compelled to arbitrate in light of VSCO's TOU's Arbitration Agreement.

VSCO's TOU contains the following Arbitration Agreement:

> **Arbitration Notice and Agreement**. This Arbitration Agreement requires you to arbitrate disputes between you and VSCO, which means you will only be able to pursue claims and seek relief against us on an individual basis through arbitration. You are also waiving your right to seek relief in a court of law and to have a jury trial. This Arbitration Agreement will continue to apply even if you delete, or we suspend or terminate, your Account.

> **Applicability of Arbitration Agreement**. You agree that any dispute, claim, or request for relief relating in any way to your access or use of our Services, to any products sold or distributed through our Services, or to any aspect of your relationship with us, will be resolved by binding arbitration, rather than in court, except that you and VSCO can seek equitable relief in court for infringement or other misuse of intellectual property rights (such as trademarks, trade secrets, copyrights, and patents), any illegal or intentional act affecting the accessibility, functionality, or the security of our Services, or any illegal or intentional act against your interests or VSCO's general business interests. **This Arbitration Agreement applies, without limitation, to all disputes or claims and requests for relief that originated before the effective date of this Agreement or any prior version of this Agreement. You agree to this Arbitration Agreement as a condition of your use (or continued use) of our Services every time it is changed or updated**.

> **Arbitration Rules and Forum**. . . . The following rules and procedures shall apply to any arbitration proceeding brought under these Terms:
> . . .

> If a claim seeks equitable relief (including injunctive relief), the parties agree to bifurcate the proceeding and that the arbitrator has the authority to rule on liability first, before conducting any proceedings (including discovery) related to the appropriate relief.
> . . .

United States District Court
Northern District of California

7

**Authority of Arbitrator**. The NAM arbitrator(s) will have exclusive authority to: (a) determine the scope and enforceability of his Arbitration Agreement; and (b) resolve any dispute related to the interpretation, applicability, enforceability, or formation of this Arbitration Agreement. The arbitration proceeding will decide each of your and VSCO's rights and liabilities, if any. The arbitrator will have the authority to grant motions resolving any claim, to award monetary damages, and to grant any non-monetary remedy or relief available under applicable law, the arbitral forum's rules, and this Agreement, including injunctive relief. The arbitrator will issue a written award and decision describing the essential findings and conclusions underlying any award, including the calculation of any damages. The award of the arbitrator is final and binding upon both you and VSCO.

Arbitration Agreement, Dkt. 15-2, Section 14 at ECF pg. 193-196 (emphasis in original).

Despite forcefully arguing that he is not bound by VSCO's TOU because he never created a VSCO account and never visited the VSCO site,[4] Khimji contends he should be able to equitably estop VSCO from avoiding arbitration on behalf of the Doe defendants who may have agreed to the TOU. Mot. at 10-17; Reply at 1-3. The Ninth Circuit has explained:

> Where a nonsignatory seeks to enforce an arbitration clause, the doctrine of equitable estoppel applies in two circumstances: (1) when a signatory must rely on the terms of the written agreement in asserting its claims against the nonsignatory or the claims are "intimately founded in and intertwined with" the underlying contract, *Goldman v. KPMG LLP*, 173 Cal.App.4th 209, 221, 92 Cal.Rptr.3d 534 (2009) (quoting *Metalclad Corp. v. Ventana Envtl. Org. P'ship*, 109 Cal.App.4th 1705, 1713, 1 Cal.Rptr.3d 328 (2003)), and (2) when the signatory alleges substantially interdependent and concerted misconduct by the nonsignatory and another signatory and "the allegations of interdependent misconduct [are] founded in or intimately connected with the obligations of the underlying agreement." *Goldman*, 173 Cal.App.4th at 219, 92 Cal.Rptr.3d 534.

*Kramer v. Toyota Motor Corp*., 705 F.3d 1122, 1128-29 (9th Cir. 2013).

Khimji argues that he did not create a VSCO account and there is no evidence regarding whether the Doe defendants signed up for a VSCO account. *See supra*. So the first problem with Khimji's equitable estoppel argument is that there is no identified signatory to the Arbitration Agreement with VSCO. The Doe defendants have not been identified by VSCO despite its good faith attempts. Khimji refuses to provide more information and proclaims that he knows nothing about any of the acts alleged in the Complaint. Khimji Decl. ¶ 7.

---

[4] *See* Mot. at 1, 5; *see also* Khimji Decl. ¶ 7.

8

1    But even if a Doe signatory had been identified, Khimji maintains that he has no

2    knowledge of the conduct alleged in the Complaint, which means that Khimji and the Does are not

3    sufficiently related to allow Khimji to assert the Arbitration Agreement. *See, e.g., Kroskey v.*

4    *Elevate Labs, LLC*, No. 5:24-CV-08113-EJD, 2025 WL 1507091, at *4 (N.D. Cal. May 27, 2025)

5    (discussing Ninth Circuit caselaw finding nonsignatories may enforce arbitration agreements

6    "under ordinary contract and agency principles" specifically allowing "nonsignatory corporations

7    to compel arbitration under arbitration clauses signed by their corporate parents, subsidiaries, or

8    affiliates, at least when the allegations against the nonsignatory corporation do not differ

9    substantially from those against its signatory affiliate." (internal citations omitted)); *see also*

10    *Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006) (discussing line of cases where

11    "signatories have been required to arbitrate claims brought by nonsignatories at the nonsignatory's

12    insistence because of the close relationship between the entities involved" (internal quotation

13    omitted)).  While the Complaint alleges a relationship between Khimji and the Does,[5] Khimji's

14    assertion that he has no knowledge of the infringing and unfair conduct alleged by VSCO in its

15    Complaint, and therefore *no knowledge* of the identity of or relationship with the Does, precludes

16    him from seeking to equitably enforce an agreement based on ordinary contract and agency

17    principles.  Khimji Decl. ¶ 7.

18    Moreover, if there was evidence that Khimji and the Does have an affiliate, agency, or

19    other sufficiently connected relationship, Khimji would still not have standing to enforce the

20    Agreement as a nonsignatory because the explicit language of the Arbitration Agreement limits its

21    application to disputes arising between the signatory ("You") and VSCO.  *See Donovan v.*

22    *Coinbase Glob., Inc.*, 649 F. Supp. 3d 946, 955 (N.D. Cal. 2023) (holding that where "User

23    Agreement contains clear-cut language showing an intent to arbitrate disputes between the

24    signatories only," nonsignatories could not move to enforce under equitable estoppel).

25    Finally, despite the presence of a delegation clause in the Arbitration Agreement

26

27    _____

28    [5] *See* Compl. ¶11 ("Numerous Reddit posts by Defendants make clear that Mr. Khimji did not act
alone and that he is knowledgeable and familiar with these 'DOE' co-conspirators, accomplices,
partners, agents, and/or joint venturers").

9

1  (delegating questions regarding the enforceability of the Agreement to an arbitrator), because there

2  is no evidence that VSCO agreed to "arbitrate arbitrability" with nonsignatories like Khimji, I

3  decide the question of arbitrability of this dispute. *See Kramer*, 705 F.3d at 1127 ("Given the

4  absence of clear and unmistakable evidence that Plaintiffs agreed to arbitrate arbitrability with

5  nonsignatories, the district court had the authority to decide whether the instant dispute is

6  arbitrable.").

7      In sum, given Khimji's position that he did not agree to the TOU and given the lack of any

8  evidence regarding the identities of the Does or Khimji's relationship to the Does (if any), it would

9  not be equitable to allow Khimji to enforce the TOU's arbitration agreement against VSCO.[6]

10     The motion to stay is DENIED.

11 **III.     FAILURE TO STATE A CLAIM**

12     **A.     Lanham Act Claims**

13     Khimji also moves to dismiss the trademark claims based on a lack of subject matter

14 jurisdiction, arguing that each of the federal trademark claim fails because the Lanham Act has no

15 extraterritorial reach and VSCO cannot rely on its U.S. trademark to pursue allegedly infringing

16 conduct in Canada where Khimji resides.  Mot. at 9-10.  However, subject matter jurisdiction is

17

18 ─────────────────────

[6] Khimji spends much of his Motion and Reply explaining why, if he was able to equitably invoke
19 it, the claims asserted by VSCO against him are covered by the Arbitration Agreement and cannot
be pursued in this Court.  Mot. 14-18; Reply 1-4.  However, because each of VSCO's causes of
20 action assert either that VSCO's intellectual property rights were violated (Trademark claims in
First, Second, Third and Fourth Causes of Action), or concern illegal and intentional acts against
21 VSCO's general business interests (Fifth and Sixth Causes of Action) *and* because the primary
form of relief sought for all claims except the breach of contract claim is equitable – either
22 injunctive relief or restitution – the majority of the claims and relief sought are carved out of the
scope of the Arbitration Agreement and would proceed here in any event.  *Compare* Arbitration
23 Agreement ("Applicability of Arbitration Agreement" carving out claims that "seek equitable
relief in court for infringement or other misuse of intellectual property rights (such as trademarks,
24 trade secrets, copyrights, and patents), any illegal or intentional act affecting the accessibility,
functionality, or the security of our Services, or any illegal or intentional act against your interests
25 or VSCO's general business interests"); *with* Compl. First Cause of Action ("VSCO is entitled to a
permanent injunction pursuant to 15 U.S.C. § 1116, restraining and enjoining Defendants' and
26 their agents"); Second Cause of Action ("VSCO has suffered, and will continue to suffer,
irreparable injury to its business, brand reputation, and goodwill, unless and until the Court
27 permanently enjoins Defendants' actions"); Third Cause of Action (same); Fourth Cause of Action
("Unless Defendants are restrained and enjoined from engaging in said unlawful conduct,
28 Defendants will continue to engage in the same, causing further great and irreparable injury and
harm"); Fifth Cause of Action (same).

10

1    not at issue because "the Lanham Act's 'use in commerce' element is not jurisdictional," but

2    simply limits the extraterritorial reach of the Act in some circumstances.  *Trader Joe's Co. v.*

3    *Hallatt*, 835 F.3d 960, 967 (9th Cir. 2016).

4         In his Reply Khimji shifts gears and characterizes his challenge as not based on a lack of

5    subject matter under 12(b)(1) but as a challenge under 12(b)(6) because VSCO has not sufficiently

6    alleged "use in commerce" in the United States to state a Lanham Act claim.  Reply at 14-15.

7    Khimji contends that because the Complaint acknowledges that Khimji resides in Canada,

8    Khimji's conduct creating the infringing sites must have likewise occurred in Canada. *See*

9    *LegalForce RAPC Worldwide, PC v. LegalForce, Inc*., 124 F.4th 1122, 1127 (9th Cir. 2024 ("if

10   the mark is used 'in connection with' goods and services only outside United States territory, the

11   Lanham Act cannot apply.").

12        As discussed earlier, VSCO has plausibly alleged that Khimji's infringing conduct

13   occurred within the United States sufficient to state its Lanham Act claims.  Khimji registered and

14   made operational interactive websites and forums through companies based in this District that

15   used VSCO's marks or were otherwise falsely branded as VSCO associated.  Compl. ¶¶ 25, 27,

16   31, 35; *see also* Levad Decl. ¶¶ 5, 7 (attaching California Secretary of State judicially noticeable

17   documents demonstrating that Cloudflare, Reddit and Patreon have principal places of business in

18   San Francisco, California).  Those allegations regarding registrations of interactive websites,

19   creation of Reddit communities, and use of Patreon in connection with the use of the VSCO mark

20   with companies based in this District, adequately alleges "use in commerce" in the United States

21   sufficient to state the Lanham Act claims.  *See Trader Joe's Co.*, 835 F.3d at 963 (Lanham Act

22   claims sufficiently alleged " a nexus between [defendant's] conduct and American commerce

23   sufficient to warrant extraterritorial application of the Lanham Act.").

24       **B.**    **Statute of Limitations**

25        Khimji next argues that all claims between the parties are barred by the TOU's requirement

26   that any claims between VSCO and a user "arising out of or related to these Terms, our Services

27   or any content must commence within one year after the cause of action accrues. Otherwise, such

28   cause of action is . . . barred."  TOU, Dkt. 15-2, § 16 at ECF pg. 199.  He again relies on the

11

principle of equitable estoppel to argue that VSCO should be bound by the one year deadline. He then contends that the one year limitations period began in October 2023, when VSCO successfully secured transfer of the <vsco.club> and <glizzy.cafe> sites, and separately in July 2023, when VSCO successfully shut down the Patreon account allegedly operated by Khimji. Mot. 22-23. As a result, Khimji contends any claims related to those two websites and to the Patreon account are "permanently barred."

This argument fails for numerous reasons. First, assuming it is equitable to allow Khimji to rely on the TOU's limitations period despite his position that he never visited VSCO's site, VSCO's trademark-related claims do not "arise out" of the TOU. Those claims are unrelated to "services" VSCO provided to users or to VSCO's use of the content that users provide. More importantly, even if the TOU's limitations period could apply to some or all of VSCO's claims against Khimji, the discovery rule would save them. The allegations in the Complaint and evidence submitted on this motion show that despite VSCO's reasonable efforts to identify the owner or owners of the infringing sites and Reddit communities, VSCO did not discover Khimji's identity until August 29, 2024, less than four months before VSCO filed suit.

### C.     Failure to Plead Falsity or Deception for Federal Unfair Competition – 15 U.S.C. § 1125(a).

Khimji argues that the Complaint lacks allegations to satisfy the heightened Rule 9(b) standard to plead falsity for its trademark infringement claim. Mot. 23-24. "To be liable for trademark infringement under § 1125(a), a person must (1) use in commerce (2) any word, false designation of origin, false or misleading description, or representation of fact, which (3) is likely to cause confusion or misrepresents the characteristics of his or another person's goods or services. 15 U.S.C. § 1125(a)." *Freecycle Network, Inc. v. Oey*, 505 F.3d 898, 902 (9th Cir. 2007).

VSCO has adequately alleged use of its identified marks on the identified infringing websites and Reddit community forums in order to confuse users as to VSCO's relationship with or approval of the infringing sites and forums. Compl. ¶¶ 57-59. Rule 9(b), to the extent is

12

United States District Court
Northern District of California

applies to a false designation claim, has been satisfied.[7]  The confusion from use of "VSCO" and

related marks on the alleged sites and forums, as well as the use of the false marks by Khimji with

content scrapped from VSCO's sites, is readily apparent.  Compl. ¶¶ 4, 17, 25,-27.  That is

sufficient.  At this juncture, VSCO does not need to identify how "significant" its alleged harm or

damages are, as the detailed conduct alleged by VSCO plausibly supports the allegations of

resulting harm and damage.

### D.    Redundant California Unfair Competition Claims

Khimji moves to dismiss the California Unfair Competition ("UCL") claim, arguing this

equitable claim is duplicative of VSCO's legal claims.  He contends that because the UCL claim

relies on the same factual allegations as VSCO's claims for money damages, it should be

dismissed.  Mot. at 24-25.  However, "I have repeatedly held that at the pleading stage all a

plaintiff needs to allege is inadequate remedies at law to pursue equitable claims."  *C. M. v.

MarinHealth Med. Grp., Inc*., No. 23-CV-04179-WHO, 2024 WL 217841, at *6 (N.D. Cal. Jan.

19, 2024).  VSCO has done that here.  Compl. ¶ 74 ("VSCO's remedy at law is not adequate to

compensate for the injuries inflicted by Defendants.").

### E.    Damages for Breach of Contract

Khimji moves to dismiss the breach of contract claim for failure to adequately allege

damage as a result of Khimji's alleged breach of the VSCO TOU.  However, VSCO plausibly

alleges the conduct Khimji engaged in to violate the TOU, including "exploiting VSCO's services

and VSCO user content made available through VSCO's services for a commercial purpose," and

that the conduct damaged VSCO's goodwill.  Compl. ¶¶ 58, 85.  The damages that plausibly stem

from those allegations are sufficient to state the breach of contract claim.  *See, e.g., Ticketmaster

L.L.C. v. Prestige Ent., Inc*., 306 F. Supp. 3d 1164, 1178 (C.D. Cal. 2018) (allegations of

"damages in the form of infrastructure costs, loss of consumer goodwill, and costs associated with

---

[7] *Realtek Semiconductor Corp. v. MediaTek, Inc*., No. 23-CV-02774-PCP, 2025 WL 744038, at *15 (N.D. Cal. Mar. 7, 2025) (recognizing that Ninth Circuit has not ruled on the issue, but recognizing that some district courts in the Ninth Circuit have applied Rule 9(b) to false advertising cases, not false designation cases).

13

United States District Court
Northern District of California

1    deterrence [] are sufficient to allege compensatory damages.").

2        The motion to dismiss under Rule 12(b)(6) for failure to state a claim is DENIED.

3    **IV.     FORUM NON CONVENIENS**

4        Finally, Khimji argues that any actionable claims should be dismissed for forum *non*

5    *conveniens* and that VSCO should pursue claims against him in Canada. "The doctrine of *forum*

6    *non conveniens* is a drastic exercise of the court's 'inherent power' because, unlike a mere transfer

7    of venue, it results in the dismissal of a plaintiff's case. . . . Therefore, we have treated *forum non*

8    *conveniens* as 'an exceptional tool to be employed sparingly,' and not a 'doctrine that compels

9    plaintiffs to choose the optimal forum for their claim.'" *Carijano v. Occidental Petroleum Corp*.,

10    643 F.3d 1216, 1224 (9th Cir. 2011) (quoting *Dole Food Co. v. Watts*, 303 F.3d 1104, 1118 (9th

11    Cir. 2002)). The "mere fact that a case involves conduct or plaintiffs from overseas is not enough

12    for dismissal." *Id*. "To prevail on a motion to dismiss based upon *forum non conveniens*, a

13    defendant bears the burden of demonstrating an adequate alternative forum, and that the balance of

14    private and public interest factors favors dismissal." *Id*.

15        There is no real dispute that Canada could be an adequate alternative forum. Canada

16    provides similar protections to the Lanham Act through the Canadian Trademark Act. Mot. at 19.

17    While VSCO notes that the right to a jury trial – which would attach to its state law claims here –

18    is not provided in Canada, it otherwise does not dispute that Canada is an adequate alternate

19    forum. But simply because Canada might be adequate does not mean dismissal of this case is

20    appropriate. As noted above with respect to personal jurisdiction, VSCO has plausibly alleged

21    significant "use" of its trademarks in this District, thereby making application of the Lanham Act

22    to Khimji appropriate. As discussed below, each of the remaining relevant factors also weighs

23    strongly against dismissal for *forum non conveniens*.[8]

24

25    [8]  If the TOU's forum selection clause was enforceable against Khimji, he could nonetheless still
26    seek dismissal under this doctrine, but "the court accordingly must deem the private-interest
    factors to weigh entirely in favor of the preselected forum" and as "a consequence, a district court
27    may consider arguments about public-interest factors only." *Atl. Marine Const. Co., Inc. v. U.S.*
    *Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 66 (2013); *see also Homelink Int'l Inc. v. Zhang*,
28    No. 24-CV-02358-VKD, 2024 WL 4197634, at *8 (N.D. Cal. Sept. 12, 2024). Because Khimji is
    adamant that he never visited the VSCO site and, therefore, could not be bound by the TOU's
    venue selection clause, I will consider both the private and public interest factors.

14

1    "Public-interest factors may include the administrative difficulties flowing from court

2    congestion; the local interest in having localized controversies decided at home; and the interest in

3    having the trial of a diversity case in a forum that is at home with the law." *Alt. Marine*, 571 U.S.

4    at 64.  All of the public interest factors weigh in favor of denying the motion to dismiss.  This

5    court can resolve the matter expeditiously.  VSCO is headquartered in this District and the law at

6    issue is federal and California, so this Court is at "home" with the law.

7    The private factors likewise weigh in favor of VSCO's choice of forum.[9]  As noted above,

8    VSCO's federal Lanham Act claims are based on use of its marks in domestic commerce, so there

9    is no need to apply the Canadian Trademarks Act to resolve the allegations in this case.  *Life Alert*

10   *Emergency Response, Inc. v. Lifealert Sec., Inc.*, No. CV08-3226 AHM PLAX, 2008 WL

11   5412431, at *7 (C.D. Cal. Dec. 29, 2008 (denying a motion to dismiss a trademark case based on

12   *forum non conveniens* where "[d]efendant has not shown that a Canadian court would be an

13   adequate alternative forum. Even assuming that Canada has its own trademark laws, Defendant

14   failed to explain how those laws would provide a remedy that would be an adequate alternative to

15   remedies available under the Lanham Act and California law.").

16   More significantly, the convenience to VSCO is evident; it is headquartered in this District

17   and the majority of its executives work out of this District. Gupta Decl. ¶ 4.  In addition, key to

18   VSCO's proof will be evidence from third-party witnesses, including Cloudflare, Patreon, and

19   Reddit, who likewise reside in this District.  Khimji has identified no one other than himself and

20   some unidentified "character witnesses" who would be inconvenienced by litigating in this

21   District.  The remaining private interest factors – ease of access to proof including VSCO's

22   records but also Khimji's computer and electronic records – is neutral.

23   In sum, the motion to dismiss for *forum non conveniens* is denied.

---

[9] Those are "[f]actors relating to the parties' private interests" including ease of access to sources of proof, availability of compulsory process for witnesses, costs of obtaining attendance of witnesses, and "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Atl. Marine*, 571 U.S. at 62 n.6 (internal quotation omitted).

15

United States District Court
Northern District of California

**CONCLUSION**

Khimji's motion to dismiss or stay is DENIED.

Dated: July 10, 2025

William H. Orrick
United States District Judge

16

# EXHIBIT D

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### CIVIL MINUTES

| **Date:** July 15, 2025 | **Time:** 15 minutes 2:20 p.m. to 2:35 p.m. | **Judge:** WILLIAM H. ORRICK |
|---|---|---|
| **Case No.:** 24-cv-09361-WHO | **Case Name:** Visual Supply Company v. Khimji | |

**Attorneys for Plaintiff:** Andrew M. Levand and Zachary J. Alinder
**Attorney for Defendant:** Simon Pak Hei Lin

**Deputy Clerk:** Jean Davis                    **Court Reporter:** Tina Gibson

### PROCEEDINGS

Case Management Conference conducted via videoconference. The proposed trial schedule is discussed.

Defendant has appealed my order denying his motion to equitably enforce VSCO's arbitration agreement (the "Order"). Dkt.No. 40. As a result, defense counsel asserts that the case is subject to an automatic stay under *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023).

An automatic stay is not required nor otherwise warranted under *Biekski*. For one thing, as explained in the Order, to be in a position to even argue in favor of *equitable* estoppel, a non-signatory to an arbitration agreement has to identify a relationship with a signatory to the agreement. Khimji remains adamant that he does not know the identity of any Doe and has never visited the VSCO cite. His failure to identify any entity that is bound by VSCO's agreement (other than VSCO) and his continued disclaimer to any relationship with *any* signatory to VSCO's agreement precludes him from asserting equitable estoppel. Dkt. No. 40 at 8-9.

Moreover, a stay is not required nor warranted given the claims in this case. Each of the claims and the predominant equitable relief VSCO seeks against Khimji is expressly carved out of the VSCO arbitration agreement. The only conceivable claim that might be subject to arbitration is the claim for damages under the breach of contract cause of action. Dkt. No. 40 at 10 n.6. *Bielski* was not a case where the vast majority of the claims asserted were expressly carved out of arbitration. Denial of a full stay while the question of arbitrability of one of many claims proceeds on appeal would not force a party to lose the "benefits of arbitration (efficiency, less expense, less intrusive discovery, and the like)." *Bielski*, 599 U.S. at 743. To the contrary, a stay will violate the precepts of Rule 1 of the Federal Rules of Civil Procedure to secure this case's just, speedy and inexpensive resolution.

Accordingly, this case is not stayed.  Khimji may, of course, seek a stay from the Ninth Circuit. If the Ninth Circuit decides to stay the case as a result of his appeal, the schedule adopted below will be reconsidered.  But absent a stay by the Ninth Circuit, this case shall proceed according to the schedule below.

**Further Case Management Conference set for January 13, 2026 at 2:00 p.m.**  Joint case management statement due January 6, 2026.

**PRETRIAL SCHEDULE:**

| | |
|---|---|
| **Fact discovery cutoff:** | **July 3, 2026** |
| **Expert disclosure:** | **July 17, 2026** |
| **Expert rebuttal:** | **August 14, 2026** |
| **Expert discovery cutoff:** | **August 30, 2026** |
| **Dispositive Motions heard by:** | **October 21, 2026** |
| **Pretrial Conference:** | **December 14, 2026 at 2:00 p.m.** |
| **Trial:** | **February 8, 2027 at 8:30 a.m. by Jury** |