No. 25-4348

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

VISUAL SUPPLY COMPANY,

*Plaintiff-Appellee,*

v.

ADAM KHIMJI, ET AL.

*Defendant-Appellant.*

On Appeal From The United States District Court
for the Northern District of California,
Case No. 3:24-cv-09361-WHO

**RESPONSE IN OPPOSITION TO APPELLANT'S EMERGENCY MOTION
FOR A STAY PENDING APPEAL AND FOR AN INTERIM
ADMINISTRATIVE STAY**

ZACHARY J. ALINDER (COUNSEL OF RECORD)
SIDEMAN & BANCROFT LLP
One Embarcadero Center, 22nd Fl.
San Francisco, CA 94111
Telephone:   (415) 392-1960
Email:  *zalinder@sideman.com*

*Attorneys for Plaintiff-Appellee
Visual Supply Company*

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and Ninth Circuit Rule 28(b), Plaintiff-Appellee Visual Supply Company ("VSCO") states as follows:  VSCO has no parent corporation and no publicly-held corporation owns 10% or more of VSCO's stock.

# **TABLE OF CONTENTS**

**Page**

CORPORATE DISCLOSURE STATEMENT ......................................................i

INTRODUCTION ....................................................................................1

RELEVANT FACTUAL BACKGROUND........................................................4

RELEVANT PROCEDURAL BACKGROUND ...............................................5

ARGUMENT ........................................................................................6

I.     THE COURT SHOULD DENY APPELLANT'S EMERGENCY
       MOTION TO STAY AND INTERIM STAY REQUEST ...........................6

       A.     *Bielski* Does Not Require An Automatic Stay In Favor Of
              Arbitration Where There Is No Arbitration Agreement.......................7

       B.     *Bielski* Does Not Support A Stay Of Claims That Are Not Even
              Arbitrable........................................................................9

       C.     None of the *Nken* Factors Supports A Stay and the Proposed
              Stay Would Instead Violate The Fundamental Precepts Set
              Forth in Rule 1 of The Federal Rules.................................12

       D.     To the extent *Bielski* Applies, It is in the Supreme Court's
              Warning Regarding Frivolous Appeals.............................14

CONCLUSION ...................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Avery v. TEKsystems, Inc.*
   757 F.Supp.3d 973 (N.D. Cal. Nov. 18, 2024). .....................................9, 10, 12

*California by and through Harrison v. Express Scripts, Inc.*,
   139 F.4th 763 (9th Cir. 2025) ........................................................................1, 7

*Cape Flattery Ltd. v. Titan Mar., LLC*,
   647 F.3d 914 (9th Cir. 2011) .............................................................................11

*Coinbase, Inc. v. Bielski*,
   599 U.S. 736 (2023) ................................................................................*passim*

*Faegin v. LivingSocial, Inc.*,
   No. 14CV00418-WQH-KSC, 2014 WL 5307186 (S.D. Cal. Oct.
   15, 2014) ..............................................................................................................11

*Internet Specialties W., Inc. v. Milon–DiGiorgio Enters., Inc.*,
   559 F.3d 985 (9th Cir. 2009) .............................................................................14

*Kramer v. Toyota Motor Corp.*,
   705 F.3d 1122 (9th Cir. 2013) ...........................................................................11

*Nken v. Holder*,
   556 U.S. 418 (2009) ................................................................................3, 7, 12

**Statutes**

9 U.S.C. § 16(a) ......................................................................................................1, 7

**Other Authorities**

Fed. Civ. Proc. Code Rule 1 .........................................................................3, 12, 14

Federal Rules of Appellate Procedure Rule 38...................................................3, 15

## INTRODUCTION

Defendant-Appellant Adam Khimji's ("Appellant") emergency motion to stay hinges on the flawed premise that *Coinbase v. Bielski* requires an automatic stay pending determination of the arbitration-related issues in his appeal, even though Appellant contends there is no arbitration agreement between him and VSCO. Like the district court, this Court should summarily reject this desperate and frivolous attempt to abuse the automatic stay procedures under *Bielski* and deny the emergency motion and administrative interim stay request.

The Supreme Court in *Bielski* "held that a district court is 'require[d]' to enter an 'automatic stay' pending appeal when a party exercises its statutory right under 9 U.S.C. § 16(a) … to an interlocutory appeal of the denial of a motion to compel arbitration." *California by and through Harrison v. Express Scripts, Inc.*, 139 F.4th 763, 767 (9th Cir. 2025) (quoting *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 742-44 (2023)). *Bielski* does not apply and does not require an automatic stay here for at least four distinct reasons.

**First,** *Bielski* does not apply because Appellant himself contends there is ***no*** arbitration agreement between him and VSCO. Neither party here moved to compel arbitration, and under Appellant's statement of the facts, VSCO could ***not*** ever successfully move to compel him to arbitration, even if it wanted to do so. Appellant's argument is therefore at best disingenuous and in bad faith.

1

**Second,** Appellant's argument regarding equitable estoppel is also frivolous, as it would be **in**equitable to stay VSCO's complaint "in favor" of a non-existent arbitration against a party who claims no arbitration agreement exists. Further, Appellant does not – and cannot – remotely meet the required elements to enforce an arbitration agreement as a purported non-signatory, as the district court's order sets forth in detail.

**Third,** the automatic stay in *Bielski* is not applicable to matters that are not within the appeal and that are not arbitrable. As set forth above, Appellant does not claim any issue of arbitrability for himself – he asserts he never agreed to any arbitration agreement. Thus, any appeal regarding arbitrability would not affect him or claims against him. Further, as the district court found, the "only conceivable claim that might be subject to arbitration is the claim for damages under the breach of contract cause of action." Declaration of Simon Lin in Support of Emergency Motion ("Lin Decl."), Exhibit D at 72[1] (Minute Order, Dkt. No. 45, citing Order Denying Motion to Dismiss, Dkt. No. 40 at 10 n.6)). To this end, "*Bielski* was not a case where the vast majority of the claims asserted were

---

[1] For ease of reference, the page numbers refer to the page number inserted at the bottom right corner of the Declaration, rather than page numbers within each specific Exhibit.

expressly carved out of arbitration." *Id.* As such, Appellant's reliance on *Bielski* here is misplaced.

**Fourth,** and tellingly, Appellant does not even attempt to satisfy the *Nken* stay factors here. None supports him. Instead, Appellant's proposed stay based on these frivolous grounds would simply frustrate "the just, speedy, and inexpensive determination" of this action. Fed. Civ. Proc. Code Rule 1. As the district court ruled: "Denial of a full stay while the question of arbitrability of one of many claims proceeds on appeal would not force a party to lose the 'benefits of arbitration (efficiency, less expense, less intrusive discovery, and the like).'" Lin Declaration, Ex. D at 72 (citing *Bielski*, 599 U.S. at 743).

Appellant has used every available avenue to delay and obstruct this case from even starting — motion-after-motion on every conceivable procedural ground, all amounting to nothing but waste. As Appellant notes in this motion, the Complaint was filed in December 2024, but Appellant has not yet answered and party discovery has been stayed as well. This appeal and emergency motion to stay are no different. They are both frivolous under Fed. R. App. Proc. Rule 38. The Court should therefore summarily reject this motion, along with Appellant's duplicity in hiding behind *Bielski*, while also claiming he could not even be compelled to arbitration at all.

3

## RELEVANT FACTUAL BACKGROUND

The district court summarized the factual background in denying Appellant's

Motion to Dismiss and/or Stay as follows:

> VSCO – a platform that connects and provides photographers with
> tools to create community and business connections – alleges that
> Khimji and unknown Does 1-20 willfully exploited VSCO's sites
> and goodwill in violation of VSCO's Terms of Use ("TOU") that
> prohibit copying, scraping, or distribution of another user's
> content. Compl. ¶¶ 1, 3. It states that Khimji and others
> intentionally scraped, downloaded, copied, aggregated, and
> redistributed for profit the images from primarily female VSCO
> users, and created numerous websites that infringed the VSCO
> trademarks in that they were styled to appear as though VSCO had
> sponsored, authorized, or endorsed them. *Id.* ¶ 4. Those scraped
> images were then posted by defendants on Reddit communities
> and websites such as <vsco.club> and <glizzy.cafe>. Compl. ¶¶
> 4, 33. VSCO also alleges that defendants "targeted" "certain users
> to sexualize content posted to VSCO and profit from such
> collections of content." *Id.* ¶ 5.
>
> On July 28, 2023, VSCO sent a cease and demand letter to
> "vscoclub@protonmail.com", the email address listed on the
> <vsco.club> and <glizzy.cafe> sites. Compl. ¶ 36. VSCO made
> several efforts to identify the operators of these websites and to
> shut down their infringing activities, including filing two
> complaints pursuant to the Uniform Domain Name Dispute
> Resolution Policy ("URDP") in the WIPO Arbitration and
> Mediation Center. Compl. ¶¶ 34-38. VSCO identified Khimji –
> and only Khimji – as the owner "vsco.club" webpages on third
> party sites from subpoenas issued to Cloudflare, Inc.
> ("Cloudflare"), Namesilo LLC, and Patreon, Inc. ("Patreon"). See
> 24-mc-80158-SK (N.D. Cal.). Patreon and Cloudflare produced
> payment records listing Khimji's full name, physical address in
> Ottawa, Canada, and email address as vscoclub@protonmail.com,
> the same email identified on the <vsco.club> and <glizzy.cafe>

4

sites. Compl. ¶ 41.  It then filed suit asserting claims against Khimji and Does 1-20 for violation of federal trademark laws – Trademark Infringement in violation of 15 U.S.C. § 1114, Trademark Dilution in violation of 15 U.S.C. § 1125(C)(2)(C), and Federal Unfair Competition in violation of  15 U.S.C. § 1125(A) – and related state law causes of action for Statutory Unfair Competition (in  violation of Cal. Bus. & Prof. Code §§ 17200, et seq.), trespass to chattels, and breach of contract.   See Compl. ¶¶ 2, 46-86.

Khimji maintains that he has never "used VSCO's website or applications in any way, and [] never created any account with VSCO."  See Declaration of Adam Khimji ("Khimji Decl.") [Dkt. No. 15-1] ¶ 7.  He also argues that he first learned of the conduct alleged by VSCO when he  received a cease-and-desist letter in October 2024, and that the email account uncovered through  the subpoenas is not his. *Id.* ¶¶ 8, 9. "

Lin Decl., Ex. C at pp. 55-56 (Order Denying Motion to Dismiss, Dkt. No. 40 at 1-2).

## RELEVANT PROCEDURAL BACKGROUND

On March 31, 2025, Appellant filed his motion to dismiss and/or stay on nearly every possible ground: (1) lack of personal jurisdiction, (2) lack of subject matter jurisdiction, (3) to dismiss or stay in favor of arbitration, (4) to dismiss for *forum non conveniens*, and (5) to dismiss for failure to state a claim.  *See id.*, Ex. C.

As relevant here, in his motion, Appellant argued, supported by his own declaration under oath, that he cannot be bound by VSCO's TOU because he denies that he ever visited the VSCO website and claims that he never registered a

VSCO account. *Id.* at p. 56. Even though Appellant argued that there was no valid arbitration agreement between himself and VSCO, Appellant nonetheless asked the Court to dismiss or stay the case "in favor" of a non-existent arbitration that Appellant could not even be compelled to take part in, if his claims were true. *Id.* at pp. 61:7-9 & 62:9-10.

The district court properly denied all of Appellant's motion to dismiss arguments, including but not limited to Appellant's attempt to both claim he was not subject to any arbitration agreement but at the same time argue that VSCO's claims against him should still be dismissed or stayed in favor of arbitration. *Id.* at 61:6-64:10. The district court found that Appellant's own factual recitation precluded him from arguing equitable estoppel in good faith (*id.* at 61:6-64:9), and that "the majority of the claims and relief sought are carved out of the scope of the Arbitration Agreement and would proceed here in any event." *Id.* at p. 64, n.6.

## ARGUMENT

## I.   THE COURT SHOULD DENY APPELLANT'S EMERGENCY MOTION TO STAY AND INTERIM STAY REQUEST

Appellant's emergency motion to stay is nothing more than a thinly-veiled attempt at sleight of hand. Appellant asks this Court to stay the entire district court case below, pending determination of his appeal of a motion to dismiss order that contains a frivolous arbitration-related argument.

Appellant relies on *Bielski* to carry the weight for him. His reliance is misplaced. *Bielski* requires an automatic stay for an appeal following denial of a motion to compel arbitration. *Bielski* does not grant a blanket stay to an Appellant – like here – who neither filed a motion to compel arbitration nor contends that there is any arbitration agreement between the parties. Not surprisingly, the *Nken* factors for a stay pending appeal also do not support him. The Court should summarily reject his emergency motion and related administrative stay request.

### A.  *Bielski* Does Not Require An Automatic Stay In Favor Of Arbitration Where There Is No Arbitration Agreement

As the district court found, nothing in *Bielski* requires a stay in this case. As this Court found in the *Express Scripts* case, the Supreme Court in *Bielski* "held that a district court is 'require[d]' to enter an 'automatic stay' pending appeal when a party exercises its statutory right under 9 U.S.C. § 16(a) … to an interlocutory appeal of the denial of a motion to compel arbitration." *California by and through Harrison v. Express Scripts, Inc.*, 139 F.4th 763, 767 (9th Cir. 2025) (quoting *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 742-44 (2023)). Here, unlike *Bielski*, Appellant is not appealing from a denial of a motion to compel arbitration at all. Rather, he has appealed from denial of a motion to dismiss, where one of the grounds included the disingenuous argument that the case should be stayed "in favor" of a non-existent arbitration based on an arbitration clause in VSCO Terms of Use, as to which Appellant claims he never saw or agreed.

7

In other words, Appellant argued that VSCO's case against him should be stayed, and VSCO should instead be required to file an arbitration, even though he also contends that there was no arbitration agreement between himself and VSCO. This is not *Bielski*. There was no dispute in *Bielski* as to whether the plaintiffs were Coinbase users that were subject to Coinbase's user agreement. *Bielski*, 599 U.S. at 738-39. Here, the opposite is true. Appellant has vehemently argued that he is not subject to and never agreed to the VSCO TOU, which includes the arbitration clause. Lin Decl., Ex. C at 56. *Bielski* is therefore inapposite and should not be extended beyond reason in order to provide a blanket stay for Appellant.

*Bielski* is also inapposite because Appellant's motion does not even present an issue of arbitrability for Appellant himself. That question of arbitrability is essential to the holding in *Bielski*. *Bielski*, 599 U.S. at 744. The only arbitrability issue raised by Appellant was whether unknown Doe Defendants may in the future be subject to the arbitration agreement, and if so, whether Appellant as a claimed non-signatory should be able to invoke equitable estoppel to force VSCO to arbitrate.

As the district court found, Appellant cannot remotely meet the requirements to establish equitable estoppel. *Id.* at pp. 63:9:64:23; *see also id.*, Ex. D at 1 ("For one thing, as explained in the Order, to be in a position to even argue in favor of

8

equitable estoppel, a non-signatory to an arbitration agreement has to identify a relationship with a signatory to the agreement. Khimji remains adamant that he does not know the identity of any Doe and has never visited the VSCO site. His failure to identify any entity that is bound by VSCO's agreement (other than VSCO) and his continued disclaimer to any relationship with any signatory to VSCO's agreement precludes him from asserting equitable estoppel. Dkt. No. 40 at 8-9."). Indeed, Appellant's proposed interpretation – that he should be allowed to wield equitable estoppel as a sword and shield here – completely ignores that the principle is designed to be "equitable." His position is at best disingenuous, not "equitable."

### B. *Bielski* Does Not Support A Stay Of Claims That Are Not Even Arbitrable

*Bielski* does not support a stay where neither the Appellant nor the claims against him are arbitrable. On the contrary, *Bielski* expressly noted that "the district court may still proceed with matters that are not involved in the appeal," such that *Bielski* supports the district court's determination that no stay is required here. *Id.* at n.2.

The *Avery v. TEKsystems, Inc.* case is instructive. 757 F.Supp.3d 973 (N.D. Cal. Nov. 18, 2024). In *Avery*, the defendant moved to compel arbitration regarding class members who had not opted out of an arbitration agreement. *Id.* at 975. The district court denied the motion to compel arbitration, and the defendant

9

filed an interlocutory appeal. *Id.* at 975-76. The defendant then asked the district court to stay the entire case while the appeal was pending, even though the four named class members and 413 other class members had opted out of the arbitration agreement, so were not subject to the appeal. *Id.* at 976. The district court analyzed the application of *Bielski* in detail and denied the stay pending appeal regarding the claims of plaintiffs who were not subject to the arbitration agreement. *Id.* at 976-78. So it should be here. Appellant contends he is not a party to any arbitration agreement, and therefore, there is – and can be – no actual issue regarding arbitrability as to him within his own appeal. Similar to those class members who were not a party to any arbitration agreement in *Avery*, *Bielski* does not require an automatic stay where Appellant himself contends there was no agreement to arbitrate between the parties.

This also dispenses with Appellant's argument that arbitrability should have been determined by an arbitrator. Emergency Motion at pp. 9-11. Putting aside that VSCO's delegation provision does not apply where there is no arbitration, like here, Appellant does not identify any parties subject to an arbitration agreement for determination of arbitrability at all. Instead, Appellant presents himself as a non-signatory, unbound by any arbitration agreement here. As a result, and as the district court found, "because there is no evidence that VSCO agreed to 'arbitrate arbitrability' with nonsignatories like Khimji, I decide the question of arbitrability

10

of this dispute. *See Kramer*, 705 F.3d at 1127 ("Given the absence of clear and unmistakable evidence that Plaintiffs agreed to arbitrate arbitrability with nonsignatories, the district court had the authority to decide whether the instant dispute is arbitrable.").") Lin Decl., Ex. C at 64:1-6. And in so doing, the district properly denied Appellant's motion.

Even if there had been a question of arbitrability as to Appellant himself, as the district court also noted, "the only conceivable claim that might be subject to arbitration is the claim for damages under the breach of contract cause of action." Lin Declaration, Exhibit D at 72. Everything else in VSCO's Complaint is carved out of VSCO's arbitration clause and/or constitutes an "independent wrong" that "is not arbitrable." *See, e.g., Cape Flattery Ltd. v. Titan Mar., LLC*, 647 F.3d 914, 922 (9th Cir. 2011); *see also Faegin v. LivingSocial, Inc.,* No. 14CV00418-WQH-KSC, 2014 WL 5307186 (S.D. Cal. Oct. 15, 2014) (denying arbitration of trademark claims which are independent wrongs). Appellant spends much time arguing that the arbitration agreement at issue is broad but does not substantively address the plain carve outs or deal with the plain caselaw holding that trademark claims are "independent wrongs." Emergency Motion at pp. 11-14. His inability to refute these arguments at all is sufficient to deny his motion alone.

Nor does Appellant deal with the fact that this distinction makes *Bielski* inapposite. "*Bielski* was not a case where the vast majority of the claims asserted

were expressly carved out of arbitration."  Lin Decl., Ex. D at p. 72; *see also*

*Avery*, 757 F.Supp.3d at 977 ("So, *Coinbase* does not require the Court to stay the

entire the case, including the vast majority of the case not involved in the appeal.").

As such, the efficiency concerns set forth in *Bielski* do not apply here.  As the

district court found, "[d]enial of a full stay while the question of arbitrability of one

of many claims proceeds on appeal would not force a party to lose the 'benefits of

arbitration (efficiency, less expense, less intrusive discovery, and the like).'"  *Id.*

(citing *Bielski*, 599 U.S. at 743).  The opposite is true here.  A stay pending appeal

under these circumstances merely causes delay for no resulting benefit.

> ### C.  None of the *Nken* Factors Supports A Stay and the Proposed Stay Would Instead Violate The Fundamental Precepts Set Forth in Rule 1 of The Federal Rules

Appellant does not cite to or discuss the *Nken* factors that courts normally

consider when evaluating a request to stay pending appeal:  (1) whether the

appellant is likely to succeed on the merits, (2) whether appellant is likely to suffer

irreparable harm in the absence of relief, (3) whether the balance of equities tip in

its favor, and (4) whether a stay is in the public interest.  *Nken v. Holder*, 556 U.S.

418, 434 (2009).  The first two factors being the "most critical."  *Id.*

None of these factors supports a stay here.  First, Appellant cannot show a

likelihood of success on the merits.  As discussed in the Opposition above, the

district court's decision is correct both on the merits of the motion and in denying an automatic stay under *Bielski*.

Further, Appellant will not suffer any harm absent a stay because he does not contend that he is subject to any arbitration agreement, and so, even the sliver of the case that could be potentially arbitrable could ***not*** be arbitrated against Appellant according to his own argument. For Appellee, however, there is considerable risk of harm from further delay, as sources of discoverable electronic evidence become older and are often subject to retention limits. The unnecessary delay from a stay would create even more risk of this harm, because it would stack on top of the delays caused by Appellant's initial motion practice, as well as Appellant's extreme efforts to conceal his involvement here. *See, e.g.,* Lin Decl., Ex. A, Complaint at ¶¶ 6 & 25-43 (summarizing the extreme measures that Appellant took to conceal his involvement, and the extreme efforts required to identify him).

Next, as set forth in more detail above, the balance of equities weighs heavily in VSCO's favor, as it would be inequitable to allow Appellant to both argue he is not subject to an arbitration agreement but that VSCO's lawsuit should be stayed against him in favor of arbitration in any event. The principles of equitable estoppel in this case should therefore flow exactly opposite from how

13

Appellant frames them.  They should bar Appellant from making any argument

based on an arbitration clause he claims does not even apply to him.

Finally, a stay here is not in the public interest.  The usual public interest

concern in trademark cases is the right of the public not to be deceived or

confused.  *See, e.g., Internet Specialties W., Inc. v. Milon–DiGiorgio Enters., Inc.*,

559 F.3d 985, 993–94 (9th Cir. 2009).  A stay would undermine that significant

public interest concern here.  Further, the public interest supports "the just, speedy,

and inexpensive determination" of this action.  Fed. Civ. Proc. Code Rule 1.  As

the district court found, a stay here would also undermine these fundamental

precepts of federal law.  Lin Decl., Ex. D at 72.

### D.    To the extent *Bielski* Applies, It is in the Supreme Court's Warning Regarding Frivolous Appeals

As set forth above, the automatic stay principle set forth in *Bielski* does not

apply here.  However, the Supreme Court in *Bielski* also noted that the Court of

Appeals should properly address the abuse of the automatic stay principle it

articulated to prevent delay and deter frivolous filings:

> Importantly, moreover, the courts of appeals possess robust tools to prevent unwarranted delay and deter frivolous interlocutory appeals. For example, a party can ask the court of appeals to summarily affirm, to expedite an interlocutory appeal, or to dismiss the interlocutory appeal as frivolous.

*Bielski*, 599 U.S. at 745.  To this end, as set forth above, Appellee

respectfully submits that this emergency motion is frivolous.  Moreover,

14

based on the briefing here, it is plain that the underlying interlocutory appeal will also be frivolous within the meaning of Rule 38 of the Federal Rules of Appellate Procedure.  The Court should therefore not only deny this emergency motion to stay, but as the Supreme Court noted above in *Bielski*, at its earliest opportunity, VSCO submits that this Court should either summarily affirm or dismiss the interlocutory appeal as frivolous.

## CONCLUSION

For the foregoing reasons, VSCO respectfully requests that the Court summarily deny Appellant's emergency motion to stay and interim request for stay.

DATED:  July 21, 2025                      Respectfully submitted,

SIDEMAN & BANCROFT LLP

By:    /s/ *Zachary J. Alinder*
                          Zachary J. Alinder
                          Attorneys for Plaintiff-Appellee
                          Visual Supply Company

## STATEMENT OF RELATED CASES

Counsel for VSCO is not aware of any related cases currently pending in this Court.

DATED: July 21, 2025   Respectfully submitted,

SIDEMAN & BANCROFT LLP

By: _____ /s/ *Zachary J. Alinder* _____
     Zachary J. Alinder
    Attorneys for Plaintiff-Appellee
     Visual Supply Company

16

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1) and Ninth Circuit Rules 27-1 and 32-3, the undersigned hereby certifies that this response in opposition complies with the type-volume limitations.

1.  Exclusive of the exempted portions of the response in opposition, as provided in Fed. R. App. P. 32(f) and 27(a)(2), the brief contains 3,566 words and is 15 pages.

2.  The brief has been prepared in proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.  As permitted by Fed. R. App. P. 32(g)(1), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

DATED: July 21, 2025          Respectfully submitted,

SIDEMAN & BANCROFT LLP

By:  _____/s/ *Zachary J. Alinder*_____
                    Zachary J. Alinder
             Attorneys for Plaintiff-Appellee
                  Visual Supply Company

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on **July 21, 2025**.

I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the appellate CM/ECF system.

DATED: July 21, 2025                Respectfully submitted,

                                    SIDEMAN & BANCROFT LLP

                                    By:  _____ /s/ *Zachary J. Alinder* _____
                                              Zachary J. Alinder
                                         Attorneys for Plaintiff-Appellee
                                            Visual Supply Company

11673-2\7611245

18