No. 25-4348

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

VISUAL SUPPLY COMPANY.,

*Plaintiff-Appellee,*

v.

ADAM KHIMJI AND DOES 1 THROUGH 20,

*Defendants-Appellants.*

## On Appeal from the United States District Court
## for the Northern District of California
No. 3:24-cv-09361-WHO
The Honorable William H. Orrick, Judge

## REPLY TO APPELLEE'S OPPOSITION TO APPELLANT'S EMERGENCY MOTION UNDER CIRCUIT RULE 27-3 FOR A STAY PENDING APPEAL AND FOR AN INTERIM ADMINISTRATIVE STAY

SIMON LIN
Evolink Law Group
237-4388 Still Creek Drive,
Burnaby, B.C. V5C 6C6
T: 604-620-2666
F: 778-805-9830
E: simonlin@evolinklaw.com

*Attorney for Defendant-Appellant
Adam Khimji*

## Table of Contents

**TABLE OF AUTHORITIES** ............................................................. **I**

**OVERVIEW IN REPLY** ................................................................ **1**

*A.   Only One Relevant Legal Consideration for this Motion* ............................. *1*

*B.   By Definition, Entirety of Appellant's Case is Involved on Appeal* ................ *1*

*C.   Appellee's Arguments on Merits of Appeal Not Subject of this Motion* ....... *3*

*D.   Appellee's Mischaracterize a Motion to Stay under 9 U.S. Code § 3* ............. *4*

*E.   Appellee's Seeks to Overturn GE Energy Power Conversion France SAS v. Outokumpu Stainless USA, LLC* ................................................... *6*

*F.   Appellee's Invites the Court to Depart from Coinbase* ................................ *7*

**CONCLUSION** ............................................................................ **9**

**CERTIFICATE OF COMPLIANCE** ............................................ **10**

**CERTIFICATE OF SERVICE** ..................................................... **11**

i

# Table of Authorities

## CASES

*Amin v. Hingorani*, Case No. 1:22-cv-09851 (SDA) (S.D.N.Y. Jun. 20, 2025) ...........3

*Avery v. TEKsystems, Inc.,* 757 F.Supp.3d 973 (N.D. Cal. Nov. 18, 2024) .................2

*ESPIN v. Citibank, NA*, Case No. 5:22-CV-383-BO-RN (E.D.N.C. Nov. 1, 2023) .....3

*Hall v. Trivest Partners, LP*, Case No. 22-12743 (E.D. Mich. Jun. 23, 2025).............3

*Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524 (2019).....................1

*Jordan v. Crunch, LLC*, Case No. 24 Civ. 7118 (AKH) (S.D.N.Y. May 15, 2025) .....3

*Moomaw v. Geosnapshot PTY Ltd.*, Case No. 3:23-cv-1321-DWD (S.D. Ill. Apr. 3, 2025)....................................................................................................................3

*Owens v. PriceWaterHouseCoopers LLC*, Case No. 1:24-cv-5517-GHW (S.D.N.Y. Jul 11, 2025) ......................................................................................................3

*Pina v. Comcast Cable Communications, LLC*, 2025 WL 1646574 (W.D. Wash. Jun. 11, 2025)....................................................................................................3

*Scriber v. Ford Motor Company*, 2024 WL 2830499 at *2 (S.D. Cal. Jun. 4, 2024) ...3

*Smith v. Spizzirri*, 601 U.S. 472 (2024) ................................................................1, 5

*T.T. International Co., Ltd. v. BMP International, Inc.*, 2023 WL 5804195 (M.D. Fla. July 13, 2023) .................................................................................................3

## STATUTES

9 U.S. Code § 16................................................................................................passim

9 U.S. Code § 2............................................................................................... 1, 6

9 U.S. Code § 3................................................................................................passim

## RULES

**Ninth Circuit Rule 27-3** ...................................................................................1

1

## EMERGENCY MOTION UNDER NINTH CIRCUIT RULE 27-3 FOR A STAY PENDING APPEAL AND AN ADMINISTRATIVE STAY

### OVERVIEW IN REPLY

The Appellee's objection is replete with rhetoric and backward reasoning that side steps four Supreme Court decisions that are directly on point for purposes of this motion: *GE Energy Power Conversion France SAS v. Outokumpu Stainless USA, LLC*, 590 U.S. 432 (2020) (non-signatories to arbitration agreements can enforce the arbitration agreement and seek a stay under the *Federal Arbitration Act*); *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524 (2019) (a delegation clause properly delegates the issue of arbitrability to an arbitrator and is a threshold issue that the District Court must defer to the arbitrator); *Smith v. Spizzirri*, 601 U.S. 472 (2024) (under 9 U.S. Code § 3, the District Court must stay the action if there are *any* arbitrable issues); and *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023) [*Coinbase*] (whenever the statutory right to appeal under 9 U.S. Code § 16 is invoked, the District Court *must* automatically stay the proceedings below.)

The Appellee also misdirects this Court regarding the plain statutory text in 9 U.S. Code § 2, 9 U.S. Code § 3, and 9 U.S. Code § 16 and, instead, coining labels such as "motion to compel arbitration" to sidestep the explicit statutory text.

The Appellee invites this Court to create new law, without addressing the key Supreme Court guidance noted above.

1

### A.    Only One Relevant Legal Consideration for this Motion

Based on *Coinbase*, the <u>only</u> relevant legal consideration for purposes of the automatic stay is whether an interlocutory appeal has been brought in accordance with 9 U.S. Code § 16:

> The sole question before this Court is whether a district court <u>must</u> stay its proceedings <u>while the interlocutory appeal on arbitrability is ongoing</u>. The answer is yes.
>
> [emphasis added] *Coinbase* at 740.

As clearly indicated on the Notice of Appeal, this appeal is brought pursuant to 9 U.S. Code § 16 and limited to such. That should be the end of the inquiry.

### B.    By Definition, Entirety of Appellant's Case is Involved on Appeal

The Appellee's opposition rests on the unfounded premise that none, or only some, of the underlying case against the Appellant is "involved in the appeal." Regrettably, that position is contrary to the Supreme Court's holding in *Coinbase* and the Appellee is inviting this Court to formulate a novel exception thereto.

In *Coinbase* at 741, the Supreme Court state without ambiguity that "[b]ecause the question on appeal is whether the case belongs in arbitration or instead in the district court, <u>the entire case is essentially</u> 'involved in the appeal.'" [emphasis added]. In other words, the Supreme Court decided, as a matter of law, a 9 U.S. Code § 16 implicates the District Court's authority to deal with the entire case and, as a result, the entire case must be stayed pending appeal.

2

Here, the entire case against the Appellant is at issue on the appeal (i.e., whether all of it should be sent to arbitration or, even if only some of it is referred to arbitration, whether the remaining issues should still be stayed.)

Notably, the Appellee's reliance on *Avery v. TEKsystems, Inc.,* 757 F.Supp.3d 973 (N.D. Cal. Nov. 18, 2024) [***Avery***] is misguided and **actually supports the Appellant's position** for two apparent reasons.

Firstly, in *Avery* at 977, the District Court actually confirmed that the automatic stay applied to the 123 class members for whom the motion to stay in favor of arbitration was initially filed for, denied, and then appealed under 9 U.S. Code § 16. The Appellant is in the *exact* position as the 123 class members in *Avery* whose motion to stay in favor of arbitration was denied, and now appealed.

Secondly and relatedly, in *Avery* at 977, the District Court was considering whether the claims of the remaining 413 class members *who were not* subject to the initial motion to stay under 9 U.S. Code § 3 was somehow "involved in the appeal." The District Court made a common-sense determination. If those 413 class members were never subject of the initial motion under 9 U.S. Code § 3, how would they be "involved in the appeal" of that underlying motion? That is in stark contrast to the present case where the Appellant Mr. Khimji *was* the moving party of the initial motion under 9 U.S. Code § 3 and, therefore, "involved in the appeal."

3

In light of *Coinbase*, District Courts have consistently recognized that a stay is automatic and there was no discretion for the District Court to deny the automatic stay. See *T.T. International Co., Ltd. v. BMP International, Inc.*, 2023 WL 5804195 at \*1 (M.D. Fla. July 13, 2023); *Pina v. Comcast Cable Communications, LLC*, 2025 WL 1646574 (W.D. Wash. Jun. 11, 2025); *Moomaw v. Geosnapshot PTY Ltd.*, Case No. 3:23-cv-1321-DWD (S.D. Ill. Apr. 3, 2025); *Scriber v. Ford Motor Company*, 2024 WL 2830499 at \*2 (S.D. Cal. Jun. 4, 2024); *Owens v. PriceWaterHouseCoopers LLC*, Case No. 1:24-cv-5517-GHW (S.D.N.Y. Jul 11, 2025); *Jordan v. Crunch, LLC*, Case No. 24 Civ. 7118 (AKH) (S.D.N.Y. May 15, 2025); *Hall v. Trivest Partners, LP*, Case No. 22-12743 (E.D. Mich. Jun. 23, 2025); *Amin v. Hingorani*, Case No. 1:22-cv-09851 (SDA) (S.D.N.Y. Jun. 20, 2025); and *ESPIN v. Citibank, NA*, Case No. 5:22-CV-383-BO-RN (E.D.N.C. Nov. 1, 2023).

### C.    Appellee's Arguments on Merits of Appeal Not Subject of this Motion

The Appellee's arguments about the merits of this appeal is not properly the subject of this motion. In *Coinbase*, it is apparent that the automatic stay does not hinge on any analysis of the merits of the appeal. The Appellant's appeal clearly has substantial merit in any event.

Indeed, as the District Court noted in *T.T. International Co., Ltd. v. BMP International, Inc.*, 2023 WL 5804195 at \*1 (M.D. Fla. July 13, 2023):

4

On April 4, 2023, Defendants filed a motion seeking to compel arbitration, which the Court later denied on the basis of waiver. Dkts. 30 & 46. Defendants filed an interlocutory appeal challenging the Court's arbitrability ruling shortly thereafter. Dkt. 56. Now, Defendants move to stay proceedings pending their appeal. Dkt. 60. Defendants argue that *Coinbase, Inc. v. Bielski*, No. 22-105, 2023 WL 4138983 (U.S. June 23, 2023), leaves the Court without discretion to deny a requested stay. *Id.* at 4. Plaintiff argues that the Court can, and should, deny Defendants' requested stay based on frivolity considerations. Dkt. 62 at 3.

The Court is constrained by the Coinbase Court's reiteration of the rule that "[a]n appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.' " 2023 WL 4138983 at *3. And the Court in *Coinbase* discussed Plaintiff's contention about frivolous appeals and discounted it, at least vis-a-vis trial court stays. *Id*. at *5.

Plaintiff is concerned that this appeal is taken to delay collection of the large underlying judgment, by enabling fraudulent conveyances, in effect permitting a "bust out" of the judgment debtor's assets. This is a real concern; especially when one views the scant merits of this appeal. To this concern the *Coinbase* Court stated, "the courts of appeals possess robust tools to prevent unwarranted delay and deter frivolous interlocutory appeals." *Id*. Employment of those robust tools may be indicated here.

[emphasis added]

It would be for the Appellee to bring a motion to "ask the court of appeals to summarily affirm, to expedite an interlocutory appeal, or to dismiss the interlocutory appeal as frivolous." There is no such motion before this Court, and clearly the Appellant's position on the appeal is meritorious and based on Supreme Court guidance on enforcement of arbitration agreements by a nonsignatory.

**D.    Appellee's Mischaracterize a Motion to Stay under 9 U.S. Code § 3**

9 U.S. Code § 3 provides that:

5

> If any suit or proceeding be brought in any of the courts of the United States upon <u>any issue referable to arbitration</u> under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties <u>stay the trial of **the action**</u> <u>until such arbitration has been had in accordance with the terms of the agreement</u>, providing the applicant for the stay is not in default in proceeding with such arbitration.

[emphasis added]

Here, there can be no dispute that the Appellant had brought his motion to stay pursuant to 9 U.S. Code § 3 (see **Schedule A** – excerpts from the Memorandum before the District Court). The Appellant also sought a stay of the <u>entire</u> action, not just discrete claims. As such, the <u>entire case</u> remains at issue on this immediate appeal under 9 U.S. Code § 16. It would be open for the court of appeals, for example, to find that all of the issues were arbitrable, or only the main issues were arbitrable and the remaining issues must still be stayed pending arbitration of the main issues in accordance with the language of 9 U.S. Code § 3 and/or the arbitration agreement providing for bifurcation of proceedings.

In *Smith v. Spizzirri*, 601 U.S. 472 (2024), the Supreme Court interpreted 9 U.S. Code § 3, noting that a staying "the trial of <u>the action</u>" is *mandatory* should there be "any issue referable to arbitration." In other words, even accepting the District Court's ruling here that only the breach of contract claim is referrable to arbitration, the plain language of 9 U.S. Code § 3 still requires <u>the action</u> be stayed pending determination of that arbitrable issue. Staying the entire action is also

6

consistent with the explicit text of VSCO's arbitration agreement mandating a bifurcation of proceedings whereby the arbitrator decides all liability issues *first*.

The Appellee also made a misleading assertion on page 1 that "[n]either party here moved to compel arbitration." As is apparent from the plain language of 9 U.S. Code § 3, there is no reference to "motion to compel arbitration" but rather a motion to stay the court proceedings. Similarly, 9 U.S. Code § 16 – Appeals also refers to a "stay" and makes no reference to "motion to compel arbitration":

> (a) An appeal may be taken from—
>> (1) an order—
>>> (A) refusing <u>a stay of any action</u> under section 3 of this title,

The Appellant acknowledges that a motion under 9 U.S. Code § 3 may be colloquially referred to as a "motion to compel arbitration." However, the **legal substance** of such a "motion to compel arbitration" is 9 U.S. Code § 3. See Michael Daly, *Square Peg in a Round Hole: Are Arbitration Motions Really Rule 12 Motions?*, American Bar Association Article.

### E. Appellee's Seeks to Overturn *GE Energy Power Conversion France SAS v. Outokumpu Stainless USA, LLC*

Similarly, the Appellee's assertion on page 1 that "there is ***no*** arbitration agreement between him and VSCO" is misleading. In *GE Energy Power Conversion France SAS v. Outokumpu Stainless USA, LLC*, 590 U.S. 432, 437 (2020), the Supreme Court already noted that arbitration agreements covered by 9

U.S. Code § 2 can be enforced by a nonsignatory to that arbitration agreement.

Indeed, the statutory language of 9 U.S. Code § 2 does not limit enforcement of an

arbitration agreement only to signatories:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract or as otherwise provided in chapter 4.

The Appellee is inviting this Court to limit persons that can invoke an

arbitration agreement only to signatories, which is contrary to the Supreme Court

guidance and the *Federal Arbitration Act*.

### F.    Appellee's Invites the Court to Depart from *Coinbase*

The Supreme Court's legal ruling yields no ambiguity:

> The sole question before this Court is whether a district court <u>must</u> stay its proceedings <u>while the interlocutory appeal on arbitrability is ongoing</u>. The answer is yes.
>
> > [emphasis added] *Coinbase* at 740.

The Appellee's contention that because the District Court found no

enforceable arbitration agreement, and therefore *Coinbase* has no application,

would be the result in nearly *every* immediate appeal under 9 U.S. Code § 16.

By definition, in nearly every appeal under 9 U.S. Code § 16, the District

8

Court has already refused a stay under 9 U.S. Code § 3 for reason that there is no arbitration agreement, or that the arbitration agreement was unenforceable. For example, the District Court could find that the contract containing the arbitration agreement was unconscionable. In such cases, it can equally be said that "there is no arbitration agreement" based on the District Court's ruling.

There is no exception in *Coinbase* that would exempt from the automatic stay situations where the District Court found that there is no arbitration agreement, or no enforceable arbitration agreement. By definition, every appeal is seeking a *de novo* review of the District Court's ruling on those very issues involving the arbitration agreement (i.e., whether there is an arbitration agreement, and whether it is enforceable).

The Appellee's approach would effectively convert the automatic stay into a discretionary stay based wholly on what the District Court perceives as the merits of its own reasoning. That was the problem that *Coinbase* was seeking to avoid.

The Appellee's assertion that the Appellant did not address the *Nken* stay factors is similarly based on the erroneous premise that *Coinbase* does not apply. A stay is mandatory and automatic in accordance with *Coinbase*. There are no independent factors that the Appellant would need to satisfy other than the fact that there is a pending appeal under 9 U.S. Code § 16. The Appellee's approach to this motion would require a re-writing of *Coinbase*.

9

**CONCLUSION**

The Court should confirm that the proceedings in the District Court have been automatically stayed on July 14, 2025 pursuant to *Coinbase*. The Appellee's contention on the merits of the appeal should be addressed in a separation motion that the Appellee must properly bring in accordance with the Federal Rules of Appellate Procedure.

If the Court denies the motion, the Appellant requests a 14-day administrative stay from the date of the denial to allow time to consider whether to seek further relief from either level of court.

Dated:  July 21, 2025                    Respectfully submitted,

s/ Simon Lin

SIMON LIN
*Attorneys for Defendant-Appellant*
*Adam Khimji*

10

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing reply for the emergency motion complies with the type- volume limitation of Ninth Circuit Rules 27-1 and 32-3 because it consists of 2,425 words, excluding the documents listed at Federal Rules of Appellate Procedure 27(a)(2)(B) and 32(f). This Reply complies with the typeface and the type style requirements of Federal Rule of Appellate Procedure 27 because it has been prepared in a proportionally spaced typeface using 14-point font.

Dated: July 21, 2025                                         s/ Simon Lin

11

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on July 21, 2025.

I certify that all participants in the appeal are registered CM/ECF users, and that service will be accomplished by the appellate CM/ECF system.

Dated:  July 21, 2025                                    s/ Simon Lin

Schedule A – excerpts from the Memorandum before the District Court

1　Simon Lin – State Bar No. 313661
4388 Still Creek Drive, Suite 237
2　Burnaby, British Columbia, Canada V5C 6C6
T : 604-620-2666
3　F : 778-805-9830
E : simonlin@evolinklaw.com
4

5　*Attorney for Defendant Adam Khimji*

6　　　　　　**UNITED STATES DISTRICT COURT**
7　　　　　　**NORTHERN DISTRICT OF CALIFORNIA**
　　　　　　　　　　*(San Francisco)*
8

9　　　　　　　　　　　　　　）
VISUAL SUPPLY COMPANY, a Delaware ）　Case Number: 3:24-cv-09361-WHO
10　corporation,　　　　　　　　）
　　　　　　　　　　　　　　）
11　　　　　　　Plaintiff,　　　）
　　　　　　　　　　　　　　）　**DEFENDANT ADAM KHIMJI'S NOTICE**
12　　　　　　　　　　　　　　）　**OF MOTION TO DISMISS PURSUANT**
　　　　vs.　　　　　　　　　）　**TO FED. R. CIV. P. 12(b)(1), (2), and (6),**
13　　　　　　　　　　　　　　）　**STAY PURSUANT TO 9 U.S. CODE § 2-3,**
ADAM KHIMJI, an individual and DOES 1 ）　**and/or DISMISSAL FOR** *FORUM NON*
14　through 20, inclusive,　　　　）　*CONVENIENS*, **MEMORANDUM OF**
　　　　　　　　　　　　　　）　**POINTS　　AND　　AUTHORITIES,**
15　　　　　　　Defendants.　　）　**DECLARATION OF ADAM KHIMJI,**
　　　　　　　　　　　　　　）　**DECLARATION OF SIMON LIN, and**
16　　　　　　　　　　　　　　）　**PROPOSED ORDER**
　　　　　　　　　　　　　　）
17　　　　　　　　　　　　　　）
　　　　　　　　　　　　　　）　**Judge:** Senior District Judge William H.
18　　　　　　　　　　　　　　）　Orrick
　　　　　　　　　　　　　　）
19　　　　　　　　　　　　　　）　Date: June 18, 2025
20　　　　　　　　　　　　　　）　Time: 2:00 p.m.
21

22

23

24

25

26

27

28

**DEFENDANT ADAM KHIMJI'S MOTION TO DISMISS AND/OR STAY**
Case Number: 3:24-cv-09361-WHO

1
2

<u>Table of Contents</u>

3

**TABLE OF AUTHORITIES** ..................................................................................... iv

4

**NOTICE OF MOTION AND MOTION** ................................................................ viii

5

**ISSUES TO BE DECIDED** ................................................................................ viii

6

**MEMORANDUM OF POINTS AND AUTHORITIES** ............................................ 1

7
8

**1.    Introduction** ................................................................................................... 1

9

**2.    Dismissal for Lack of Personal Jurisdiction (Rule 12(b)(2))** ........................ 3

    *i.    VSCO's Forum Selection Clause in a Browsewrap Agreement is Unenforceable* ........... 3

10

    *ii.    General Jurisdiction is Not Available Against an Individual Domiciled in Canada* ....... 5

11

    *iii.    No Specific Jurisdiction for Websites with No Forum-Specific Focus* ............................ 5

12

    *iv.    Conclusion on the Lack of Personal Jurisdiction* ................................................. 8

13

**3.    Dismissal for Lack of Subject Matter Jurisdiction (Rule 12(b)(1) and (6))** ................... 9

14

**4.    Dismissal or Stay in Favor of Arbitration (Rule 12(b)(1) or 9 U.S. Code § 3)** ........... 10

15

    *i.    VSCO Must Arbitrate All of the Dispute Raised in Its Complaint.* ................................ 11

16

    *ii.    Equitable Estoppel Permits Mr. Khimji to Invoke Arbitration Agreement* .................... 13

17

    *iii.    VSCO's Pursuit of Injunctive Relief Does Not Necessitate Court Litigation* ................ 14

18

    *iv.    VSCO Lacks Standing to Seek Injunctive Relief In Any Event* ..................................... 16

19

    *v.    At a Minimum, the Court Should Stay Any Discrete Issues Requiring Litigation* .......... 17

20

**5.    Dismissal for Reason of *Forum Non Conveniens*** ............................................... 18

    *i.    Federal Court of Canada is Clearly an Available and Adequate Forum* ....................... 19

21

    *ii.    Private Interest Factors Strongly Favor the Canadian Forum* ..................................... 19

22

    *iii.    Public Interest Factors Further Favor the Canadian Forum* ........................................ 21

23

    *iv.    Conclusion on Forum Non Conveniens* ................................................................ 21

24

**6.    Dismissal for Failure to State a Claim (Rule 12(b)(6))** ............................................ 22

    *i.    Expiry of the One-Year Limitation Period for the Allegations Against Mr. Khimji* ....... 22

25

    *ii.    Failure to Plead False, Material, Deceptive, or Damaging Statements in Count II* ....... 23

26

    *iii.    California State Law Unfair Competition Law Claims (Count IV) are Redundant* ....... 24

27

    *iv.    The Breach of Contract Claim (Count VI) Fails to Adequately Allege Damages* .......... 25

28

ii

**DEFENDANT ADAM KHIMJI'S MOTION TO DISMISS AND/OR STAY**
Case Number: 3:24-cv-09361-WHO

7.    **Conclusion and Relief Sought** ............................................................................................. 25

iii

**DEFENDANT ADAM KHIMJI'S MOTION TO DISMISS AND/OR STAY**
Case Number: 3:24-cv-09361-WHO

**3.** <u>Dismissal for Lack of Subject Matter Jurisdiction (Rule 12(b)(1) and (6))</u>

Alternatively, this case should be dismissed for lack of subject matter jurisdiction. In the Complaint ¶ 12, VSCO confirmed that it is primarily relying on federal question jurisdiction arising from *Lanham Act* claims VSCO raised in the first three causes of action. The remaining three state law causes of action and would necessarily rely on supplemental jurisdiction. Hence, if VSCO's first three causes of action based on U.S. federal trademark laws fall, there would be no supplemental jurisdiction for the remaining three state law causes of action.

It is plain that trademark rights are territorial in nature. In *Abitron Austria GmbH v. Hetronic International, Inc.,* 600 U.S. 412 (2023), the Supreme Court confirmed that the sections of the *Lanham Act* that "in commerce" in the context of 15 U.S.C. § 1114 and 1125 **does not** extend to foreign commerce. In other words, these provisions of the *Lanham Act* has no extraterritorial reach and cannot capture conduct that occurs in a foreign jurisdiction. A U.S. plaintiff cannot rely on a U.S. trademark to pursue allegedly infringing conduct in a foreign jurisdiction. The U.S. plaintiff would need to rely on a foreign trademark registration.

In ¶ 8 of the Complaint, VSCO admitted that Mr. Khimji is a Canadian citizen residing in Canada. VSCO is asserting that Mr. Khimji allegedly created the Infringing Websites <u>from Canada</u> (i.e., conduct in a foreign jurisdiction). Conduct occurring in Canada is subject to Canada's *Trademarks Act* (Lin Declaration Ex. E, ss. 7 (unfair competition), 20 (infringement), and 22 (depreciation of goodwill), pp. 68, 95, 98). These provisions of Canada's *Trademarks Act* parallel the first three causes of action VSCO raised in this case.

VSCO merely makes a bald assertion in ¶¶ 48 and 64 of the Complaint that their US trademarks were used by the Defendants (including Mr. Khimji) "in commerce" <u>without</u> any regard to VSCO's own contradictory allegation that Mr. Khimji is based in Canada. Moreover, there are no facts pleaded on how the alleged Infringing Websites were "using" VSCO's trademarks "in commerce" <u>in the United States</u>. As noted above, the Ninth Circuit has found that similar websites have no forum-specific focus *Ama Multimedia, LLC v. Wanat*, 970 F. 3d 1201, 1210 (9th Cir. 2023) (i.e., website would not be directed against US commerce).

9

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION TO DISMISS OR STAY**
Case Number: 3:24-cv-09361-WHO

VSCO is knowingly attempting to paper over the impermissible attempt to extend the *Lanham Act* extraterritorially. In the cease-and-desist letter sent to Mr. Khimji in October 2024, VSCO seems to already know of the territoriality problem and had to rely on Canadian trademarks (Khimji Declaration at Ex. B, p. 8; Lin Declaration at Ex. C-D, pp. 49 and 52).

VSCO's pleading fails to state a claim under the *Lanham Act* for conduct allegedly occurring on or originating from foreign soil. As such, VSCO's claims under the *Lanham Act* must be dismissed under Rule 12(b)(6) for failure to state a claim which relief can be granted.

Upon dismissing the *Lanham Act* claims, the state law claims should be dismissed for lack of subject matter jurisdiction. When only state law claims remain after the dismissal of all federal law claims before trial, courts evaluate their continued supplemental jurisdiction under Rule 12(b)(1). *E&B Nat. Res. Mgmt. Corp. v. Cty. of Alameda*, No. 18-CV-05857-YGR, 2019 WL 1585637, at *6 (N.D. Cal. Apr. 12, 2019) (dismissing remaining state-law claims under Rule 12(b)(1) after dismissing all federal claims; *Venclose Inc. v. Covidien Holding, Inc.*, No. 16-CV-07372-EJD, 2017 WL 3335984, at *8 (N.D. Cal. Aug. 4, 2017). VSCO may pursue their claim, if any, in Canada, subject to any defenses that Mr. Khimji may have.

**4.    <u>Dismissal or Stay in Favor of Arbitration (Rule 12(b)(1) or 9 U.S. Code § 3)</u>**

As a further alternative, the Complaint should be dismissed or stayed in light of VSCO's arbitration agreement in its own TOU. As detailed further below, Mr. Khimji is entitled to invoke the arbitration agreement against VSCO despite not being a signatory to the TOU.

The Federal Arbitration Act (**FAA**) "manifests a 'liberal federal policy favoring arbitration agreements.'" *Saari v. Smith Barney, Harris Upham & Co.*, 968 F.2d 877, 879 (9th Cir. 1992) (quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991)). Under the *FAA*, a written agreement to arbitrate in any "contract evidencing a transaction involving commerce…shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity ….." 9 U.S.C. § 2; see *Munro v. Univ. of S. Cal.*, 896 F.3d 1088, 1091 (9th Cir. 2018). If a party to an arbitration agreement files suit, the other party may move to dismiss on the ground that the *FAA* requires arbitration clauses be enforced. See 9 U.S.C. § 2.

10

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION TO DISMISS OR STAY**
Case Number: 3:24-cv-09361-WHO

1    In the Ninth Circuit, a district court must compel arbitration where two factors are met:

2    "(1) the existence of a valid, written agreement to arbitrate; and, if it exists, (2) that the

3    agreement to arbitrate encompasses the dispute at issue." *Ashbey v. Archstone Prop. Mgmt.,*

4    *Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015). In applying this standard, courts recognize the

5    FAA's "presumption in favor of arbitrability," *Wolsey, Ltd. v. Foodmaker, Inc.*, 144 F.3d

6    1205, 1209 (9th Cir. 1998), and "all doubts over the scope of an arbitration clause must be

7    resolved in favor of arbitration." (emphasis added) *Republic of Nicaragua v. Standard Fruit*

8    *Co.*, 937 F.2d 469, 471 (9th Cir. 1991); see *Boston Telecomms. Grp., Inc. v. Deloitte Touche*

9    *Tohmatsu*, 278 F. Supp. 2d 1041, 1049 (N.D. Cal. 2003).

10       *i.*    *VSCO Must Arbitrate All of the Dispute Raised in Its Complaint.*

11   As a **threshold matter**, the determination as to whether VSCO's allegations preclude

12   arbitration of *any portion* of the dispute is reserved for the arbitrator, not this Court. "When

13   the parties' contract delegates the arbitrability question to an arbitrator, a court may not

14   override the contract. In those circumstances, a court possesses no power to decide the

15   arbitrability issue." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529

16   (2019). **For this reason alone**, the entire Complaint should be dismissed when VSCO has

17   breached their own arbitration agreement.

18   Nevertheless, to the extent that the Court undertakes to resolve the question of

19   arbitrability, the TOU upon which VSCO rests its claims unambiguously require arbitration

20   of this dispute. During the material times, VSCO's TOU had an arbitration agreement in

21   Clause 14 (see Lin Declaration at Ex. G-I, pp. 193, 222, 248). VSCO's current TOU provides:

22   **14. ARBITRATION AGREEMENT**

23   **…**

24   **Applicability of Arbitration Agreement**. You agree that any dispute, claim, or request

25   for relief relating in any way to your access or use of our Services, to any products sold

     or distributed through our Services, or to any aspect of your relationship with us, will be

26   resolved by binding arbitration, rather than in court, except that you and VSCO can seek

     equitable relief in court for infringement or other misuse of intellectual property rights

27   (such as trademarks, trade secrets, copyrights, and patents), any illegal or intentional act

     affecting the accessibility, functionality, or the security of our Services, or any illegal or

28

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION TO DISMISS OR STAY**
Case Number: 3:24-cv-09361-WHO

intentional act against your interests or VSCO's general business interests. **This Arbitration Agreement applies, without limitation, to all disputes or claims and requests for relief that originated before the effective date of this Agreement or any prior version of this Agreement. You agree to this Arbitration Agreement as a condition of your use (or continued use) of our Services every time it is changed or updated**.

**Arbitration Rules and Forum**. The Federal Arbitration Act (9 U.S.C. § 1 et seq.) ("**FAA**"), including its procedural provisions, in all respects, applies to the interpretation and enforcement of this Arbitration Agreement. The following rules and procedures shall apply to any arbitration proceeding brought under these Terms:

- …

- If a claim seeks equitable relief (including injunctive relief), the parties agree to bifurcate the proceeding and that the arbitrator has the authority to rule on liability first, before conducting any proceedings (including discovery) related to the appropriate relief.

…

**Waiver of Jury Trial**. You and VSCO both waive any constitutional and statutory rights to sue in court and have a trial in front of a judge or a jury, with the exceptions stated in this Arbitration Agreement. If for any reason a dispute proceeds in court rather than in arbitration, you and VSCO each waive any right to a jury trial. An arbitrator can award the same damages and relief as a court and follow our Arbitration Agreement as a court would.

…

(emphasis added with underline, bold in original)

Ultimately, to fall within the scope of an arbitration clause, a plaintiff's "allegations need only touch matters covered by the contract[.]" *Simula, Inc. v. Autoliv, Inc.,* 175 F.3d 716, 721 (9th Cir. 1999) (internal quotation marks omitted). Here, there can be no serious dispute that VSCO's allegations more than "touch matters" covered by the TOU—indeed, VSCO repeatedly frames the TOU as the touchstone for each of its claims. See, e.g., Complaint at ¶¶ 3, 4, 22, 23, 78, and 80-86. And any ambiguity as to that conclusion must be resolved in favor of arbitration. See *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1285 (9th Cir. 2009) ("[U]nder the federal presumption in favor of arbitration, an arbitrator would have jurisdiction to arbitrate claims" even when the contract is ambiguous).

For this reason, too, the Court should dismiss the Complaint for reason of VSCO's breach of the mandatory arbitration agreement. See 9 U.S.C. § 3; *Thinket Ink Info. Res., Inc. v. Sun*

12

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION TO DISMISS OR STAY**
Case Number: 3:24-cv-09361-WHO

*Microsys., Inc.*, 368 F.3d 1053, 1060 (9th Cir. 2004) (approving dismissal of claims subject to mandatory arbitration under Section 3 of the FAA); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (same); *Sanchez v. Gruma Corp.*, Case No. 19-cv-00794-WHO, 2019 WL 1545186 (N.D. Cal. Apr. 9, 2019) (dismissing claims subject to mandatory arbitration); *Lewis v. UBS Fin. Servs.*, 818 F. Supp. 2d 1161, 1169 (N.D. Cal. 2011) (finding it "appropriate" to dismiss claims that were arbitrable; *Campos v. JPMorgan Chase Bank, NA*, Case No.18-cv-06169-JSC, 2019 WL 827634, at *12 (N.D. Cal. Feb. 21, 2019).

    ii.    <u>*Equitable Estoppel Permits Mr. Khimji to Invoke Arbitration Agreement*</u>

    As noted in p. 3-5 above, Mr. Khimji is not a party to the TOU. However, the TOU may still bind the John Does in this case that have a registered VSCO account and engaged in the alleged conduct. It is clear that VSCO's claims against the John Does must be arbitrated. In *GE Energy Power Conversion France SAS v. Outokumpu Stainless USA*, LLC, 590 U.S. 432 (2020), the Supreme Court stated that a proposed arbitration involving foreign parties (i.e., when *New York Convention* applies), like here, a nonsignatory may rely on equitable estoppel to invoke the arbitration agreement that he is not a party to. "Equitable estoppel `precludes a party from claiming the benefits of a contract while <u>simultaneously attempting to avoid the burdens that contract imposes</u>.'" "[A] signatory may be required to arbitrate a claim brought by a nonsignatory 'because of the close relationship between the entities involved, as well as the relationship of the alleged wrongs to the non-signatory's obligations and duties in the contract and the fact that the claims were intertwined with the underlying contractual obligations.'" *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1045-6 (9th Cir. 2009).

    There is no doubt that VSCO is claiming the benefit of its TOU in trying to rely on the forum selection clause to establish personal jurisdiction. See Complaint ¶¶ 3, 4, 13. VSCO also raised causes of action that rely upon its TOU. See Complaint ¶¶ 22, 23, 78, and 80-86. In other words, VSCO's TOU is clearly at issue in this case, and intertwined into this claim. VSCO cannot escape the terms of its own arbitration agreement. Mr. Khimji is entitled to rely on equitable estoppel to invoke the arbitration agreement against VSCO.

13

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION TO DISMISS OR STAY**
Case Number: 3:24-cv-09361-WHO

iii.    *VSCO's Pursuit of Injunctive Relief Does Not Necessitate Court Litigation*

**At minimum**, all claims in the Complaint other than "injunctive relief" should be dismissed for breach of the arbitration agreement. The following relief under Prayer for Relief are covered by the arbitration agreement: Clause A seeking a "judgment", Clause D seeking declaratory relief, Clauses E-F for delivery up, Clauses G to M for monetary relief, and all of the causes of action that rely upon these Prayers for Relief should similarly be dismissed.

Although VSCO's mandatory arbitration agreement includes a parenthetical "except that you and VSCO can seek equitable relief in court" and the Complaint in part purports to seeks injunctive (equitable) relief, the Court need not retain jurisdiction over any portion of the Complaint that purports to seek such relief for two reasons. **Firstly**, the arbitration agreement already provides for the "sequencing" as between equitable relief and non-equitable relief:

> -If a claim seeks equitable relief (including injunctive relief), the parties agree to bifurcate the proceeding and that the arbitrator has the authority to rule on liability **first**, before conducting any proceedings (including discovery) related to the appropriate relief.

(emphasis added; Lin Declaration, Ex. I, p. 194)

Hence, the terms of VSCO's own arbitration agreement expressly provides that any and all liability determinations rests with the arbitrator, and liability must be determined **first**. Only after liability is *finally* determined that VSCO could conduct any proceedings (including discovery) related to the appropriate relief. VSCO's filing of this claim is putting the cart before the horse, and an attempt to bypass its obligations. To the extent there is any residual doubt on whether the arbitration agreement covers the "sequencing" issue from filing of this court case, it must be decided by the arbitrator pursuant to the competence-competence rule:

> **Authority of Arbitrator.** The NAM arbitrator(s) will have exclusive authority to: (a) determine the scope and enforceability of this Arbitration Agreement; and (b) resolve any dispute related to the interpretation, applicability, enforceability, or formation of this Arbitration Agreement. ….

(emphasis added with underline, bold in original)

**Secondly,** it is axiomatic that a court should determine the adequacy of a remedy in law before if the legal relief sought through its other claims is deemed inadequate. See resorting

14

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION TO DISMISS OR STAY**
Case Number: 3:24-cv-09361-WHO

1  to equitable relief in *Franklin v. Gwinnett Cty. Pub. Sch.*, 503 U.S. 60, 75–76 (1992); see, e.g.,

2  *Netlist, Inc. v. Diablo Techs., Inc.*, No. 13-CV-5962 YGR, 2015 WL 1887261, at *3 (N.D.

3  Cal. Apr. 24, 2015) (finding it appropriate to determine plaintiffs' legal claims before

4  addressing the UCL claim); *Drenckhahn v. Costco Wholesale Corp.*, No. 2:08-CV-01408-

5  JHN, 2011 WL 3754659, at *1 (C.D. Cal. Aug. 24, 2011) (same). Thus, to the extent that

6  VSCO seeks injunctive relief, VSCO would only be entitled to proceed with its claim only if

7  the legal relief sought through the **arbitrator** is deemed inadequate first. *Mullins v. Premier*

8  *Nutrition Corp.*, No. 13-CV-01271-RS, 2018 WL 510139, at *2 (N.D. Cal. Jan. 23, 2018).

9  In any event, as VSCO's claims for injunctive relief "relies upon the same factual

10  predicates as…plaintiff's legal causes of action," it cannot stand as an independent claim. *In*

11  *re Ford Tailgate Litig.*, No. 11-CV-2953-RS, 2014 WL 1007066, at *5 (N.D. Cal. Aug. 8,

12  2014). Thus, VSCO's assertion of an unsustainable claim for injunctive relief remains

13  subordinated to its legal claims that must be determined by the arbitrator **first**, and VSCO

14  cannot overcome its commitment to arbitrate this dispute by filing a court claim.

15  **Thirdly**, this Court has repeatedly said a prayer for injunctive relief does not constitute

16  an independent "claim" warranting litigation. See *Castillo v. Wells Fargo Bank, N.A.*, No. C-

17  15-2353-MMC, 2015 WL 13425101, at *2 (N.D. Cal. July 17, 2015) ("[i]njunctive relief is

18  not a claim, but, rather, a remedy"); *Kennedy Funding, Inc. v. Chapman*, No. C-09-01957 RS,

19  2010 WL 2528729, at *11 (N.D. Cal. June 18, 2010) ("injunctive relief [is] more appropriately

20  characterized as [a] form[] of relief than [an] independent claim[]"). The Complaint's prayer

21  for injunctive relief cannot alter the conclusion that VSCO must arbitrate its dispute.

22  **Finally, and most importantly**, courts regularly compel arbitration of requests for

23  injunctive relief, <u>even where</u> an arbitration agreement expressly excludes claims seeking

24  equitable relief. See, e.g., *Remy Amerique, Inc. v. Touzet Distrib., S.A.R.L.*, 816 F. Supp. 213,

25  218 (S.D.N.Y. 1993) (rejecting interpretation of arbitration agreement that would "transform

26  [] arbitrable claims into nonarbitrable ones depending on the form of relief prayed for").

27  Otherwise, "a party could frustrate any agreement to arbitrate simply by the manner in which

28

15

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION TO DISMISS OR STAY**
Case Number: 3:24-cv-09361-WHO

1    it framed its claims." *Gore v. Alltel Commc'ns, LLC*, 666 F.3d 1027, 1036 (7th Cir. 2012)

2    (internal quotation marks omitted). This is particularly true where, as here, "Plaintiff's claims

3    are truly damages claims masquerading as claims for injunctive relief." *E. El Paso Physicians'*

4    *Med. Ctr., LLC v. Aetna Health Inc.*, No. EP-16-CV-44-KC, 2017 WL 876313, at *4 (W.D.

5    Tex. Mar. 2, 2017); see *Gore*, 666 F.3d at 1036 ("Whether a particular claim is arbitrable

6    depends not upon the characterization of the claim, but upon the relationship of the claim to

7    the subject matter of the arbitration clause." (internal quotation marks omitted)); *Harvey v.*

8    *Joyce*, 199 F.3d 790, 795 (5th Cir. 2000) ("Our inquiry is not guided by the legal labels

9    attached to the plaintiffs' claims; rather, it is guided by the factual allegations underlying those

10   claims."). Thus, VSCO's attempt to seek injunctive relief does not require court litigation.

11          iv.    <u>VSCO Lacks Standing to Seek Injunctive Relief In Any Event</u>

12          Even assuming VSCO had a credible basis to litigate its prayer for injunctive relief, it

13   lacks standing to do so in light of its failure to allege facts sufficient to demonstrate

14   particularized harm warranting such relief. It is well established that a plaintiff "bears the

15   burden of showing that he has standing for each type of relief sought," *Summers v. Earth*

16   *Island Inst.*, 555 U.S. 488, 493 (2009), and a "plaintiff may have standing to pursue damages

17   but not injunctive relief[.]" *Kenseth v. Dean Health Plan*, 722 F.3d 869, 890 (7th Cir. 2013).

18          In the Ninth Circuit, courts apply *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)

19   to evaluate standing to pursue injunctive relief. See *Bates v. UPS*, 511 F.3d 974, 985 (9th Cir.

20   2007) ("The standing formulation for a plaintiff seeking prospective injunctive relief is simply

21   one implementation of *Lujan*'s requirements."). Under *Lujan*, among other minimum

22   requirements, a plaintiff must establish "a concrete and particularized legal harm." *Id.*

23          The Complaint fails to satisfy this basic prerequisite. Indeed, the only allegations of harm

24   in the Complaint are boilerplate recitation of legal elements. These threadbare allegations are

25   conclusory. See, e.g., Compl. ¶ 58 (alleging, without factual support, "irreparable injury to its

26   business, brand reputation, and goodwill"); ¶ 68 (same); ¶ 53 (alleging, without factual

27   support, "will continue to suffer, monetary damages in an amount to be proven at trial."); ¶ 69

28

                                                    16
     **MEMORANDUM OF POINTS AND AUTHORITIES- MOTION TO DISMISS OR STAY**
     Case Number: 3:24-cv-09361-WHO

(same); ¶ 74 (same); ¶ 79 (same); ¶ 86 (same); ¶ 74 (alleging, without factual support, "great and irreparable injury and damage to its business and goodwill"); ¶ 79 (similar).

Conclusory allegations of this sort carry **no weight at all**, much less the weight sufficient to confer VSCO with standing to pursue injunctive relief. See, e.g., *Native Am. Arts, Inc. v. Specialty Merch. Corp.*, 451 F. Supp. 2d 1080, 1082 (C.D. Cal. 2006) (Plaintiff's "conclusory allegations that refer to 'competitive injury,' 'advertising injury,' and 'other damages'…do not establish the injury-in-fact requirement of standing."); *Escobar v. Brewer*, 461 F. App'x 535, 535–36 (9th Cir. 2011) ("Mere conclusory allegations are not enough to establish the 'concrete and particularized' injury required for standing under Article III."); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 67 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (Courts do not accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

Thus, even if a prayer for injunctive or other equitable relief could suffice to override the VSCO's mandatory arbitration agreement, the Complaint's failure to articulate any particularized harm deprives VSCO of any standing to pursue that relief here. The Court should therefore dismiss the entire complaint for breach of the arbitration agreement.

### v. *At a Minimum, the Court Should Stay Any Discrete Issues Requiring Litigation*

Even if this Court were to determine that VSCO has standing to pursue its prayer for injunctive relief, the law favors staying any litigation pending arbitration of the underlying merits of VSCO's claims. See *Granite Rock Co. v. Int'l Broth. of Teamsters*, 561 U.S. 287, 298 (2010) ("Where…parties concede that they have agreed to arbitrate some matters pursuant to an arbitration clause, the law's permissive policies in respect to arbitration counsel that any doubts concerning the scope of arbitral issues should be resolved in favor of arbitration" (emphasis in original) (internal quotation marks omitted)). Allowing VSCO to litigate any portion of this dispute while simultaneously arbitrating its claims for monetary damages would needlessly drain judicial resources and risk inconsistent results. For precisely this

17

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION TO DISMISS OR STAY**
Case Number: 3:24-cv-09361-WHO

1    reason, district courts have discretion to "stay the proceedings in the interest of saving time
2    and effort for itself and litigants." *Whitworth v. SolarCity Corp.*, 336 F. Supp. 3d 1119, 1130–
3    31 (N.D. Cal. 2018). Staying any required litigation of discrete issues pending arbitration
4    would be especially sensible here, given that "[a] plaintiff seeking equitable relief in
5    California must establish that there is no adequate remedy at law available." *Philips v. Ford
6    Motor Co.*, No. 14-CV-02989-LHK, 2015 WL 4111448, at *16 (N.D. Cal. July 7, 2015).

7        Accordingly, <u>at a minimum</u>, the Court should exercise its discretion to stay any remaining
8    discrete issues requiring litigation, pending arbitration of the dispute raised by the Complaint.
9    See e.g., *Thomas v. State Farm Mut. Auto. Ins. Co.*, No. C15-00509-CRB, 2015 WL 1544244,
10    at *2 (N.D. Cal. Apr. 2, 2015) (citing the FAA and the interests of judicial efficiency in staying
11    litigation pending arbitration); *Gray v. Conseco, Inc.*, No. SA-CV-00-322-DOC (EEX), 2000
12    WL 1480273, at *8 (C.D. Cal. Sept. 29, 2000) (staying litigation where "[t]he non-arbitrable
13    claim is based on exactly the same facts and issues as the arbitrable claims").

14    **5.    <u>Dismissal for Reason of *Forum Non Conveniens*</u>**

15        As a further alternative, Mr. Khimji relies on *forum non conveniens*. The Court stated in
16    *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 423-424 (2007) that *forum
17    non conveniens* is a non-merits dismissal basis and court have "discretion to respond at once
18    to a defendant's forum non conveniens plea, and need not take up first any other threshold
19    objection. In particular, a court need not resolve whether it has authority to adjudicate the
20    cause (subject-matter jurisdiction) or personal jurisdiction over the defendant if it determines
21    that, in any event, a foreign tribunal is the more suitable arbiter of the merits of the case."

22        As noted on pages 3-5, VSCO's TOU is not enforceable against Mr. Khimji and the forum
23    selection clause is similarly unenforceable. <u>Even if</u> the forum selection clause is enforceable
24    against Mr. Khimji, that clause lacks any reference to waiving objections as to inconvenient
25    forum. Mr. Khimji bears the burden to show: (a) the existence of an adequate alternative
26    forum; and (b) that the balance of private and public interest factors favor dismissal. *Ceramic
27    Corp. of America v. Inka Maritime Corp. Inc.*, 1 F.3d 947, 949 (9th Cir. 1993).

28

18

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION TO DISMISS OR STAY**
Case Number: 3:24-cv-09361-WHO